IN THE CIRCUIT COURT OF LITTLE RIVER COUNTY, ARKANSAS
CIVIL DIVISION

JULIE SHEPPARD                                                      PLAINTIFF

V.                         NO. CIV CV2012-11-2

GOOGLE, INC.                                                        DEFENDANT

### COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, JULIE SHEPPARD, by and through her attorneys, and for her Complaint for Declaratory Judgment would show the Court as follows:

### PARTIES AND JURISDICTION

1. This Complaint for Declaratory Judgment is brought pursuant to Rule 57 of the Arkansas Rules of Civil Procedure and ARK. CODE ANN. §§ 16-111-101, *et seq.*, to determine the rights and status of the parties with regard to Plaintiff's claim of proprietary ownership in all data of her electronic mail (hereinafter "email") prior to the receipt of the email by the recipients who are Gmail account holders of the Defendant, Google, Inc. (hereinafter "Google").

2. Pursuant to Rule 57, Plaintiff respectfully requests a "speedy hearing."

3. Plaintiff is a resident of Little River County, State of Arkansas.

4. Defendant, Google, Inc., is a Delaware corporation, whose principal place of business is at 1600 Amphitheatre Parkway, Mountain View, County of Santa Clara, State of California. Google may be served through its agent for service of process: CORPORATION SERVICE COMPANY, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833.

5. This Court has jurisdiction over this matter pursuant to ARK. CODE ANN. §§ 16-111-101, *et seq.*, specifically § 16-111-103 and § 16-111-104 in order to determine the property interests in personal property toward which Plaintiff asserts Google has acted adversely. Should

2012 FEB -1  A 9: 27

This case assigned to:                    ANDREA BILLINGSLEY
Judge Charles A. Yeargan - Div. II           CIRCUIT CLERK
Contact his office for setting:
P. O. Box 820, Murfreesboro, AR 71958

supplemental relief be sought pursuant to ARK. CODE ANN. § 16-111-110, additional subject matter jurisdiction exists pursuant to supplemental causes of action for conversion and violations of ARK. CODE ANN. §§ 5-36-103, 5-41-104, and 5-41-202. Plaintiff expressly limits the value of her declaratory relief and any supplemental relief thereafter sought to less than $75,000.

6. Plaintiff disclaims any cause of action arising under the United States Constitution, treaties or other laws of the United States, including any act or omission by any officer of the United States, or any agent or person acting on behalf of such individual.

7. Venue is proper in Little River County pursuant to ARK. CODE ANN. § 16-55-213(a)(1) and (a)(3), in that the proprietary interest was created in Little River County, Arkansas, and Plaintiff resides in Little River County, Arkansas.

## FACTS

8. Google operates a webmail service known as "Gmail."

9. Plaintiff has and continues to send email to Gmail recipients.

10. Prior to the Gmail users ever receiving Plaintiff's email, Google takes data from Plaintiff's email, some of which Google identifies as "keywords."

11. Prior to the Gmail user ever receiving Plaintiff's email, Google uses Plaintiff's data in connection with various activities, one of which includes using Plaintiff's data to generate advertisements for subsequent display to the Gmail users when the Gmail user opens the email.

12. Google generates income from advertisers as a result of taking Plaintiff's data from Plaintiff's email and using Plaintiff's data to deliver advertisements to the Gmail user when the Gmail user opens the email.

13. Google disavows any ownership in the content (including text, data, information, images, photographs, music, sound, video, or other material) of Plaintiff's email to Gmail users.

14. Specifically, Google states in its Gmail Legal Notices to Gmail users:

Your Intellectual Property Rights

Google does not claim any ownership in any of the content, including text, data, information, images, photographs, music, sound video, or other material, that you upload, transmit or store in your Gmail account.

*See* http://www.google.com/mail/help/legal_notices.html.

15. Google is not a recipient of or a party to Plaintiff's emails sent to Gmail users.

16. Google's exercise of control of Plaintiff's data occurs prior to the Gmail user's receipt and review of the Plaintiff's email.

17. Google has exercised control and will continue to exercise control over Plaintiff's data by taking data from Plaintiff's email prior to those emails being received by Gmail users.

18. At the time Google exercises control of the data in Plaintiff's emails, the data contained in Plaintiff's email amounts to Plaintiff's personal property.

19. Any value associated with Plaintiff's data is Plaintiff's personal property.

20. Plaintiff has not authorized Google to in any way exercise control of Plaintiff's data for any purpose, but certainly not for the purpose of (1) taking data from Plaintiff's email or (2) generating revenue from the value Google derives from Plaintiff's data.

21. Prior to receiving and reviewing Plaintiff's emails, Gmail users are without authority to grant any person rights to, license to, use of, or any control over Plaintiff's property interest in the Plaintiff's data and value of that data contained therein.

22. Google has not and does not compensate Plaintiff for the exercise of control over Plaintiff's data; the use of any of Plaintiff's data; or the benefit of the value from Plaintiff's data.

23. Google has acted adversely to the property interests of Plaintiff.

## CAUSE(S) OF ACTION

### Count I: Declaration of Personal Property Interest

24. Pursuant to ARK. CODE ANN. § 16-111-101, Google is a "person," in that Google is a corporation of any character whatsoever.

25. Pursuant to ARK. CODE ANN. § 16-111-103(a), Plaintiff seeks from this Court a declaration that all data in Plaintiff's email, prior to the receipt and review of that email by a Gmail user, is the sole personal property of Plaintiff, based in part, but not limited to:

   a. Common law;

   b. Legislative intent pursuant to ARK. CODE ANN. § 4-59-201(10), "'Property' means anything that may be the subject of ownership;"

   c. Legislative intent pursuant to ARK. CODE ANN. § 5-36-101(7), "'Property' means severed real property or tangible or intangible personal property, including money or any paper or document that represents or embodies anything of value;"

   d. Legislative intent pursuant to ARK. CODE ANN. § 5-41-102(10), "'Property' includes, but is not limited to, a financial instrument, data, computer program, document associated with a computer or computer program, or a copy of a financial instrument, data, computer program, or document associated with a computer or computer program, whether tangible or intangible, including both human and computer readable data, and *data while in transit*." Emphasis added;

   e. Legislative intent pursuant to ARK. CODE ANN. § 5-41-201(10), "'Property' means anything of value and includes a financial instrument, information, electronically produced data, program, and any other tangible or intangible item of value;" and

   f. Legislative intent pursuant to ARK. CODE ANN. § 9-11-401, "'Property' means an interest, present or future, legal or equitable, vested or contingent, in real or personal property, including income and earnings."

26. Plaintiff seeks from this Court a declaration that Google has no ownership interest in or property rights in Plaintiff's data.

27. Pursuant to ARK. CODE ANN. §§ 16-111-103(a) and 16-111-104, Plaintiff seeks from this Court a declaration that prior to receiving and reviewing Plaintiff's emails, Gmail users are

without authority to grant any person rights to, license to, use of, or any control over Plaintiff's property interest in Plaintiff's data.

### Count II: Supplementary Relief

28. Pursuant to ARK. CODE ANN. § 16-111-110, should the Court find in favor of Plaintiff's requested declarations above, Plaintiff respectively asks the Court to order Google to show cause why further relief should not be granted forthwith, to include a demonstration by Google as to why future acts adverse to Plaintiff's property interests would not amount to:

a. conversion;

b. violation of ARK. CODE ANN. § 5-36-103 Theft of Property, in that Google (1) takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of Plaintiff, with the purpose of depriving the owner of the property; or (2) obtains the property of another person, by deception, with the purpose of depriving the owner of the property, with such deception including, but not limited to, (i) creating a false impression of fact, law, value, or intention or other state of mind in Gmail users that Google does not believe to be true; (ii) preventing the Gmail user from acquiring information that would affect his or her judgment of a transaction; (iii) failing to correct a false impression that Google knows to be false and Google created or reinforced; (iv) failing to disclose a legal impediment to the enjoyment of property that Google transfers or encumbers in consideration for the property or service obtained, or in order to continue to deprive another person of that other person's property; or (v) employing any other scheme to defraud. Pursuant to § 5-36-103, Google's theft is at a minimum a Class "D" felony. Pursuant to ARK. CODE ANN. § 16-118-107, said conduct is actionable civilly.

c. violation of ARK. CODE ANN. § 5-41-104 Computer Trespass, in that Google commits computer trespass with regard to Plaintiff's data, and pursuant to ARK. CODE ANN. §§ 5-41-106(a) & (b), Plaintiff can recover "any damages" and the Court can take action to "prevent possible reoccurrence of the same or similar act."

d. violation of ARK. CODE ANN. § 5-41-202(a) Unlawful Act Regarding A Computer, in that Google commits an unlawful act regarding a computer, and pursuant to § 5-41-202(b)(2) Google does so to devise or execute a scheme to defraud or illegally obtain property—all actionable pursuant to ARK. CODE ANN. § 16-118-107.

e. Any and all other basis to support a finding for future payments in association with unauthorized use of Plaintiff's property interests.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays this Court find in favor of Plaintiff through the requested declarations of property interests, and grant and award Plaintiff all other relief to which she may prove herself entitled.

Respectfully submitted,

*/s/ Sean F. Rommel*

Sean F. Rommel
Arkansas Bar No. 94158
srommel@wylyrommel.com
James C. Wyly
Arkansas Bar No. 90158
jwyly@wylyrommel.com
**WYLY~ROMMEL, PLLC**
4004 Texas Boulevard
Texarkana, Texas 75503
(903) 334-8646 (Telephone)
(903) 334-8645 (Facsimile)

M. Chad Trammell
Arkansas Bar No. 95125
chad@thetrammellfirm.com
**THE TRAMMELL LAW FIRM, PLLC**
418 North State Line Avenue
Texarkana, AR 71854
(870) 779-1860 (Telephone)
(870) 779-1861 (Facsimile)

Eric T. Bishop
Arkansas Bar No. 89174
**BISHOP & BISHOP**
P.O. Box 609
Ashdown, Arkansas 71822
(870) 898-5058 (Telephone)
(870) 898-8110 (Facsimile)

Bryan Chesshir
Arkansas Bar No. 91054
122 W. Bishop Street
Nashville, Arkansas 71852
(501) 845-5030 (Telephone)
(501) 845-0268 (Facsimile)

George Matteson
Arkansas Bar No. 2000096
Jeff Harrelson
Arkansas Bar No. 96118
**HARRRELSON & MATTESON, P.A.**
300 North State Line Avenue
Texarkana, Arkansas 71854
(870) 772-0300 (Telephone)
(870) 772-0302 (Facsimile)

Chris Travis
Arkansas Bar No. 97093
Travis@gill-law.com
Drake Mann
Arkansas Bar No. 87108
mann@gill-law.com
**GILL ELROD RAGON OWEN
& SHERMAN, P.A.**
425 West Capitol Avenue, Suite 3801
Little Rock, Arkansas 72201
(501) 376-3800 (Telephone)
(501) 372-3359 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**