UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JULIE SHEPPARD,                             §
                                            §
                    Plaintiff               §
                                            §
v.                                          §          Civil Action 4:12-cv-04022-SOH
                                            §
GOOGLE, INC.,                               §
                                            §
                    Defendant               §
                                            §
                                            §

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR REMAND

Plaintiff, Julie Sheppard, by and through her undersigned counsel, submits her Brief in Support of the Motion for Renewal and would respectfully show as follows:

Google proposes a profound encroachment by federal courts upon State's rights. Google's preemption argument to support its basis for federal question jurisdiction, if adopted, would eviscerate the application of Arkansas state law on matters traditionally found to be in the sole province of the states: property rights and state criminal laws.[1]  Through its removal, Google seeks to entirely dispose of an individual's right to (1) have determined and (2) enforce personal property rights in data.  No federal law cited by Google as a basis of federal question jurisdiction creates, determines, or enforces personal property rights.  Through its removal, Google seeks to entirely dispose of the State of Arkansas' legislatively enacted penal provisions against cyber-crimes and involving "theft of property" § 5-36-103, "computer trespass" § 5-41-104, and "unlawful act regarding a computer" § 5-41-202(a), when each of these statutes

---

[1] In response to Google's footnote Number 1, Gmail is free to Gmail users only because Google subsidizes its acquisition costs for data by unlawfully profiting from personal property not belonging to either Google or Gmail users.  As such, Google invades the personal property interests of Arkansas citizens like Julie Sheppard to provide its purported "free" service to others.  The definition of  "free" in this instance is in the eye of the beholder.

encompasses conduct different from that proscribed by the Electronic Communications Privacy Act (ECPA) or the Stored Communications Act (SCA).  Under Google's complete preemption argument, Arkansas' penal code provisions are nullified if *any* aspect of the ECPA or SCA arguably comes into play, the result being that Arkansas prosecutors would have no remedy against alleged perpetrators of cyber crimes.  Google's "substantial federal question" assertion would have the same effect: Arkansans can't enforce Arkansas law.  Finally, while Google posits that Plaintiff's claims create diversity jurisdiction, Google wholly fails to provide any factual support for such jurisdiction.  Accordingly, Plaintiff respectfully requests this Court order the remand of this case to the Circuit Court of Lafayette County, Arkansas.

"Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Marine Equip. Management Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 89 L. Ed. 2d 501, 106 S. Ct. 1326, reh'g denied, 476 U.S. 1132, 90 L. Ed. 2d 682, 106 S. Ct. 2003 (1986), citing in turn *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 2 L. Ed. 60 (1803)).

"When analyzing the propriety of removal of a case to federal court, the removing party has the burden of showing that jurisdiction in the federal courts is proper and the requisite amount in controversy has been met." *Smith v. Am. Bankers Ins. Co. of Fla.*, No. 2:11-cv-02113-PKH, 2011 U.S. Dist. LEXIS 140881 at *4 (W.D. Ark. Dec. 7, 2011) citing *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969).

This Court's removal jurisdiction must be strictly construed.  Therefore, this Court must resolve all doubts about federal jurisdiction in favor of remand.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 85 L. Ed. 1214, 61 S. Ct. 868 (1941).  The Court should remand Plaintiff's

Complaint to the Circuit Court of Little River County, Arkansas, for at least the following reasons:

        a.      Plaintiff's Complaint for Declaratory Judgment seeks a determination of personal property rights pursuant solely to Arkansas law;

        b.      Plaintiff's supplemental relief in the Complaint for Declaratory Judgment is conditioned solely on the trial court's determination of personal property rights and applies Arkansas common law and legislatively enacted Arkansas penal code provisions regarding different elements and rights from the federal law made the basis of Defendant's removal;

        c.      the Title III of ECPA, neither (i) completely preempts Arkansas law nor (ii) expressly preempts the specific laws pursuant to which Plaintiff filed her Complaint of Declaratory;

        d.      resolution of Plaintiff's declaratory judgment will not necessarily depend on the resolution of a substantial question of federal law; and

        e.      Plaintiff's Complaint for Declaratory Judgment disclaims all remedies in an amount sufficient to sustain diversity jurisdiction, and Google has offered no evidence that any amount of recovery would be in excess of the diversity jurisdictional limits.

As a threshold matter, Plaintiff's Complaint for Declaratory Judgment is a personal property case based entirely on Arkansas state law.  The Complaint's sole request is that an Arkansas court declare, pursuant to the Arkansas Declaratory Judgment Act, (1) whether or not data in Plaintiff's email is her personal property under Arkansas law, (2) whether Defendant has any proprietary rights in Plaintiff's personal property, and (3) whether third parties can give Defendant rights in Plaintiff's personal property before the third parties receive it.  The federal statutes cited by Defendant do not create, determine, or enforce a personal property interest in data.  As has long been recognized, 'property' and 'interests in property' are creatures of state law." *Barnhill v. Johnson*, 503 U.S. 393 (1992) (quoting *McKenzie v. Irving Trust Co.*, 323 U.S. 365 (1945)).

The issues involved in determining whether the data in Plaintiff's email are her personal property are based solely on Arkansas law.  *See Complaint*, ¶ 25(a)-(f).  Plaintiff's data is created in Arkansas, Plaintiff's data is recognized as personal property in the State of Arkansas, and when Plaintiff transmits her data she asserts her property interests remain pursuant to Arkansas law.  There is no ECPA or SCA application or analysis involved in this determination.  Further, Plaintiff's email data includes more than that protected by the ECPA and SCA.  ECPA only prohibits the intentional intercepting and/or use of the "contents" of electronic communications.  ECPA defines "contents" as "information concerning the substance, purport, or meaning of the electronic communication."  18 U.S.C. § 2510(8).  Plaintiff's email also includes other data belonging to her such as:

    a.    Plaintiff's Internet Protocol Address, which (i) identifies the computer from which Plaintiff sent her email and (ii) implies the geographical location of that computer (and, hence, Plaintiff);

    b.    an originator address;

    c.    one or more recipient addresses;

    d.    Plaintiff's domain name, which identifies Plaintiff's host (i.e. the computer system that is attached to the Internet);

    e.    various state tables and buffers; and

    f.    header fields containing more data.

As such, ECPA does not involve other types of data or property in Plaintiff's email.  Still, no ECPA or SCA analysis occurs in this first determination.

The issues involved in determining whether Defendant has any proprietary interest in Plaintiff's personal property are based solely on Arkansas law.  While Defendant argues that its defense of "consent" pursuant to the ECPA is the basis for Plaintiff's allegations at ¶¶ 20, 21, and, 27, Google fails to comprehend the fundamental basics of property law which require that

before Google can make money from someone else's property, Google needs a *legal claim* to do so. Plaintiff's allegations demonstrate Google has no rights to Plaintiff's personal property, and in fact, Google disclaims rights in Plaintiff's personal property. *See Complaint*, ¶¶ 13, 14, 15. Neither ECPA nor SCA create property rights, confer property rights, transfer interests in property rights, or convey property rights. As such, there is no basis for analysis of ECPA or the SCA to determine whether Google has property rights in Plaintiff's data.

The issues involved in determining whether Gmail users have the authority to or do grant Google rights to, use of, or control over Plaintiff's personal property interests are also matters of Arkansas law. Again, where Google asserts its defense of "consent" pursuant to ECPA, the basics of property law require an analysis as to whether the Gmail user, prior to receipt of the email, does or can grant Google rights to, use of, or control over Plaintiff's personal property interests. Plaintiff alleges that prior to the receipt of her email, the intended recipient (a Gmail user) does not and cannot grant Google any rights to her personal property. When examining Arkansas law on personal property principles such as ownership, rights, transfer of interests, acceptance of property, bailment, agency, or licenses, consent is never an issue.

Only if the trial court were to determine that (1) personal property rights in Plaintiff's data do exist, (2) Google has no interest in Plaintiff's personal property, and (3) the Gmail user cannot grant rights to Google in Plaintiff's property, could Plaintiff then seek supplemental relief pursuant to Arkansas state law. First, Google already admits that it takes Plaintiff's data for its own use. As such, issues surrounding what is "interception" ("in transit," "device," etc) pursuant to ECPA have no application to Plaintiff's potential supplemental claims for conversion and violations of §§ 5-36-103, § 5-41-104, and 5-41-202(a).

Because "consent" is Google's only defense and indeed the only possible link between Plaintiff's state-law claims and ECPA or SCA, it is important to inform the Court that the ECPA itself *expressly* recognizes the applicability of state-law claims—specifically as to the issue of consent—and prohibits the very use of the ECPA consent defense as Google asserts.  Section 2511(2)(d), the "consent" defense touted by Google, specifically states that express consent *is not a defense* if "such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or law of the United States or of any State."  18 U.S.C. § 2511(2)(d).  As such, the ECPA states that if Google's intent is to violate the property rights of Plaintiff, the defense of consent is not available.  Accordingly, the ECPA defense of consent never comes into play in regard to a determination of Plaintiff's state-law claims.

In fact, the state-law claims and their adjudication come before any analysis of the ECPA defense of consent.  This is so because § 2511(2)(d) doesn't allow Google to do something it otherwise could not lawfully do nor does it confer rights to Google in order to do something it otherwise could not lawfully do.  Because all of Plaintiff's supplemental claims involve an element of intent, a judge or jury's answering the intent question of the state-law claims involves no application of federal law and disposes of the issue one way or the other.  If a Court or jury were to find that Google had the intent necessary to violate Plaintiff's property rights, then § 2511(2)(d)'s defense of consent can never be considered.  Simply put, Google can't use ECPA's consent provision to defeat state-law elements when that specific provision recognizes that state-law claims come first.

The Eighth Circuit has examined with support the legislative history of then § 2511(2)(c)'s consent provision and restated Senator Hart's comments:

> Thus, although the title contains blanket prohibitions on all 'third-party' ('nonconsensual') interception – that is, interceptions without the consent of at

least one of the parties to a conversation – by private persons, and places strict controls on the use of such interception by law enforcement officers, it is totally permissive with respect to surreptitious monitoring of a conversation by a party to the conversation, even though the monitoring may be for insidious purposes such as blackmail, *stealing business secrets*, or other criminal or tortuous acts in violation of Federal or State laws.

*Meredith v. Gavin*, 446 F.2d 794, 798 (8th Cir. 1971) (quoting, 2 U.S. Code Cong. 7 Admin. News, 90th Cong., 2d Sess. 2236 (1968)) (emphasis added).  As a direct result of this concern, and "In order to meet these objections, Senators Hart and McClellan offered an amendment to the bill," and "[t]he effect of the amendment [was] to bring within the prohibitions of the statute any interception, use or disclosure of oral or wire communications with the consent of one of the parties where the purpose is to commit any criminal, tortuous, or injurious act."  *Meredith*, 446 F.2d at 799.  As such, because congress had concerns that a *consenting* party would use the consent provision to steal "business secrets," i.e. personal property, the exception to the consent defense was implemented.

Google's ECPA consent argument can be viewed as follows: (1) Google has absolutely no right in Plaintiff's personal property (valuable data), (2) Gmail users, prior to receipt of the email, have no right or convey no right to Plaintiff's personal property (valuable data), (3) Google cannot get access and use of Plaintiff's personal property through means normally and legally associated with access and use of another's personal property, and (4) access and use of Plaintiff's personal property prior to the Gmail recipient receiving the email has greater value to Google in order for Google to deliver the advertisement sold from Plaintiff's data with the email when it is opened by the Gmail user.  However, Google argues that the ECPA consent *alone* gives it lawful access and use of another's property.  Google claims that § 2511(2)(d)'s consent defense creates and bestows upon Google not only access to personal property it would otherwise not have, but also provides Google with unlimited use of Plaintiff's personal property

to which it would otherwise not be entitled.  This is the very basis for Senator Hart's and Senator McClellan's amendment—to prevent parties from asserting the ECPA consent provision in order to do something that they could not otherwise lawfully do.  The Eighth Circuit expressly stated this as the very purpose of the amendment creating the exception to § 2511(2)(d)'s consent provision:

> However, it seems apparent from the context in which the statute was enacted that the sort of conduct contemplated was an interception by a party to a conversation with an intent to use that interception against the non-consenting party in some harmful way *and in a manner in which the offending party had no right to proceed.*

Meredith, 446 F.2d at 799 (emphasis added); *see also Caro v. Weintraub*, 618 F.3d 94, 99 (2d Cir. 2010).  As the Sixth Circuit commented, "The entire focus of Senator Hart's comments was on protecting an innocent party from injury or embarrassment."  *United States v. Underhill,* 813 F.2d 105, 110 (6th Cir. 1987).  Unauthorized use of another's personal property without compensation is injury.

Where Google seeks to use the § 2511(2)(d) consent provision *first* in the analysis to defeat the lawful or authorized possessory elements of Plaintiff's state-law property causes of action, Congress has already rejected this approach and Plaintiff asserts that § 2511(2)(d) does not and cannot create proprietary interests where no such interests existed before.  As such, when examining Plaintiff's state-law claims, § 2511(2)(d) has no bearing.  If Google's application of ECPA consent as *an element* of Plaintiff's state-law claims were accepted, there would always be authorized conduct or consent for any tort, and the result would create peril to all forms of personal property sent across the most prevalent form of personal communication and interaction: the internet.

If Google's position is correct, by gaining ECPA consent first, medical records attached to emails from a doctor's office to a patient who happens to be a Gmail user become the property of Google without restriction on use.  Through Google's ECPA consent argument, attorney opinion letters to clients who happened to be Gmail users lose their privileged status, become the property of Google, and can be used by Google for any means.  If a Gmail user consents to interception and, thus, Google acquires *authorization* for use of the contents of that email as it sees fit, then credit card numbers, social security numbers, and personal information contained within emails from *non-Gmail* users become the property of Google without restrictions on use. Trade secrets emailed to employees who happened to be Gmail users lose their status as secrets, Google obtains access to those secrets, and Google can use that personal property for any means. Confidential business documents or terms within emails become Google's for use in any manner it chooses.  If Google's argument is accepted, even photographs shared between family members can be accessed and used by Google for any purpose it sees fit.  Pursuant to Google's argument that ECPA consent can be inserted into the elements of authorization and lawfulness of state-law property claims, the amassing and use of personal property and data from an Arkansas non-Gmail user, such as Plaintiff, has no limits.  Once obtained by Google and if its argument is accepted, Google can forever claim that ECPA consent shields it from all traditional notions of creation of interests in property, transfer of interests in property, rights in interests in personal property, and compensation for the use of another's personal property.  Such cannot be the law.

Fortunately, such is not the law.  As explained in *J & J Sports Productions, Inc. v. Phelan*, 2009 U.S. Dist. LEXIS 103626, *28 (E.D. Cal. 2009), when examining property interests, § 2511(2)(d) confers no rights:

> Defendant's argument fails to address Comcast's inability to consent to the transmission of the Boxing Program to commercial establishments.  If Plaintiff

had the exclusive right to license the transmission of the Boxing Program to commercial establishments such as Frankie's, and if Comcast did not acquire the right or permission to do so, then Comcast could not have consented to and authorized Defendant's reception of the Boxing Program at Frankie's.

Accordingly, if the Gmail user has no rights to give or the Gmail has not given certain rights to property to Google (the very questions of Plaintiff's declaratory judgment), then ECPA's consent defense has no application to Plaintiff's claims under Arkansas law.

Therefore, as to Plaintiff's conversion and theft of property claims, Google's ECPA consent defense as to unauthorized possession or transfer of interest has no role. For Plaintiff's potential supplemental claim for a violation of § 5-41-104, neither the ECPA nor SCA cover acts allowing Google to alter, delete, damage, destroy, or disrupt Plaintiff's personal property in data. Further, the ECPA's consent defense has no role. As to Plaintiff's potential supplemental claim for a violation of § 5-41-202(a), the ECPA defense has no role. Accordingly, in stark contrast to Google's arguments: neither ECPA nor the SCA involve (1) property rights, (2) enforcement of property rights, (3) conveyance or transfer of interests in property rights, (4) causes of action for the unlawful acquisition of another's property, (5) causes of action for the unlawful alteration or modification of personal property in the form of data, or (6) causes of action for the unlawful taking of personal property in the form of data. Because Google cannot assert ECPA's consent defense as to Plaintiff's state-law claims, there is no application, analysis, or effect of any federal law on any element in Plaintiff's causes of action. As such, preemption does not create federal question jurisdiction. As no diversity exists either, remand to Little River County is appropriate.

## ECPA NEITHER COMPLETELY PREEMPTS ARKANSAS LAW NOR EXPRESSLY PREEMPTS ARKANSAS LAW

Google admits Plaintiff does not make an ECPA or SCA claim in her Complaint. A civil action filed in state court may be "removed to federal court if the claim is one 'arising under'

federal law." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003). To determine whether the claim "arises under federal law, we examine the 'well-pleaded' allegations of the complaint and *ignore potential defenses* . . . . it is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States." *Id.* (citations omitted) (emphasis added). Plaintiff has pleaded no federal action or defense based upon federal law. Google has done nothing more than contort Plaintiff's allegations in order to assert its defense of consent pursuant to ECPA and SCA as to Plaintiff's state-law claims. However, Google's § 2511(2)(d) consent defense does not apply to the analysis of Plaintiff's state-law claims as previously discussed. In any event, this Court must ignore Google's potential defenses to Plaintiff's complaint when determining if this Court has subject matter jurisdiction. *Id.*. "The general rule is when a claim filed in state court alleges only state law claims, *the existence of a federal defense, e.g. preemption,* is not sufficient to support removal of the case to federal court." *Thomas v. US Bank Nat'l Ass'n ND*, 575 F.3d 794, 797 (8th Cir. 2009). As such, a defense that relies on the alleged preemptive effect of a federal statute is not sufficient to provide a basis for removal. *Id.*

The only exception to the general rule that defenses based in federal law do not afford removal jurisdiction is when "the preemptive force of a federal statute completely displaces state law and it is clear Congress meant the federal statute to be the exclusive cause of action for the type of claim asserted." *Thomas*, 575 F.3d at 797. "Complete preemption, as opposed to ordinary conflict preemption, is rare, however, and only applies if the 'federal statutes at issue provide [] the exclusive cause of action for the claim asserted and also set forth procedures and

remedies governing that cause of action.'" *Thomas*, 575 F.3d at 797 (quoting, *Beneficial Nat'l Bank,* 539 U.S. at 8.).

The ECPA does not reflect "Congress' intent to provide the exclusive cause of action" (*Thomas*, 575 F.3d at 797) against cyber-personal property claims, and NO court has ever held that the ECPA preempts the field of state-law claims or completely preempts state-law claims. Indeed, countless courts have examined cases containing ECPA or SCA claims and parallel state-law causes of action. In looking at those cases, if a court in a particular matter dismissed the ECPA or SCA claim, in most if not all instances, the court declined to exercise supplemental jurisdiction and dismissed the state-law claims without prejudice to be filed in state court. *See Larson v. Liberty Mut. Fire Ins. Co.,* 2012 U.S. LEXIS 2580 (D. Haw. January 10, 2012) (stating, "The remaining claims, Counts V through VII, assert state-law claims for invasion of privacy, IIED, and punitive damages. Because Larson fails to allege facts demonstrating complete diversity, the only jurisdictional basis remaining for these claims is the court's supplemental jurisdiction," and therein declining supplemental jurisdiction.); *McCready v. eBay, Inc.*, 453 F.3d 882, 890 (7th Cir. 2006) ("McCready's Illinois state law claims included the Illinois Consumer Fraud and Deceptive Business Practices Act . . . invasion of privacy . . . ***conversion*** . . . . [T]he district court . . . ***declined to exercise supplemental jurisdiction over McCready's state law claims*** . . . ."(emphasis added)); *Blumofe v. Pharmatrak, Inc., et al.* 329 F.3d 9, 16 ("Plaintiffs alleged nine counts including violation of Title I of the ECPA . . . violation of Mass. Gen Laws . . . invasion of privacy; ***trespass to chattels*** and ***conversion***; and unjust enrichment . . . . The court granted summary judgment to all defendants on all federal law causes of action; ***it then declined to retain jurisdiction over the state law causes of action*** and dismissed them without prejudice." (emphasis added)). In other cases, the courts analyzed the

merits or ability to maintain both ECPA or SCA claims along with parallel state law causes of action.  *See Fraser v. Nationwide Mut. Ins.*, 352 F.3d 107, 116-17 (3rd Cir. 2003) (stating, ". . . . it is unclear how these alleged violations adversely affected Fraser's ability to assert his conversion and invasion of privacy claims in an earlier amendment—as all the claims are based on the same facts and events as the federal ECPA claims and parallel state claims he asserted at the outset."); *Dunlap v. County of Inyo*, 1997 U.S. App. LEXIS 19249 (9th Cir. 1997) (ordering ***remand for trial*** of both ECPA claims and parallel state-law claims prohibiting "interception"); *Snyder v. Fantasy Interactive, Inc.,* 2012 U.S. Dist. LEXIS 23087, *8-10 (S.D. NY February 9, 2012) ("The Court rejects these arguments for the reasons previously stated and ***denies Defendant's motion to dismiss the Hawaii privacy claims***." (emphasis added)); *Council on American-Islamic Rels. Action Network, Inc. v.* , 793 F. Supp. 2d 311, 336-341 (D.C. 2011) (full merits analysis on both SCA claims and conversion claims); *Integrated Waste Solutions, Inc. v. Goverdhanam*, 2010 U.S. Dist. LEXIS 127192 (E.D. PA 2010) (denying motion to dismiss SCA and conversion claims and allowing maintenance of both); *Frederick v. Oldham County Fiscal Court*, 2010 U.S. Dist. LEXIS 62376 (W.D. KY 2010) (complete analysis of parallel ECPA, conversion, outrage, and invasion of privacy claims); *Global Policy Partners, LLC v. Yessin*, 686 F. Supp. 2d 631 (E.D. VA 2009) (analysis of ECPA and parallel conversion and Virginia codified law on unlawful access to a computer network).

In fact, the Ninth Circuit's holding in *Dunlap* makes it clear that ECPA does not even preempt causes of action based upon identical conduct.  *Dunlap v. County of Inyo*, 1997 U.S. App. LEXIS 19249, (9th Cir. 1997).   In *Dunlap*, the plaintiff brought claims pursuant to ECPA and California Penal Code § 632.  In its remand opinion ordering a new trial of the ECPA claims and state claims against certain defendants, the Ninth Circuit determined that § 632 prohibited

eavesdropping or "interception." *Id.* at * 11. As such, the remand on the state law claims was limited to only those defendants who actually eavesdropped ("intercepted"), not merely used, the information. *Id.* *11-13. Clearly, the Ninth Circuit had no problem ruling that a state statute allowing for a cause of action for mere interception could proceed in parallel with an ECPA claim. Finally, a District Court of New Jersey judge even commented how New Jersey courts frequently looked to the ECPA or SCA when adjudicating cases under the identical or very similar New Jersey statute. *See Bradley v. Atl. Bd. of Educ.*, 736 F. Supp. 2d 891, 898 n.15 (D.C. NJ 2010). As such, Google's argument regarding preemption is not supported by the overwhelming majority of cases wherein both ECPA claims and state-law causes of action are asserted together.

Google asserts that 18 U.S.C. § 2518(10)(c) expressly preempts state-law. Google is wrong and has already been told so. *See In re Google Inc. St. View Elec. Communs. Litig.*, 794 F. Supp. 2d 1067 (N.D. Cal. 2011). Judge Ware in that case said:

> The Court finds that [Google]'s interpretation of Section 2518(10)(c) as an express preemption clause misinterprets the provision. The legislative history supports the proposition that the provision was appended to the ECPA solely to address suppression of evidence by criminal defendants. *In re NSA Telecomms. Records Order Litigation*, 483 F. Supp. 2d 934, 939 (N.D. Cal. 2007) (Walker, J.) (holding that Section 2518(10)(c) was drafted with the limited intent to prevent "criminal defendants from suppressing evidence based on electronic communications or customer records obtained in violation of ECPA's provisions"). Accordingly, the Court declines to adopt Defendant's position.

*In Re Streetview*, 794 F. Supp 2d at 1085 (footnote 12). The majority of courts have ruled that § 2518 is inapplicable in a preemption analysis and that ECPA does not expressly preempt or occupy the field sufficient to preempt state law. In particular, the court in *Lane v. CBS Broad, Inc.* 612 F. Supp. 2d 623, 637-638 (E.D. PA 2009), granted **remand to state court** after finding

that neither ECPA nor SCA preempted the plaintiff's state law claims. The court in *Lane* actually determined that Congress had in fact expressly authorized states to legislate in the field of electronic communications. *Lane*, 612 F. Supp. 2d at 637. Other cases have also found no preemption based upon § 2518(10)(c). *See Valentine v. Nebuad, Inc.,* 804 F. Supp. 2d 1022, 1029 (N.D. Cal. 2011) (finding no preemption of state-law claims, stating, "The quoted passage [§2518(10)(c)] from the ECPA does not explicitly provide for the preemption of state law, which is the bar that must be met before express preemption may be found," noting that § 2518(10)(c) is an exclusionary rule provision, and further stating, "For that reason, this Court concludes that the CIPA [California Invasion of Privacy Act] and the CCCL [California's Computer Crime Law] are not preempted by federal law."); *Ideal Aerosmith, Inc. v. Acutronic USA, Inc.*, 87 U.S.P.Q. 2d (BNA) 1756 (W.D. PA 2008) (analyzing SCA and finding no express preemption, no field preemption, and no conflict preemption); *see also Bansal v. Russ*, 513 F. Supp. 2d 264, 282-83 (E.D. Penn. 2007), in which the Court stated:

> Contrary to Defendants' assertion, however, the purpose of this provision is not to expressly preempt state law, but rather to establish that the exclusionary rule is not a remedy provided for by the Act. See *United States v. Smith*, 155 F.3d 1051, 1056 (9th Cir. 1998) (noting that the Stored Communications Act expressly rules out exclusion as a remedy; "§ 2708, entitled 'Exclusivity of Remedies,' states specifically that § 2707's civil cause of action and § 2701(b)'s criminal penalties 'are the only judicial remedies and sanctions for violations of' the Stored Communications Act"); *In re NSA Telcomms. Records Order Litig.,* 483 F. Supp. 2d 934, 2007 U.S. Dist. LEXIS 3786, 2007 WL 163106, at * 3 (N.D. Cal. Jan. 18, 2007) (discussing the meaning of section 2708); see also S. REP. NO. 99-541 (1986) ("The purpose of [18 U.S.C. § 2708 ] is to underscore that . . . the Electronic Communications Privacy Act does not apply the statutory exclusionary rule contained in title III of the Omnibus Crime Control and Safe Streets Act of 1968 to the interception of electronic communications"). Thus, the court holds that the Stored Communications Act does not expressly preempt state law addressing the same subject matter.

Indeed, the United States Supreme Court has identified only three federal statutes that satisfy this "extraordinary situation:" (1) Section 301 of the Labor-Management Relations Act; (2) Section 502 of the Employee Retirement Income Security Act of 1974; and (3) the usury provisions of the National Bank Act. *See Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 85 (9th Cir. 2003) (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003)). The Eighth Circuit, in *Peters v. Union Pac. R.R.*, 80 F.3d 257 (1996), seems to have added a fourth statute, the Federal Railroad Safety Act.

As no element of any of Plaintiff's causes of action pursuant to Arkansas state-law involve any issue of federal law, no preemption applies. As the ECPA does not completely preempt Arkansas state-law, no preemption applies. Accordingly, this matter should be remanded to the Circuit Court of Little River County, Arkansas.

## PLAINTIFF'S DECLARATORY JUDGMENT DOES NOT NECESSITATE RESOLUTION OF A SUBSTANTIAL FEDERAL QUESTION

Google relies on *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), to argue that if Plaintiff's complaint raises "substantial federal question" then this Court has subject matter jurisdiction over Plaintiff's claims irrespective of the basis of those claims. None of Plaintiff's causes of action, however, involve federal issues of interception. Further, as shown above, 18 U.S.C. § 2511(2)(d), takes away Google's ECPA consent argument when the state law claims are examined—consent pursuant to ECPA never comes in to play if a state-law violation is found. As such, there exists no issue in any of Plaintiff's causes of action wherein federal law is applied or analyzed.

For a federal court to have subject matter jurisdiction based on a "substantial federal question," the Eighth Circuit follows the Fourth Circuit, "[I]f the plaintiff can support his claim with even one theory that does not call for an interpretation of federal law, his claim does not

'arise under' federal law for purposes of § 1331." *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator*, 561 F.3d 904 (8th Cir. 2009) (*quoting Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 817 (4th Cir. 2004) (en banc)).  As the *Dixon* Court stated:

> [I]n the absence of another jurisdictional ground, a defendant seeking to remove a case in which state law creates the plaintiff's cause of action must establish two things: (1) that the plaintiff's right to relief *necessarily depends* on a question of federal law, and (2) that the question of federal law is substantial. If either of these two elements is lacking, removal is improper and the case should be remanded to state court.

*Dixon*, 369 F.3d at 817 (emphasis added).

No part of Plaintiff's complaint for declaratory judgment *necessarily depends* on a question of federal law, and, thus, there is no substantial federal question giving this Court subject matter jurisdiction.

## THIS COURT LACKS DIVERSITY OF CITIZENSHIP JURISDICTION

Google's assertion of diversity jurisdiction flies in the face of the Eighth Circuit's most recent pronouncement on the very issue before the Court: Plaintiff's expressed limitation of recovery to less than $75,000 and the substantive Arkansas law making such a limitation binding defeat diversity jurisdiction.  *Rolwing v. Nestle Holdings, Inc.*, 666 F.3d 1069 (8th Cir. February 2, 2012).  At Paragraph 5 of Plaintiff's Complaint, she states:

> Plaintiff expressly limits the value of her declaratory relief and any supplemental relief thereafter sought to less than $75,000.

As these are the only causes of action alleged by Plaintiff, her complaint factually limits any recovery (damages, fees, etc…) to less than the diversity jurisdictional threshold.  Google's assertion that Plaintiff's expressed limitation "applies only to the first two types of relief, and not the third" or somehow does not apply to any other form of relief is wholly without legal support

and absurd.  Only the Plaintiff can claim relief.  Only the Plaintiff can be awarded relief by the Court.  All damages (actual, punitive, or other damages) flow through Plaintiff's claim for relief.  All fees flow through Plaintiff's claim for relief.  There is no other party through which relief can be obtained in this case, and Plaintiff has expressly limited such recovery in this Complaint.

Arkansas Code Annotated Section 16-63-221 provides that Plaintiff may "state an amount in controversy for the purposes of establishing subject-matter jurisdiction and determining if the amount sought is within the jurisdictional limits of the court."  Plaintiff did exactly that in her Paragraph 5 of the Complaint.  Pursuant to § 6-63-221, such a declaration is "binding on the plaintiff with respect to the amount in controversy unless the plaintiff subsequently amends the complaint and prays for damage in an amount that exceeds the jurisdiction limits of the court."  Accordingly, under Arkansas substantive law, a stated amount in controversy within the pleading becomes a binding declaration or stipulation.  Under Arkansas law, additional stipulations outside the pleadings are wholly unnecessary.

While *Rolwing* examined external stipulations attached to a complaint, the holding applies in the present matter: if substantive state law allows claims to be limited, it shall be enforced.  *See Rolwing*, 666 F.3d at 1072 (stating, "Therefore, we are confident that Missouri courts will apply judicial estoppels to enforce the terms of the stipulations.").  Because Plaintiff has not "subsequently" amended her complaint and prayed for damages "in an amount that exceed the jurisdiction limits of the court," Paragraph 5 of the Complaint is binding.  Accordingly, the effect of *Rolwing* is that no diversity jurisdiction is present.

No assertion of relief within Plaintiff's Complaint is contrary to Plaintiff's expressed limitation stated in Paragraph 5.  In *Tuberville*, the plaintiff included a catch-all in her plea for relief.  The defendants there asserted the plea potentially included various forms of injunctive

relief and punitive damage. The court found "such relief is too speculative to be given credence by this Court. Moreover, this Court is unaware of any precedent that dictates that punitive damages are assumed pled unless specifically disclaimed." *Tuberville v. New Balance Ath. Shoe, Inc.*, No. 1:11-cv-0101, 2011 U.S. Dist. LEXIS 45894, *15 (W.D. Ark. Apr. 21, 2011)

*Rolwing* aside, the Court must conduct an intensive examination to determine whether Google has met its burden of proving the jurisdictional facts by a preponderance of the evidence. *Bell v. Hershey Co.*, 557 F.3d 953 (8th Cir. 2009). Google's mere speculation or conjecture as to the amount in controversy will not be sufficient to meet the preponderance standard. *Tuberville v. New Balance Ath. Shoe, Inc.*, 2011 U.S. Dist. LEXIS 45894, at *7. "The analysis of burdens in a removal case is unique: the party opposing removal *may not present new evidence* to meet her burden during removal proceedings. Instead, the Court may only look to the initial pleadings contained in the record 'as of the instant of removal' to determine whether the Plaintiff has met her legal certainty burden." *Tuberville,* 2011 U.S. Dist. LEXIS 45894, at *7-8. Google puts forth no evidence in support of its claims of an amount in controversy in excess of $75,000 at the time of removal.

This Court does not have subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332 because there is no basis for this Court to determine that Google has met its burden of showing by a preponderance of the evidence that the amount in controversy in Plaintiff's Complaint for Declaratory Judgment exceeds $75,000.

WHEREFORE, Plaintiff prays that this Court remand Plaintiff's Complaint for Declaratory Judgment to the Circuit Court of Little River County, Arkansas, and for all just and equitable relief to which Plaintiff may be entitled, included, but not limited to, Plaintiff's costs,

expenses, and attorneys' fees incurred in connection with responding to Google's Notice of Removal.

Respectfully submitted,

/s/ Sean F. Rommel
Sean F. Rommel
Arkansas Bar No. 94158
srommel@wylyrommel.com
James C. Wyly
Arkansas Bar No. 90158
jwyly@wylyrommel.com
**WYLY~ROMMEL, PLLC**
4004 Texas Boulevard
Texarkana, Texas 75503
(903) 334-8646 (Telephone)
(903) 334-8645 (Facsimile)

M. Chad Trammell
Arkansas Bar No. 95125
chad@thetrammellfirm.com
**THE TRAMMELL LAW FIRM, PLLC**
418 North State Line Avenue
Texarkana, AR 71854
(870) 779-1860 (Telephone)
(870) 779-1861 (Facsimile)

Eric T. Bishop
Arkansas Bar No. 89174
**BISHOP & BISHOP**
P.O. Box 609
Ashdown, Arkansas 71822
(870) 898-5058 (Telephone)
(870) 898-8110 (Facsimile)

Bryan Chesshir
Arkansas Bar No. 91054
122 W. Bishop Street
Nashville, Arkansas 71852
(501) 845-5030 (Telephone)
(501) 845-0268 (Facsimile)

George Matteson
Arkansas Bar No. 2000096
Jeff Harrelson
Arkansas Bar No. 96118
**HARRRELSON & MATTESON, P.A.**
300 North State Line Avenue
Texarkana, Arkansas 71854
(870) 772-0300 (Telephone)
(870) 772-0302 (Facsimile)

Chris Travis
Arkansas Bar No. 97093
Travis@gill-law.com
Drake Mann
Arkansas Bar No. 87108
mann@gill-law.com
**GILL ELROD RAGON OWEN
& SHERMAN, P.A.**
425 West Capitol Avenue, Suite 3801
Little Rock, Arkansas 72201
(501) 376-3800 (Telephone)
(501) 372-3359 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 7, 2012, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Western District of Arkansas, using the electronic case files system of the court.  The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means.  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail today.

<u>/s/ Sean F. Rommel</u>
Sean F. Rommel