UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JULIE SHEPPARD, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:12-cv-04022-SOH |
| GOOGLE INC., | § § | |
| Defendant. | § § § § | |

## GOOGLE INC.'S MOTION TO DISMISS

Defendant Google Inc. ("Google") submits this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), requesting dismissal of the Complaint ("Complaint") filed by Plaintiff Julie Sheppard in its entirety, and respectfully states the following:

1. Plaintiff's Complaint should be dismissed because her claims are preempted. The Electronic Communications Privacy Act ("ECPA") offers the "only judicial remedies and sanctions" available to Plaintiff. 18 U.S.C. §2518(10)(c). Because Congress has provided the exclusive remedies for conduct regulated by ECPA, Plaintiff's state law claims for declaratory and supplementary relief are completely preempted and must be dismissed. Alternatively, Plaintiff's claims are expressly and impliedly preempted by ECPA and must be dismissed.

2. Plaintiff Complaint should be dismissed because she lacks standing. Plaintiff's conclusory allegations of the interception and use of "data" resulting in unspecified harm are insufficient to allege a violation of Plaintiff's rights under Article III.

3. Plaintiff fails to state a claim for supplementary relief for conversion. The Complaint fails to sufficiently identify the property to which she supposedly has a claim of title,

and has failed to adequately plead the basis for her claim of title in any "data." Plaintiff fails to allege the injury or damages sustained necessary to pursue such a claim. Plaintiff's claim for supplementary relief for conversion should be dismissed.

4.     Plaintiff fails to state a claim for supplementary relief for computer trespass. ARK. CODE ANN. § 5-41-104. The statute provides for a limited civil remedy only to those "person[s] whose property or person is injured by reason of" the computer trespass. § 5-41-106. The Complaint fails to identify specific "property" that was allegedly trespassed. Moreover, absent from the Complaint is any allegation that Plaintiff or any property has been "injured by reason of" Google's alleged acts or sustained damages, providing another, independent, reason to dismiss the claim. Plaintiff's claim for supplementary relief for computer trespass should be dismissed.

5.     Plaintiff fails to state a claim for supplementary relief for unlawful act regarding a computer. ARK. CODE ANN. § 5-41-202. Plaintiff cannot pursue a civil claim under this criminal statute because it does not provide a private right of action. Alternatively, ARK. CODE ANN. § 16-118-107 does not apply to Plaintiff's claim because (1) she does not purport to allege that Google's alleged acts caused any actual injury or damage, and (2) Plaintiff fails to adequately plead facts sufficient to support a claim that Google acted "to devise or execute a scheme to defraud or illegally obtain property." Plaintiff also fails to adequately identify the data about which she complains, which failure also means she has failed to adequately plead the basis for her claim of title in any data. Plaintiff's claim for supplementary relief for unlawful act regarding a computer should be dismissed.

6.     Plaintiff fails to state a claim for supplementary relief for theft of property. ARK. CODE ANN. § 5-36-103. Plaintiff claim should be dismissed for the following, independent reasons: (a) ARK. CODE ANN. § 16-118-107 does not apply to Plaintiff's claim because she does

not purport to allege that Google's alleged acts caused any actual injury or damage; (b) she does not adequately plead that the alleged acts constitute a felony, as is required to properly allege a civil cause of action under § 16-118-107(a)(1); (c) because of her deficient explication of facts describing the "data" allegedly taken, and Plaintiff's claim of title in it; (d) the Complaint lacks factual allegations demonstrating an essential element of a theft of property claim, namely, that Google "deprived" Plaintiff of property; (e) Plaintiff has no claim under ARK. CODE ANN. § 5-36-103(a)(1) because Plaintiff's statement, that she continues to voluntarily transmit emails with full knowledge of Google's purported "use" of data, makes it implausible for her to contend that Google is exercising "unauthorized control" or is making "unauthorized transfers" of data; and (f) Plaintiff has no claim under ARK. CODE ANN. § 5-36-103(a)(2) because Plaintiff does not identify any specific acts of "deception" or "threats" that have allegedly caused her to send and continue sending email to Gmail users. Plaintiff's claim for supplementary relief for theft of property should be dismissed.

7. The Complaint should be dismissed because it constitutes an abuse of the declaratory judgment process. Plaintiff attempts to turn recognized causes of action (for conversion and the like) into a declaratory judgment claim that results in piecemeal litigation and the improper shifting of the burden of proof to Google by making it respond to a requested show-cause order. Plaintiff cannot even state a real cause of action – she can only suggest that, if the Court grants her declaratory relief, she might have some claim against Google. The Declaratory Judgment Act, 28 U.S.C. § 2201, does not create a cause of action, yet Plaintiff impermissibly attempts to use a declaratory judgment as a substitute for ordinary causes of action.

8. A memorandum of law in support of this motion is filed contemporaneous herewith.

FOR ALL THESE REASONS, which are detailed in the supporting memorandum incorporated herein, Google prays that this motion be granted and that Plaintiff's Complaint be dismissed.

Respectfully submitted,

/s/ Charles L. Babcock
Charles L. "Chip" Babcock, Lead Attorney
Texas State Bar No. 01479500
David T. Moran
Texas State Bar No. 14419400
Carl C. Butzer
Texas State Bar No. 03545900
Shannon Zmud Teicher
Texas State Bar No. 24047169
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas  75202
(214) 953-6000
(214) 953-5822 - Fax
Email: cbabcock@jw.com

George L. McWilliams
Arkansas State Bar No. 68078
Law Office of George L. McWilliams, P.C.
Post Office Box 58
Texarkana, Texas-Arkansas 75504
(870) 772-2055
(870) 772-0513 – Fax
Email: glmlawoffice@gmail.com

ATTORNEYS FOR DEFENDANT
GOOGLE INC.

**CERTIFICATE OF CONFERENCE**

Counsel for Google Inc. complied with the meet and confer requirements of Local Rule 6.2.  The meet and confer took place on, April 6, 2012, between George McWilliams and Sean Rommel on behalf of Plaintiff Julie Sheppard.  Plaintiff's counsel is opposed to the relief sought in this Motion.  Accordingly, the Motion is submitted to the Court.

/s/ Charles L. Babcock
Charles L. Babcock

**CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2012, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Western District of Arkansas, using the electronic case files system of the court.  The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means.  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail today, April 9, 2012.

/s/ Charles L. Babcock
Charles L. Babcock