UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JULIE SHEPPARD,

    Plaintiff,

v.

GOOGLE INC.,

    Defendant.

§
§
§
§
§
§
§
§
§
§
§
§

Civil Action No. 4:12-cv-04022-SOH

**GOOGLE INC.'S BRIEF IN SUPPORT OF MOTION TO DISMISS**

Defendant Google Inc. ("Google") submits this Brief in Support of its Motion to Dismiss and would show the Court as follows:

## I.   SUMMARY

This lawsuit marks the second baseless effort by Plaintiffs' counsel to attack Gmail, the free webmail service provided by Google.   The first was in a putative class action filed in Texarkana, <u>Keith Dunbar, Individually, and as Representative on Behalf of Similarly Situated Persons v. Google Inc.</u>, Cause No. 5:10-CV-00194-DF (E.D. Tex.) ("<u>Dunbar v. Google</u>").   In that case, pending since November, 2010, plaintiff Keith Dunbar claims that Google's Gmail service constitutes a violation of Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §2511 <u>et seq.</u>[1]  Unsatisfied by the course of events in <u>Dunbar v. Google</u>, Plaintiff's counsel filed the instant case in Arkansas state court.   Seeking to perform an end run of ECPA, the Complaint here is based on the same facts alleged in <u>Dunbar v. Google</u>.   The only difference being that Plaintiff has attempted to artfully plead her way out of an ECPA claim, and purports to bring the case pursuant to Arkansas law, namely as a declaratory judgment action and request for supplementary relief.[2]  Google urges the Court to see Plaintiff's claims for what they really are— causes of action that seek redress for alleged activities that are preempted by ECPA.

Plaintiff's claims cannot survive a motion to dismiss for at least four reasons:

<u>First</u>, Plaintiff's claims are preempted.   ECPA offers the "only judicial remedies and sanctions" available to Plaintiff.   18 U.S.C. §2518(10)(c).   Because Congress has provided the

---

[1] On March 16, 2012, Judge Folsom in <u>Dunbar v. Google</u> entered an order denying Plaintiff's motion for class certification.   That order is under seal pursuant to an Agreed Protective Order.   The action was reassigned to Judge Michael H. Schneider on March 20, 2012.

[2] After filing this lawsuit, Plaintiffs' counsel filed another state court action, in Texas, in <u>Davis v. Google Inc. et al.</u>, Civil Case No. 12C0247-102.   That case was removed to the United States District Court for the Eastern District of Texas, Texarkana Division, <u>Davis v. Google</u>, Civil Action No. 5:12-cv-00026 ("<u>Davis v. Google</u>").   There, in response to the removal of <u>this</u> action, the plaintiff purported to disclaim any cause of action arising under ECPA, and contends that the "plaintiff's data" involves not the body of an email but only certain header information in plaintiff's email.   Like this case, however, the claims in <u>Davis v. Google</u> merely were a permutation of the same set of contentions made in <u>Dunbar v. Google</u>.   On April 6, 2012, the plaintiff in <u>Davis v. Google</u> abruptly filed a Notice of Dismissal.

exclusive remedies for conduct regulated by ECPA, <u>Muskovich v. Crowell</u>, 1995 WL 905403, *1 (S.D. Iowa 1995), Plaintiff's state law claims for declaratory and supplementary relief are completely preempted and must be dismissed.  Alternatively, Plaintiff's claims are expressly and impliedly preempted by ECPA and must be dismissed.

<u>Second</u>, Plaintiff lacks standing.  Plaintiff's conclusory allegations of the interception and use of "data" resulting in unspecified harm are insufficient to allege a violation of Plaintiff's rights under Article III.  <u>Gaos v. Google Inc.</u>, 2011 WL 7295480, at *3 (N.D. Cal. 2011).

<u>Third</u>, Plaintiff fails to allege facts sufficient to make any claim under Arkansas law. Other than unspecified "data," such as "keywords," Plaintiff has not identified the property about which she complains; nor has she articulated the nature of her claim of title in this unspecified data.  Plaintiff also fails to plead she has been damaged by reason of any alleged conduct.  The balance of her Complaint merely regurgitates some of the elements of causes of action under Arkansas law.  But, as the Eighth Circuit recently held, "[a] gallimaufry of labels, conclusions, formulaic recitations, naked assertions and the like will not pass muster." <u>Christiansen v. West Branch Cmty. Sch. Dist.</u>, --- F.3d ----, 2012 WL 952813, at *4 (8th Cir. March 22, 2012) (citation omitted).  Accordingly, the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

<u>Fourth</u>, her Complaint constitutes an abuse of the declaratory judgment process.  Plaintiff attempts to turn recognized causes of action (for conversion and the like) into a declaratory judgment claim that results in piecemeal litigation and the improper shifting of the burden of proof to Google by making it respond to a requested show-cause order.[3]  Plaintiff cannot even

---

[3] In Count II of her Complaint, entitled "Supplementary Relief," Plaintiff makes the sweeping claim, citing to ARK. CODE ANN. § 16-111-110, that "should the Court find in favor of Plaintiff's requested declarations," the Court should "order Google to show cause why further relief should not be granted forthwith, to include a demonstration by Google as to why future acts adverse to Plaintiff's property interests would not amount to" conversion, theft of property, computer trespass, unlawful act regarding a computer, and "[a]ny and all other basis to support a finding for future payments in association with unauthorized use of Plaintiff's property interests."  (Compl., ¶ 28a.-e.).

state a real cause of action – she can only suggest that, if the Court grants her declaratory relief, she might have some claim against Google.  The Declaratory Judgment Act, 28 U.S.C. § 2201, does not create a cause of action, yet Plaintiff impermissibly attempts to use a declaratory judgment as a substitute for ordinary causes of action.  See Walker Process Equip., Inc. v. FMC Corp., 356 F.2d 449, 451 (7th Cir. 1966); see also Wilmans v. Sears, Roebuck and Co., 355 Ark. 668, 672, 144 S.W.3d 245, 247 (2004).  Plaintiff cannot do so, and the Complaint should be dismissed.

## II.     PLAINTIFF'S ALLEGATIONS

The Complaint alleges that Google, in the operation of its Gmail webmail service[4], takes data from Plaintiff's email which, Plaintiff readily admits, she "has and continues to send" to Gmail recipients.  (Compl., ¶¶9, 10).  Some of this "data" are "keywords," (Compl., ¶10), which, Plaintiff claims, Google uses "to deliver advertisements to the Gmail user" to whom she has sent an email, and which are displayed "when the Gmail user opens the email."  (Compl., ¶12).  Contending that the "data," including "keywords," contained in unidentified email she sends to Gmail users "amounts to" her "personal property," (Compl., ¶18), Plaintiff seeks a declaration that "all data in Plaintiff's email, prior to the receipt and review of that email by a Gmail user, is [her] sole personal property."  (Compl., ¶25).[5]

---

Plaintiff's improper attempt to use § 16-111-110 as a catch-all substitute for pleading formal causes of action cannot survive a Rule 12(b)(6) motion.

[4] Google's "Gmail" is one of the most feature-rich and popular email services in the world.  For example, Gmail blocks spam before it gets to a user's inbox; currently translates foreign language emails; allows for instant searching within Gmail to find the exact message a user is looking for; groups messages with the relevant responses, so that messages can be viewed in context; enables users to label messages; facilitates free phone calls in the U.S. and Canada; reads email to the blind; automatically separates out important email messages; scans emails for, among other things, spam filtering and virus detection; and supplies each user with several gigabytes of hard disk storage space for emails and photos.  See, e.g., http://mail.google.com/mail/help/about.html.

[5] Plaintiff's Complaint implies that "keywords," whether typed by her or by others, are "owned" by her until a Gmail user "receives and reviews" those "keywords."

"[S]hould the Court find in favor of Plaintiff's requested declarations,"[6] (Compl., ¶28), Plaintiff seeks a show cause order requiring Google to demonstrate why its acts would not amount to tortious conduct and violations of various Arkansas statutes: Conversion, "Civil action by crime victim" (ARK. CODE ANN. § 16-118-107), "Theft of property" (ARK. CODE ANN. § 5-36-103), "Computer trespass" (ARK. CODE ANN. § 5-41-104), and "Unlawful act regarding a computer" (ARK. CODE ANN. § 5-41-202), as well as "[a]ny and all other basis to support a finding for future payments in association with unauthorized use of Plaintiff's property interests." (Compl., ¶¶28a.-e.).

### III.    ARGUMENTS AND AUTHORITIES

#### A.    LEGAL STANDARD FOR DISMISSAL UNDER RULE 12(B)(6).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). In other words, a plaintiff's pleading obligation includes two requirements: fact-based pleading and plausibility.

First, Rule 8 requires more than a plaintiff's bare averment that she wants relief and is entitled to it. Instead, the complaint must include allegations about the "circumstances, occurrences, and events in support of the claim." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3 (2007); accord Crest Const. II, Inc. v. Doe, 660 F.3d 346, 353 (8th Cir. 2011). Conclusory allegations and legal conclusions will not prevent a motion to dismiss. See Coffee.org, Inc. v. Green Mountain Coffee Roasters, Inc., 2012 WL 511485, at *5 (W.D. Ark. Feb. 15, 2012). Second, the plaintiff must plead facts that "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; accord Crest Const. II, 660 F.3d at 353. In particular, "where the

---

[6] Plaintiff asserts she is entitled to such declaratory relief based on common law, and the definitions of the term "property" in ARK. CODE ANN. §§ 4-59-201(10), 5-36-101(7), 5-41-102(10), 5-41-201(10) and 9-11-401. (Compl., ¶25a.-f.).

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1950.   These established principles mandate dismissal of Plaintiff's Complaint in its entirety, as set forth below.

### B.   PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE THEY ARE PREEMPTED BY ECPA.

#### 1.   Complete Preemption.

Plaintiff's claims are completely preempted by the Electronic Communications Privacy Act ("ECPA").   Under the doctrine of complete preemption, "the preemptive force of a federal statute is so complete that it transforms complaints styled as ordinary common-law claims into ones stating a federal claim." Peters v. Union Pac. R.R. Co., 80 F.3d 257, 260 (8th Cir. 1996).

A review of Plaintiff's Complaint reveals that Plaintiff clearly alleges a claim under ECPA.   ECPA imposes liability on a person who (1) intentionally (2) intercepted (or used knowing or having reason to know the information was obtained through interception) (3) the contents of (4) an electronic communication (5) using a device and (6) that no statutory exceptions apply.   18 U.S.C. §2511(1)(a), (d).   Plaintiff's Complaint requests declaratory relief (Compl., ¶¶25-27), alleges interception and use of email content by Google (id. at ¶¶10-12, 16, 17, 25, 26), and alleges that any interception was without consent (id. at ¶¶20, 21, 27).   Thus, the alleged conduct comes plainly within the contours of ECPA.   See 18 U.S.C. §2511(1)(a), (1)(d); §2511(2)(d); §2520(b)(1); Muskovich v. Crowell, 1995 WL 905403, *1 (S.D. Iowa 1995).

To determine whether ECPA completely preempts a state law cause of action, a court must evaluate whether Congress intended the federal cause of action to be exclusive.   See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1 (2003).   The court must "examine the text and structure of a statute to determine if it is the 'clear and manifest purpose of Congress' to preempt an area of state law." Peters, 80 F.3d at 261.   The Eighth Circuit instructs that "[i]f the statute

contains an express preemption clause, then the statutory construction should center on its plain meaning as the best evidence of Congress's preemptive intent." Id.

ECPA is comprised of the Wiretap Act and the Stored Communications Act ("SCA"), which play complementary roles in Congress' regulatory scheme.  18 U.S.C. §2511 et seq.; 18 U.S.C. §2701 et seq.  Congress' preemptive intent is plain from the statutory language of ECPA, which includes this express preemption clause under the Wiretap Act:

> The remedies and sanctions described in this chapter with respect to the interception of electronic communications are the only judicial remedies and sanctions for nonconstitutional violations of this chapter involving such communications.

18 U.S.C. §2518(10)(c) (emphasis added).  Nearly identical language is found in SCA, which likewise provides that the "remedies and sanctions described in this chapter are the only judicial remedies and sanctions for nonconstitutional violations of this chapter."  18 U.S.C. §2708.

Muskovich is helpful here.  There, the defendant removed the case to federal court on the basis that plaintiff's state law causes of action were completely preempted by SCA, 18 U.S.C. §2708.  The court examined SCA, 18 U.S.C. §2708, and found:

> When Congress adopts an express preemption provision, it is clear their intent is to oust state law.  In section 2708, Congress unequivocally expressed an intent to "occupy the field" and provide the exclusive remedies for conduct regulated by ECPA. Congress makes use of express preemption to achieve uniform application of federal law.

Muskovich, 1995 WL 905403, at *1 (internal citations omitted).[7]  The court found removal proper due to complete preemption, holding:

> Plaintiff contends defendant['s] conduct constitutes intentional infliction of emotional distress under Iowa tort law.  But that claim based on Iowa law concerns conduct regulated by ECPA and is therefore preempted.

Id. at *1-2.

---

[7] See also Quon v. Arch Wireless Op. Co., 445 F. Supp. 2d 1116 (C.D. Cal. 2006); Bunnell v. Motion Picture Assoc. of Am., 567 F. Supp. 2d 1148 (C.D. Cal. 2007).

So, here too, Plaintiff's Complaint, requesting declaratory relief, alleging interception and use of email content by Google, and alleging that any interception was without consent, comes plainly within the contours of ECPA.  Thus, the remedy for the alleged conduct is not found under the Arkansas Declaratory Judgment Act; rather, Congress provided "the exclusive remedies for conduct regulated by ECPA," Muskovich, 1995 WL 905403, at *1.  Accordingly, Plaintiff's state law claims for declaratory and supplementary relief, and any other basis for payments due to unauthorized use, are completely preempted and should be dismissed.

## 2. Express Preemption.[8]

A state law is expressly preempted when a federal statute states the congressional intention to preempt state law by defining the scope of preemption.  Pet Quarters, Inc., 559 F.3d at 780.  In relation to express preemption, "the task of statutory construction must in the first instance focus on the plain wording of the clause, which necessarily contains the best evidence of Congress' preemptive intent."  CSX Transp. v. Easterwood, 507 U.S. 658, 664 (1993).

As discussed above, Congress' intent is plainly expressed in ECPA's exclusive remedies provision under the Wiretap Act, 18 U.S.C. §2518(10)(c).  Muskovich, 1995 WL 905403, at *1.  Other courts have similarly found state law claims to be expressly preempted by ECPA's exclusive remedies provisions.  Bunnell v. Motion Picture Ass'n of Am., 567 F. Supp. 2d 1148 (C.D. Cal. 2007) (granting summary judgment on invasion of privacy claim due to express preemption under Wiretap Act, 18 U.S.C. §2518(10)(c)); Quon v. Arch Wireless Op. Co., 445 F. Supp. 2d 1116, 1138 (C.D. Cal. 2006), aff'd in part, rev'd in part on other grounds, 529 F.3d 892 (9th Cir. 2008), and rev'd and remanded, 130 S. Ct. 2619 (2010) (granting summary judgment on

---

[8] Alternatively, Plaintiff's claims are expressly and impliedly preempted by ECPA.  The Supremacy Clause provides Congress the authority to expressly preempt state law or impliedly do so where congressional intent to supersede state law may be inferred.  Pet Quarters, Inc. v. Depository Trust & Clearing Corp., 559 F.3d 772, 780 (8th Cir. 2009).  There are three recognized forms of preemption—express, field and conflict preemption.  Id.  Each is applicable.

invasion of privacy and state constitutional claims due to express preemption under SCA, 18 U.S.C. §2708, and noting "Congress' command in enacting §2708 is clear").

In <u>Bunnell</u>, the plaintiffs alleged the defendants' actions "in configuring the email software to copy and forward [p]laintiffs' incoming and outgoing emails" violated ECPA and California's Invasion of Privacy Act.  <u>Bunnell</u>, 567 F. Supp. 2d at 1151.  The court found that the conduct was expressly preempted by the Wiretap Act under 18 U.S.C. §2518(10)(c) due to the clear intent that the "'remedies and sanctions described in this chapter with respect to the interception of electronic communications are the <u>only</u> judicial remedies and sanctions for nonconstitutional violations of this chapter[.]'"  <u>Id.</u> (emphasis added).

Similarly, Plaintiff alleges here that "prior to the Gmail users ever receiving Plaintiff's email" Google "takes data from Plaintiff's email" and "uses Plaintiff's data" (Compl., ¶¶10, 11, 12, 16, 17, 25), without her or the Gmail user's consent, (<u>id.</u> at ¶¶ 20, 21, 26, 27).  Such conduct is plainly covered by ECPA, <u>see</u> 18 U.S.C. §2511(1)(a), (1)(d), (2)(d), and is expressly preempted.  <u>Bunnell</u>, 567 F. Supp. 2d at 1154-55.  Plaintiff's state law claims must therefore be dismissed.

### 3.    Field Preemption.

Field preemption exists "where a federal statutory or regulatory scheme is so pervasive in scope that it occupies the field, leaving no room for state action."  <u>Pet Quarters, Inc.</u>, 559 F.3d at 780.  When Congress provides for a private right of action, the normal inference is that Congress intended to preclude all other remedies for the same substantive right.  <u>See generally</u> <u>City of Rancho Palos Verdes v. Abrams</u>, 544 U.S. 113, 121-22 (2005).

ECPA's comprehensive scheme and private right of action give rise to the reasonable inference that Congress intended to supplant all other remedies.  As the <u>Bunnell</u> court explained, "[t]he scheme of the ECPA is very comprehensive: it regulates private parties' conduct, law

enforcement conduct, outlines a scheme covering both types of conduct and also includes a private right of action for violation of the statute." Bunnell, 567 F. Supp. 2d at 1154. Accordingly, numerous courts have recognized that ECPA sets forth precisely the type of comprehensive statutory scheme that "'left no room'" for state regulation. Id. at 1154-55 (finding plaintiff's California Invasion of Privacy claim was expressly preempted and field preempted by the Wiretap Act); In re Google Inc. Street View Elec. Commc'ns Litig., 794 F. Supp.2d 1067, 1085 (N.D. Cal. 2011) (holding ECPA's "scheme leaves no room in which the states may further regulate.").[9] Therefore, Plaintiff's state law claims are field preempted and must be dismissed. Bunnell, 567 F. Supp. 2d at 1155.

### 4.   Conflict Preemption.

Conflict preemption occurs "where state law has not been completely displaced but is superseded to the extent that it conflicts with federal law." Pet Quarters, Inc., 559 F.3d at 780. Preemption has been found to exist when a party's compliance with both federal and state law would be impossible or where state law would pose an obstacle to the accomplishment of congressional objectives. Id.

ECPA sets forth a comprehensive, free-standing liability scheme with a private right of action and specific statutory exceptions. For example, there is no violation of ECPA when the interception occurs with the consent of just one of the parties to the communication, see 18 U.S.C. §2511(2)(d), if the alleged activities were conducted in the "ordinary course of business," see 18 U.S.C. §2510(5)(a)(ii), or if the alleged activities were a "necessary incident to the rendition of [the] service," see 18 U.S.C. §2511(2)(a)(i). Indeed, ECPA's legislative scheme strikes a fragile balance of providing communications technologies bright line rules and safe

---

[9] See also Quon, 445 F. Supp. 2d at 1138 ("In light of the breadth of the SCA regulatory scheme and the clear command concerning the exclusivity of remedies (aside from federal constitutional claims) contained in section 2708 for conduct covered by the statute, it stands to reason 'that Congress 'left no room' for supplementary state regulation.'"); see generally Voicenet Commc'ns, Inc. v. Corbett, 2006 WL 2506318, at *6 (E.D. Pa. 2006) (holding ECPA's "comprehensive civil remedies" preempt 42 U.S.C. §1983 remedies).

harbors on the one hand, while protecting certain aspects of an individual's electronic communications on the other.  See In re Street View, 794 F. Supp.2d at 1085.

Plaintiff's attempt to creatively plead state law claims for interception and use of electronic communications without ECPA's careful balance of rights, exceptions and exclusive remedies must be rejected.  Thus, Plaintiff's state law claims likewise should be dismissed under conflict preemption.  See Cohen v. Pelicano, 2:05-CV-01485, at *9 (Docket No. 19) (C.D. Cal. July 12, 2005) (rejecting Cal. Civil Code §1714.10 required a pre-filing screening process before an ECPA claim could be brought in federal court and noting it "would be preempted by federal law because it interferes with the exercise of a federal right.").

### C. THE COURT SHOULD ALSO DISMISS PLAINTIFF'S CLAIMS BECAUSE SHE LACKS STANDING TO BRING THEM.

Plaintiff has failed to plead facts sufficient to establish Article III standing.  Plaintiff alleges no harm and articulates no injury.  Plaintiff does not claim any privacy right in the content at issue.  At best, Plaintiff complains "Google generates income" from "the value Google derives from Plaintiffs data."  (Compl., ¶¶12, 20).  Such conclusory allegations of the interception and use of "data" resulting in unspecified harm is insufficient to allege a violation of Plaintiff's rights.  See Gaos v. Google Inc., 2011 WL 7295480, at *3 (N.D. Cal. 2011).  Therefore, Plaintiff's claims should be dismissed because she lacks Article III standing.

### D. ALTERNATIVELY, THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS FOR SUPPLEMENTARY RELIEF BECAUSE SHE FAILS TO PROPERLY STATE THOSE CLAIMS.

#### 1. Plaintiff fails to state a claim for supplementary relief for conversion.

Plaintiff's purported "supplementary relief" claim for conversion must be dismissed because of the paucity of factual allegations recited in the Complaint.  See Iqbal, 129 S. Ct. at 1950-51.  "A conversion in the sense of the law of trover, consists either in the appropriation of the thing to the party's own use and beneficial enjoyment, or in its destruction, or in exercising

dominion over it, in exclusion or defiance of the plaintiff's rights, or in withholding the possession from the plaintiff, under a claim of title, inconsistent with his own." Ray v. Light, 34 Ark. 421, 427 (1879); In re Jackson, 203 B.R. 146, 148 (E.D. Ark. 1996); see also Auston v. Loyd, 533 F. Supp. 737, 740 (W.D. Ark. 1982), aff'd, ---Fed. Appx.---, 691 F.2d 503 (8th Cir. 1982).

The Complaint fails to sufficiently identify the "thing," or property, to which she supposedly has a claim of title.  See Travelers Cas. & Surety Co. of Am., Inc. v. Bank of the Ozarks, 2011 WL 3444063, at *5 (E.D. Ark. Aug. 8, 2011) (failure to plead a cognizable right of title or property ownership is adequate grounds for dismissal).  Plaintiff merely contends "Google takes data from Plaintiff's email, some of which Google identifies as 'keywords'." (Compl., ¶10) (emphasis added).  Such a meager description of "property" alleged to have been taken cannot satisfy the pleading requirements enunciated in Iqbal and Twombly.  Moreover, mere "keywords" cannot satisfy the obligation to properly articulate a property right subject to protection.  Plaintiff's lack of specificity about the "data" at issue consequently also means she has failed to adequately plead the basis for her "claim of title" in any "data."  This deficiency is highlighted by Plaintiff's bare, conclusory assertion that "the data contained in Plaintiff's email amounts to Plaintiff's personal property."  (Compl., ¶18) (emphasis added).  Indeed, Plaintiff has not even pleaded that the unspecified "keywords" are, in fact, hers.

Plaintiff's claim for conversion fails for the additional reason that Plaintiff never alleges the injury needed to pursue such a claim.  See Efird v. King, 2007 WL 2237465, at *4 (W.D. Ark. Aug. 3, 2007).  Here, the Complaint contains not a single allegation that Plaintiff's data or any other property was injured or sustained damage in any way as a result of Google's alleged

activities.  Nor does Plaintiff allege that she suffered any kind of monetary or other injury from Google's conduct.  Id.  This alone is sufficient reason to dismiss Plaintiff's conversion claim.[10]

2. **Plaintiff fails to state a claim for supplementary relief for computer trespass.**

The Arkansas Computer Trespass statute, ARK. CODE ANN. § 5-41-104, et seq., imposes criminal liability on a person who "intentionally and without authorization accesses, alters, deletes, damages, destroys, or disrupts any computer, computer system, computer network, computer program, or data."  Id. § 5-41-104(a).  The statute provides for a limited civil remedy only to those "person[s] whose property or person is injured by reason of" the computer trespass. § 5-41-106.  The Complaint fails to identify specific "property" that was allegedly trespassed. (See supra D.1.).  Moreover, absent from the Complaint is any allegation that Plaintiff or any property has been "injured by reason of" Google's alleged acts or sustained damage, providing another, independent, reason to dismiss the claim.   Indeed, Plaintiff's computer trespass claim fails because she merely recites the computer trespass statute, without providing specific factual allegations.  Walker v. Barrett, 650 F.3d 1198, 1209-10 (8th Cir. 2011); (see Compl., ¶28(c)).

3. **Plaintiff fails to state a claim for supplementary relief for unlawful act regarding a computer.**

Plaintiff fares no better under her statutory claim for Unlawful Acts Regarding A Computer.  As an initial and dispositive matter, this claim must be dismissed because Plaintiff cannot pursue a civil claim under this criminal statute.  In contrast to the computer trespass law discussed above (supra D.2.), there is no corresponding private right of action under the "unlawful acts" statute.  The inclusion of an express private right of action in the Computer Trespass statute demonstrates that the Arkansas Legislature did not merely neglect to address the

---

[10] In similar circumstances, Arkansas courts have dismissed claims where injury was not sufficiently alleged to meet the standards of Rule 8 and 12. See, e.g., Rose v. Etoch, No. CV-08-0305, 2009 WL 6527374, at *2 (Ark. Cir. Ct. June 29, 2009) (dismissing complaint where, despite praying for $1 million in compensatory and $2 million in punitive damages, plaintiff had not provided a "specific allegation of damages" in the complaint), aff'd, 2010 Ark. App. 305 (2010) (affirming dismissal under Rule 12(b)(6) for, inter alia, failure to allege damages by facts).

issue in the related "unlawful acts" statute and acted purposefully in omitting a civil claim for violations of Section 5-41-202.  See, e.g., Keene Corp. v. United States, 508 U.S. 200, 208 n.70 (1993)  ("[W]here Congress includes particular language in one section of a statute but omits it in another . . . , it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.") (quoting Russello v. United States, 464 U.S. 16, 23 (1983)).

In spite of this, Plaintiff invokes ARK. CODE ANN. § 16-118-107, which allows civil remedies for criminal violations in limited circumstances.  That provision states that "[a]ny person injured or damaged by reason of conduct of another person that would constitute a felony under Arkansas law may file a civil action to recover damages based on the conduct."  Id. (emphasis added).  This provision has no application here because Plaintiff does not even purport to allege that Google's alleged acts caused any actual injury or damage.  Section 16-118-107 does not apply, and Plaintiff has no tight of action, Plaintiff fails to allege facts sufficient to support her contention that Google's actions amount to a felony-level violation of Section 5-41-202.  To do so, Plaintiff would be required to demonstrate that the unlawful act regarding a computer: "(A) Was committed to devise or execute a scheme to defraud or illegally obtain property; (B) Caused damage in excess of five hundred dollars ($500); or (C) Caused an interruption or impairment of a public service . . . ."  ARK. CODE ANN. § 5-41-202(b)(2).  Plaintiff's only reference to this statutory provision is the conclusory allegation that Google acted "to devise or execute a scheme to defraud or illegally obtain property."  (Compl., ¶28d).

Even ignoring the lack of any private right of action, Plaintiff's claim under the "unlawful acts" statute fails for additional reasons.  Under § 5-41-202, "[a] person commits an unlawful act regarding a computer if the person knowingly and without authorization . . . [m]odifies, damages, destroys, discloses, uses, transfers, conceals, takes, retains possession of, copies, obtains or attempts to obtain access to, permits access to or causes to be accessed, or

enters data or a program that exists inside or outside a computer, system, or network." ARK. CODE ANN. § 5-41-202(a)(1).  Other than stating, in conclusory terms, that "Google takes data from Plaintiff's email, some of which Google identifies as 'keywords,'" (Compl., ¶10), Plaintiff does not allege facts showing how Google's alleged acts fit within the definitions and purposes of the statute. Id. § 5-41-201(3).  As with the Computer Trespass claim, the Court should not adopt a broad-brush approach that sweeps in all uses of "data" because such an interpretation would violate Arkansas's fact pleading standards.  Accordingly, this claim should be dismissed. See Christiansen, 2012 WL 952813, at *6 ("These 'naked assertion[s]' without 'factual enhancement' are insufficient to state a plausible claim for relief.") (citation omitted) Accordingly, Plaintiff's claim for conversion must be dismissed.

####    4.    Plaintiff fails to state a claim for supplementary relief for theft of property.

Plaintiff's claim for theft of property must suffer the same fate.  The Arkansas "Theft of property" statute, ARK. CODE ANN. § 5-36-103 et seq., imposes criminal liability on a person who "knowingly" (1) takes or exercises unauthorized control over or makes an unauthorized transfer of an interest in the property of another person with the purpose of depriving the owner of the property; or (2) obtains the property of another person by deception or by threat with the purpose of depriving the owner of the property.

As a threshold matter, Plaintiff has no private right of action for "Theft of property." Plaintiff attempts to fashion a civil claim by invoking ARK. CODE ANN. § 16-118-107 which, as explained supra, D.3., provides that "[a]ny person injured or damaged by reason of conduct of another person that would constitute a felony under Arkansas law may file a civil action to recover damages based on the conduct."   Id. (emphasis added).   This provision has no application here because Plaintiff does not even purport to allege that Google's alleged acts caused any actual injury or damage.

Plaintiff also does not adequately plead that the alleged acts constitute a felony, as is required to properly allege a civil cause of action under § 16-118-107(a)(1).  She merely alludes, conclusorily stating "Google's theft is at a minimum a Class 'D' felony," nothing more. (Compl., ¶28(b)).   There is no allegation in the Complaint concerning the "value of the property."   Nor does Plaintiff allege any damages or injury caused by any alleged theft of data. See § 5-36-103(b)(3).

Even if Plaintiff can show that § 16-118-107 is applicable here, her claim must be dismissed because of her deficient explication of facts describing the "data" allegedly taken, and Plaintiff's claim of title in it, alone warrant dismissal of this statutory claim.   Twombly, 550 U.S. at 555–57.  (See supra D.1.).

Moreover, the Complaint falls woefully short of the Supreme Court's pleading requirements, as Plaintiff merely parrots the elements set forth in § 5-36-103.  (See Compl., ¶28(b)):

1.      The Complaint wholly lacks factual allegations demonstrating an essential element of a theft of property claim, namely, that Google "deprived" Plaintiff of property.  ARK. CODE ANN. §§ 5-36-103(a)(1), (a)(2).  Under the statute "deprive" means to:

> (A) Withhold property or to cause it to be withheld either permanently or under circumstances such that a major portion of its economic value, use, or benefit is appropriated to the actor or lost to the owner;
>
> (B) Withhold property or to cause it to be withheld with the purpose to restore it only upon the payment of a reward or other compensation; or
>
> (C) Dispose of property or use it or transfer any interest in it under circumstances that make its restoration unlikely.

ARK. CODE ANN. § 5-36-101(4)(A)-(C).  Plaintiff fails to allege that any data has been withheld, caused to be withheld, disposed of. or transferred.  Plaintiff complains only of the mere "use" of

data.  (Compl., ¶11).  Tellingly, absent from Plaintiff's Complaint is any allegation that Google's actions have prevented her from accessing data.

2. Plaintiff inadequately pleads that Google knowingly "takes or exercises unauthorized control over, or makes an unauthorized transfer" of any property (§ 5-36-103(a)(1)).  The fact that Plaintiff states she continues to voluntarily transmit emails with full knowledge of Google's purported "use" of data makes it implausible for her to contend that Google is exercising "unauthorized control" or is making "unauthorized transfers" of data. (Compl., ¶9, stating "Plaintiff…continues to send email to Gmail recipients").  Every time Plaintiff sends an email to a Gmail user, she authorizes the very conduct about which she complains.

3. Plaintiff also does not identify any specific acts of "deception" or "threats" (§ 5-36-103(a)(2)) that have allegedly enticed her to send and continue sending email to Gmail users. This case simply is not on par with theft by deception cases where a party was swindled out of property by dishonest practices.  See, e.g., McEntire v. State, 363 Ark. 473, 215 S.W.3d 658 (Ark. 2005) (elderly woman suffering from dementia duped into permitting withdrawal of funds from bank accounts and access to bonds); State v. Holmes, 66 S.W.3d 640 (Ark. 2002) (party knowingly obtained payment for sale of houses without intent to convey title to homes); Stanley v. State, 2009 WL 1017397 (Ark. Ct. App. April 15, 2009) (party knew he did not have enough funds in his bank account to cover property removed by female companion from Wal-Mart).[11]

Plaintiff's purported claim for "Theft of Property" should be dismissed because a party cannot merely rely upon formulaic recitations of the elements of a cause of action.  Walker v. Barrett, 650 F.3d at 1209-10.

---

[11] Indeed, Google was unable to find any cases supporting Plaintiff's attempt to extend the criminal act of theft by deception to the unauthorized access to or use of a person's email communications.

### E.   THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM FOR DECLARATORY JUDGMENT BECAUSE IT WILL NOT RESOLVE THE DISPUTE BETWEEN THE PARTIES, AND BECAUSE IT IS AN ABUSE OF PROCESS.

The United States Supreme Court has long held that the operation of the Declaratory Judgment Act is procedural, not substantive.  See Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671, 70 S.Ct. 876 (1950).[12]  The Declaratory Judgment Act does not create a cause of action, but rather simply provides a particular remedy.  See Walker Process Equip., Inc. v. FMC Corp., 356 F.2d 449, 451 (7th Cir.), cert. denied, 87 S.Ct. 56, 385 U.S. 824 (1966).[13]  When, as here, the declaratory judgment remedy is used for an improper purpose or will not resolve the dispute between the parties, then declaratory relief should be denied.

Plaintiff's lawsuit is, on its face, simply the first phase in what she would have be prolonged litigation against Google for allegedly intercepting "data" in her email messages to others.  This lawsuit, then, is not really a declaratory judgment action which also seeks supplementary relief.  Rather, it is the prelude to additional litigation.  Here, Plaintiff is asking the Court to establish a right she either cannot articulate or will not state for fear that it will reveal the fatal flaw of its preemption by ECPA.  Where a Plaintiff can offer only "a hint of a cause of action [she] does not warrant declaratory relief" because the issue she poses is not "real and substantial," but is "merely academic or speculative."  Fair v. Dekle, 367 F.2d 377, 377 (5th Cir. 1966).  In Fair, the plaintiff's appeal was dismissed because he could not plead any present or imminent injury caused by the statute from which he sought declaratory relief.  See id.  Here, Plaintiff can only suggest that if the Court grants her declaratory relief, then she might have

---

[12] When, as here, a state declaratory judgment action has been removed to federal court, it is treated as though it had been filed under the federal Declaratory Judgment Act.  See Jones v. Sears Roebuck & Co., 301 Fed. Appx. 276, 281 n.12 (4th Cir. 2008).  After removal, then, this Court should apply the federal Declaratory Judgment Act, not Arkansas law.  See Camacho v. Texas Workforce Comm'n, 445 F.3d 407, 409-10 (5th Cir. 2006) (stating that in Utica Lloyd's of Texas v. Mitchell, 138 F.3d 208 (5th Cir. 1998), the court "squarely held that the Declaratory Judgment Act is procedural for Erie purposes").

[13] The same is true of the state declaratory judgment act.  City of Fort Smith v. Didicom Towers, Inc., 362 Ark. 469, 474, 209 S.W.3d 344, 348 (2005) ("It is well settled that an action brought pursuant to [Arkansas'] Declaratory Judgment Act is intended to supplement, rather than supersede, ordinary causes of action.")

some claim against Google.  Moreover, the requested show-cause hearing would impermissibly invert the case, because instead of Plaintiff having to prove the elements of her causes of action against Google, Google would have to <u>disprove</u> them.  Such shifting of the burden of proof simply is not allowed.  Thus, Plaintiff's claims constitute an abuse of the declaratory judgment remedy and must be dismissed.

Even assuming Plaintiff has pleaded a cognizable cause of action, the law is also clear that a declaratory judgment must be dismissed unless it can resolve the entire controversy between the parties.  <u>See</u> <u>Shannon v. Sequeechi</u>, 365 F.2d 827, 829 (10th Cir. 1966) (affirming summary judgment against plaintiff who "sought to make an improper use of the Declaratory Judgment Act" because "the relief prayed for would not terminate the controversy"); <u>Lee v. Hunt</u>, 431 F. Supp. 371, 379 (W.D. La. 1977) ("Failure to demonstrate that the judgment will settle the controversy thus mandates a denial of the form of relief.").  Here, Plaintiff is attempting to try matters piecemeal, by first establishing some inchoate "property right."  Then, depending on the nature and scope of that ruling, she seeks a show-cause order that would reverse the proper burden of proof.  Therefore, this Court should exercise its discretion by dismissing Plaintiff's Complaint for the additional reason that the declaratory judgment would not resolve the entire controversy.

## IV.    CONCLUSION

Plaintiff's Complaint should be dismissed.  However artfully pled, Plaintiff's claims are preempted.  Plaintiff also lacks standing because her conclusory allegations of unspecified harm are insufficient to allege an Article III injury.  Plaintiff also fails to allege facts sufficient to make any claim under Arkansas law.  Other than unspecified "data," such as "keywords," Plaintiff has not identified the property about which she complains; nor has she articulated the nature of her claim of title in this unspecified data.  Finally, Plaintiff's claim for declaratory relief will not

resolve any dispute between the parties and constitutes an abuse of the declaratory judgment process.  For all these reasons, Plaintiff's claims should be dismissed.

Respectfully submitted,

/s/ Charles L. Babcock
Charles L. "Chip" Babcock, Lead Attorney
Texas State Bar No. 01479500
David T. Moran
Texas State Bar No. 14419400
Carl C. Butzer
Texas State Bar No. 03545900
Shannon Zmud Teicher
Texas State Bar No. 24047169
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas  75202
(214) 953-6000
(214) 953-5822 - Fax
Email: cbabcock@jw.com

George L. McWilliams
Arkansas State Bar No. 68078
Law Office of George L. McWilliams, P.C.
Post Office Box 58
Texarkana, Texas-Arkansas 75504
(870) 772-2055
(870) 772-0513 – Fax
Email: glmlawoffice@gmail.com

ATTORNEYS FOR DEFENDANT
GOOGLE INC.

## CERTIFICATE OF CONFERENCE

Counsel for Google Inc. complied with the meet and confer requirements of Local Rule 6.2.  The meet and confer took place on, April 6, 2012, between George McWilliams and Sean Rommel on behalf of Plaintiff Julie Sheppard.  Plaintiff's counsel is opposed to the relief sought in this Motion.  Accordingly, the Motion is submitted to the Court.

/s/ Charles L. Babcock
Charles L. Babcock

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2012, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Western District of Arkansas, using the electronic case files system of the court.  The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means.  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail today, April 9, 2012.

/s/ Charles L. Babcock
Charles L. Babcock