

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

APR 25 2012

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

| | | |
|---|---|---|
| JULIE SHEPPARD, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action 4:12-cv-04022-SOH |
| | § | |
| GOOGLE, INC., and YAHOO!, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

## FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

SUBJECT TO PLAINTIFF'S MOTION TO REMAND, COMES NOW the Plaintiff, JULIE SHEPPARD, by and through her attorneys, and for her First Amended Complaint for Declaratory Judgment would show the Court as follows:

## PARTIES AND JURISDICTION

1. This matter is brought pursuant to Rule 57 of the Arkansas Rules of Civil Procedure and ARK. CODE ANN. §§ 16-111-101, *et seq*., to determine the rights and status of the parties with regard to Plaintiff's claim of proprietary ownership in all data of her electronic mail (hereinafter "email") prior to the receipt of the email by the recipients who are (1) Gmail account holders of the Defendant, Google, Inc. (hereinafter "Google") and/or (2) Yahoo! Mail account holders of the Defendant, Yahoo!, Inc. (hereinafter "Yahoo!"). Further, Plaintiff alleges a separate cause of action for appropriation of name and likeness.

2. Pursuant to Rule 57, Plaintiff respectfully requests a "speedy hearing."

3. Plaintiff is a resident of Little River County, State of Arkansas.

4.   Defendant, Google, Inc., is a Delaware corporation, whose principal place of business is at 1600 Amphitheatre Parkway, Mountain View, County of Santa Clara, State of California. Google is a party to this action.

5.   Defendant, Yahoo!, Inc., is a Delaware corporation, whose principal place of business is at 701 First Avenue, Sunnyvale, California 94089.

6.   The Circuit Court of Little River County, Arkansas, has jurisdiction over this matter pursuant to ARK. CODE ANN. §§ 16-111-101, *et seq.*, specifically § 16-111-103 and § 16-111-104, in order to determine the property interests in personal property toward which Plaintiff asserts Google and Yahoo! have acted adversely.  Should supplemental relief be sought pursuant to ARK. CODE ANN. § 16-111-110 and upon the filing of "the application" for supplemental relief by "petition to a court having jurisdiction to grant relief" as required by § 16-111-110(b), additional subject matter jurisdiction exists in the Circuit Court of Little River County, Arkansas, for Plaintiff's contemplated supplemental causes of action for conversion; violations of ARK. CODE ANN. §§ 5-36-103, 5-41-104, and 5-41-202; and breach of bailment or conversion by bailment.  In addition, the Circuit Court of Little River County, Arkansas, has jurisdiction over Plaintiff's claims for appropriation of name and likeness.

7.   There is no basis for federal question jurisdiction.  Plaintiff specifically excludes any cause of action that would create federal question jurisdiction and make this case removable on that basis. Pursuant to Ark. R. Civ. P. 8(a) and Arkansas Code Annotated § 16-63-221, Plaintiff states that the "amount in controversy" for Plaintiff is limited to less than $75,000 recovery individually, inclusive of interest, costs, attorneys' fees derived from any basis, and damages in whatever form whether requested or not.  Further, the undersigned and identified Counsel of Record for Plaintiff, state that they do not and will not seek any award of attorneys' fees which

would cause in any way the final judgment in this matter to exceed the sum of $75,000 recovery for Plaintiff. Plaintiff further stipulates that although she sets forth multiple legal theories of recovery and remedies, she does not seek a double or duplicative recovery.

8. Venue is proper in Little River County pursuant to ARK. CODE ANN. § 16-55-213(a)(1) and (a)(3), in that the proprietary interest was created in Little River County, Arkansas, and Plaintiff resides in Little River County, Arkansas.

## FACTS

9. Google operates a webmail service known as "Gmail."

10. Yahoo! operates a webmail service known as "Yahoo! Mail."

11. Plaintiff has sent email to Gmail recipients from a non-Gmail account.

12. Plaintiff has sent email to Yahoo! Mail recipients from a non-Yahoo! Mail account.

13. Prior to the Gmail users ever receiving Plaintiff's email, Google takes data from Plaintiff's email.

14. Prior to the Yahoo! Mail users ever receiving Plaintiff's email, Yahoo! takes data from Plaintiff's email.

15. Google takes Plaintiff's data in connection with various activities, one of which includes taking Plaintiff's data to generate advertisements ("corresponding advertisements") for subsequent display to the Gmail users when the Gmail user opens the email.

16. Yahoo! takes Plaintiff's data in connection with various activities, one of which includes taking Plaintiff's data to generate advertisements ("corresponding advertisements") for subsequent display to the Yahoo! Mail users when the Yahoo! Mail user opens the email.

17. Google and Yahoo! generate income from advertisers as a result of taking Plaintiff's data from Plaintiff's email.

18. In addition to deriving income from advertisers as a result of taking Plaintiff's data, Google and Yahoo! take Plaintiff's data for other purposes for which Google and Yahoo! obtain benefit.

19. Google disavows any ownership in the content of Plaintiff's email to Gmail users.

20. Yahoo! disavows any ownership in the content of Plaintiff's email to Yahoo! Mail users.

21. Google is not a recipient of or a party to Plaintiff's emails sent to Gmail users.

22. Yahoo! is not a recipient of or a party to Plaintiff's emails sent to Yahoo! users.

23. Google's exercise of control of Plaintiff's data occurs prior to the Gmail user's receipt and review of the Plaintiff's email. As such, no transfer of ownership or property rights from Plaintiff have occurred.

24. Yahoo!'s exercise of control of Plaintiff's data occurs prior to the Yahoo! Mail user's receipt and review of the Plaintiff's email. As such, no transfer of ownership or property rights from Plaintiff have occurred.

25. Google has exercised control and will continue to exercise control over Plaintiff's data.

26. Yahoo! has exercised control and will continue to exercise control over Plaintiff's data.

27. At the time Google exercises control of the data in Plaintiff's emails, the data contained in Plaintiff's email amounts to Plaintiff's personal property.

28. At the time Yahoo! exercises control of the data in Plaintiff's emails, the data contained in Plaintiff's emails amounts to Plaintiff's personal property.

29. Any value associated with Plaintiff's data is Plaintiff's personal property.

30. Plaintiff has not authorized Google or Yahoo! to in any way exercise control of Plaintiff's data for any purpose, but certainly not for the purpose of (1) taking data from Plaintiff's email or (2) generating revenue from the value Google and Yahoo! derives from taking Plaintiff's data.

31. Prior to receiving and reviewing Plaintiff's emails, Gmail and Yahoo! Mail users are without authority to grant any person rights to, license to, use of, or any control over Plaintiff's property interest, Plaintiff's data, and the value of the data contained therein.

32. Neither Google nor Yahoo! have compensated Plaintiff for the exercise of control over Plaintiff's data; the use of any of Plaintiff's data; or the benefit of the value from Plaintiff's data. However, both Google and Yahoo! openly claim to investors the monetary value in obtaining data such as Plaintiff's, and each Defendant pays specific and particularized sums of money for the same type of data to these providers. Both Google and Yahoo! define the payment of monies to others for the same type of data as "traffic acquisition costs." To avoid paying these "traffic acquisition costs," both Google and Yahoo! exercise control over Plaintiff's data, use Plaintiff's data, and benefit from the value of Plaintiff's data—all without compensation to Plaintiff. Accordingly, Plaintiff has been economically harmed.

33. Google and Yahoo! have acted adversely to the property interests of Plaintiff.

## CAUSE(S) OF ACTION

### Count I: Declaration of Personal Property Interest

34. Pursuant to ARK. CODE ANN. § 16-111-101, Google and Yahoo! are a "person," in that Google and Yahoo! are corporations of any character whatsoever.

35. Pursuant to ARK. CODE ANN. § 16-111-103(a), Plaintiff seeks from this Court a declaration that all data in Plaintiff's email, prior to the receipt and review of that email by a Gmail user or a Yahoo! Mail user, is the sole personal property of Plaintiff, based in part, but not limited to:

a. Common law;

b. Legislative intent pursuant to ARK. CODE ANN. § 4-59-201(10), "'Property' means anything that may be the subject of ownership;"

c. Legislative intent pursuant to ARK. CODE ANN. § 5-36-101(7), "'Property' means severed real property or tangible or intangible personal property, including money or any paper or document that represents or embodies anything of value;"

d. Legislative intent pursuant to ARK. CODE ANN. § 5-41-102(10), "'Property' includes, but is not limited to, a financial instrument, data, computer program, document associated with a computer or computer program, or a copy of a financial instrument, data, computer program, or document associated with a computer or computer program, whether tangible or intangible, including both human and computer readable data, and *data while in transit*." (Emphasis added to denote ownership even while in transit);

e. Legislative intent pursuant to ARK. CODE ANN. § 5-41-201(10), "'Property' means anything of value and includes a financial instrument, information, electronically produced data, program, and any other tangible or intangible item of value;" and

f. Legislative intent pursuant to ARK. CODE ANN. § 9-11-401, "'Property' means an interest, present or future, legal or equitable, vested or contingent, in real or personal property, including income and earnings."

36. Plaintiff seeks from this Court a declaration that Google and Yahoo! have no ownership

interest in or property rights in Plaintiff's data.

37. Pursuant to ARK. CODE ANN. §§ 16-111-103(a) and 16-111-104, Plaintiff seeks from this

Court a declaration that prior to receiving and reviewing Plaintiff's emails, Gmail users and

Yahoo! Mail users are without authority to grant any person rights to, license to, use of, or any

control over Plaintiff's property interest in Plaintiff's data.

## Count I cont.: Supplementary Relief

38. Pursuant to ARK. CODE ANN. § 16-111-110, should the Court find in favor of Plaintiff's

requested declarations above and upon the "application therefor" made "by petition" pursuant to

§ 16-111-110(b), Plaintiff respectively asks the Court to order Google and Yahoo! to show cause

why further relief should not be granted forthwith, to include a demonstration by Google and

Yahoo! as to why Defendants' acts adverse to Plaintiff's property interests would not amount to:

a. conversion;

b. violation of ARK. CODE ANN. § 5-36-103 Theft of Property, in that Google and Yahoo! (1) takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of Plaintiff, with the purpose of depriving the owner of the property; or (2) obtains the property of another person, by deception, with the purpose of depriving the owner of the property. Pursuant to § 5-36-103, Defendants' theft is at a minimum a Class "D" felony. Pursuant to ARK. CODE ANN. § 16-118-107, said conduct is actionable civilly.

c. violation of ARK. CODE ANN. § 5-41-104 Computer Trespass, in that Google and Yahoo! commit computer trespass with regard to Plaintiff's data, and pursuant to ARK. CODE ANN. §§ 5-41-106(a) & (b), Plaintiff can recover "any damages" and the Court can take action to "prevent possible reoccurrence of the same or similar act."

d. violation of ARK. CODE ANN. § 5-41-202(a) Unlawful Act Regarding A Computer, in that Google and Yahoo! commit an unlawful act regarding a computer, and pursuant to § 5-41-202(b)(2) Google and Yahoo! do so to devise or execute a scheme to defraud or illegally obtain property—all actionable pursuant to ARK. CODE ANN. § 16-118-107.

e. In the alternative, a breach of bailment or conversion by bailment in that Defendants' acts amount to a derogation of a possessory right if such a possessory right is found.

## Count II: Appropriation of Name and Likeness

39. As Google admits, "We can certainly make our advertising much more effective to the degree we have more information about *who your friends are*—and, again, with your permission, *we can tie that in.*" Eric Schmidt, Google CEO, September 24, 2010, interview with Charlie Rose, PBS (emphasis added).

40. As Yahoo! recognizes, "We recognize revenue from display advertising on Yahoo! Properties and Affiliates sites as 'impressions' are delivered. Impressions are delivered when an advertisement appears in pages viewed by users . . . .Traffic acquisition costs ('TAC') are payments made to third-party entities that have integrated our advertising offerings into their Websites or other offerings and payments made to the companies that *direct consumer and business traffic to Yahoo! Properties.*" Yahoo, Inc., Form 10-K, filed February 29, 2012, page 38, Revenue Sources.

41. Plaintiff's email received by Gmail and Yahoo! Mail users display Plaintiff's name, likeness, and identity.

42. Plaintiff's name, likeness, and identity are displayed each time the email is opened and re-opened thereafter. Accordingly, use of Plaintiff's name, likeness, and identity is not limited to the first opening of Plaintiff's email to the recipient.

43. Plaintiff' name, likeness, and identity include Plaintiff's actual name, Plaintiff's email address, and/or Plaintiff's ideas attributed to Plaintiff.

44. Google and Yahoo! use and continue to use Plaintiff's name, likeness, and identity without Plaintiff's permission each time Plaintiff's email is displayed to the recipient.

45. By using Plaintiff's name, likeness, and identity, Google and Yahoo! gained and continue to gain a commercial benefit or some other advantage, to include by not be limited to:

a. Defendants' intent to associate or elicit an association with Plaintiff's name, likeness, and identity with a corresponding displayed advertisement;

b. Defendants' use of Plaintiff's name, likeness, and identity to attract attention to a corresponding displayed advertisement;

c. Defendants' use of Plaintiff's name, likeness, and identity to make more interesting a corresponding displayed advertisement;

d. Defendants' use of Plaintiff's name, likeness, and identity in connection with a corresponding service rendered by Defendants; and/or

e. Defendants' use of Plaintiff's name, likeness, and identity for a purpose or benefit to Defendants for which Defendants ought to pay.

46. Plaintiff has been harmed by Google's and Yahoo!'s use of Plaintiff's name, likeness, and identity, to include but not limited to Plaintiff's economic injury when she is denied compensation for such use in the amount of the added value to the corresponding advertisements. Plaintiff asserts her name, likeness, and identity make the corresponding advertisements have a greater value. As such, Defendants profit from Plaintiff's name, likeness, and identity.

47. As a direct result of the use of Plaintiff's name, likeness, and identity, Plaintiff seeks monetary damages for the benefit Defendant's derive from the use Plaintiff's name, likeness, an identity.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays this Court find in favor of Plaintiff through the requested declarations of property interests; find in favor of Plaintiff as to her Appropriation of Name and Likeness claim; and grant and award Plaintiff all relief to which she may prove herself entitled consistent with her pleadings.

Respectfully submitted,

Sean F. Rommel
Arkansas Bar No. 94158
srommel@wylyrommel.com
James C. Wyly
Arkansas Bar No. 90158
jwyly@wylyrommel.com
**WYLY~ROMMEL, PLLC**
4004 Texas Boulevard
Texarkana, Texas 75503
(903) 334-8646 (Telephone)
(903) 334-8645 (Facsimile)

M. Chad Trammell
Arkansas Bar No. 95125
chad@thetrammellfirm.com
**THE TRAMMELL LAW FIRM, PLLC**
418 North State Line Avenue
Texarkana, AR 71854
(870) 779-1860 (Telephone)
(870) 779-1861 (Facsimile)

Eric T. Bishop
Arkansas Bar No. 89174
**BISHOP & BISHOP**
P.O. Box 609
Ashdown, Arkansas 71822
(870) 898-5058 (Telephone)
(870) 898-8110 (Facsimile)

Bryan Chesshir
Arkansas Bar No. 91054
122 W. Bishop Street
Nashville, Arkansas 71852
(501) 845-5030 (Telephone)
(501) 845-0268 (Facsimile)

George Matteson
Arkansas Bar No. 2000096
Jeff Harrelson
Arkansas Bar No. 96118
**HARRRELSON & MATTESON, P.A.**
300 North State Line Avenue
Texarkana, Arkansas 71854
(870) 772-0300 (Telephone)
(870) 772-0302 (Facsimile)

Chris Travis
Arkansas Bar No. 97093
Travis@gill-law.com
Drake Mann
Arkansas Bar No. 87108
mann@gill-law.com
**GILL ELROD RAGON OWEN
& SHERMAN, P.A.**
425 West Capitol Avenue, Suite 3801
Little Rock, Arkansas 72201
(501) 376-3800 (Telephone)
(501) 372-3359 (Facsimile)

## ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2012, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Western District of Arkansas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means. All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail today.

Sean F. Rommel