# EXHIBIT B

LAW
KF
31
.J8
1986
cop.2 RESS

*LAW*
*KF*
*31*
*J8*
*1986*
*cop.2*

PROPERTY OF
DEC 10 1986
SOCIAL SECURITY
ADMIN. LIBRARY

Calendar No. 1064

| 99th Congress | SENATE | { REPORT 99-541 } |

# ELECTRONIC COMMUNICATIONS PRIVACY ACT OF 1986

OCTOBER 17 (legislative day, OCTOBER 10), 1986.—Ordered to be printed

Mr. THURMOND, from the Committee on the Judiciary,
submitted the following

## REPORT

[To accompany S. 2575]

The Committee on the Judiciary, to which was referred the bill (S. 2575) having considered the same, reports favorably thereon with an amendment in the nature of a substitute and recommends that the bill, as amended, do pass.

### CONTENTS

|   |   | Page |
|---|---|---|
| I. | Purpose | 1 |
| II. | History | 3 |
| III. | Statement | 5 |
| IV. | Glossary | 8 |
| V. | Section-by-section analysis | 11 |
| VI. | Agency views | 50 |
| VII. | Cost estimate | 51 |
| VIII. | Regulatory impact statement | 52 |
| IX. | Vote of committee | 52 |
| X. | Changes in existing laws | 52 |

### I. PURPOSE

The Electronic Communications Privacy Act amends title III of the Omnibus Crime Control and Safe Streets Act of 1968—the Federal wiretap law—to protect against the unauthorized interception of electronic communications. The bill amends the 1968 law to update and clarify Federal privacy protections and standards in light of dramatic changes in new computer and telecommunications technologies.

When the Framers of the Constitution acted to guard against the arbitrary use of Government power to maintain surveillance over citizens, there were limited methods of intrusion into the "houses,

91-010 O

an injunction. The term "violation" in this context refers to each viewing of a private video communication and to each reception of a part 74 D radio communication.

*Subsection 101(e)— Exclusivity of remedies with respect to electronic communications*

Subsection 101(e) of the Electronic Communications Privacy Act amends subsection 2518(10) of title 18 to add a paragraph (c) which provides that with respect to the interception of electronic communications, the remedies and sanctions described in this chapter are the only judicial remedies and sanctions available for nonconstitutional violations of this chapter involving such communications. In the event that there is a violation of law of a constitutional magnitude, the court involved in a subsequent trial will apply the existing Constitutional law with respect to the exclusionary rule.

The purpose of this provision is to underscore that, as a result of discussions with the Justice Department, the Electronic Communications Privacy Act does not apply the statutory exclusionary rule contained in title III of the Omnibus Crime Control and Safe Streets Act of 1968 to the interception of electronic communications.

Similarly, the Electronic Communications Privacy Act does not amend the Communications Act of 1934. Conduct in violation of that statute, will continue to be governed by that statute.

*Subsection 101(f)—State of mind*

Subsection 101(f) of the Electronic Communications Privacy Act changes the state of mind required to violate section 2511 or section 2512 of title 18 of the United States Code from "willful" to "intentional." The purpose of this amendment is to underscore that inadvertent interceptions are not crimes under the Electronic Communications Privacy Act.

As used in the Electronic Communications Privacy Act, the term "intentional" is narrower than the dictionary definition of "intentional." "Intentional" means more than that one voluntarily engaged in conduct or caused a result. Such conduct or the causing of the result must have been the person's conscious objective. An "intentional" state of mind means that one's state of mind is intentional as to one's conduct or the result of one's conduct if such conduct or result is one's conscious objective. The intentional state of mind is applicable only to conduct and results. Since one has no control over the existence of circumstances, one cannot "intend" them.

As indicated in the Judiciary Committee's report to accompany the Criminal Code Reform Act of 1981 (S. 1630):

> The highest degree of culpability is present if a person engages in conduct (or causes a result) *intentionally*, that is, "if it is his conscious objective or desire to engage in the conduct (or cause the result)." A common means to describe conduct as intentional, or to say that one causes the result intentionally, is to state that it is done or accomplished "on purpose."