# EXHIBIT D



*CV-200901704-A-F*

*00010*

FILED
FT. SMITH DIST.

2009 SEP 2 PM 2 37

CIR. CLERK SEB. CO.

## IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
## CIVIL DIVISION

ARIANA PRICE                                                        PETITIONER

VS.                              NO. CV-2009- 1704 (VI)

USAA CASUALTY INSURANCE COMPANY                    RESPONDENT

### PETITION FOR DECLARATORY JUDGMENT

Comes now the Petitioner, ARIANA PRICE, by and through her attorneys, Nolan,

Caddell & Reynolds, P.A., and for her Petition against USAA Casualty Insurance

Company (hereinafter referred to as "Insurer") states as follows:

### PARTIES AND JURISDICTION

1.      This Petition is brought pursuant to Rule 57 of the Arkansas Rules of Civil

*Procedure, and Arkansas Code Annotated, Sections 23-89-202, 207-208, to determine the*

rights and status of the parties with respect to the Respondent's claimed subrogation lien

based upon its payment of medical benefits under Plaintiff's medical pay provision

contained in her policy of motor vehicle insurance; the rights and status of the parties under

the Insurer's contract of insurance under which Petitioner is insured; and Petitioner's right

to recover damages as a result of the Insurer's "bad faith" in adjusting Petitioner's

insurance claim and its unfair claim settlement practices.

EXHIBIT

B

2.     Insurer is a foreign insurance company authorized to do business in the State of Arkansas. *Insurer's registered agent for service of process is* Kilpatrick, Williams, Smith & Meeks, 500 Broadway, Suite 404, Little Rock, AR 72201-3343.

3.     At all times referenced herein, Petitioner has been a citizen and resident of Sebastian County, Arkansas.

4.     This is an action arising out of a contract of motor vehicle insurance issued by Insurer under which Petitioner was an insured at the time of a motor vehicle accident occurring in Sebastian County, Arkansas on February 25, 2007.

5.     This Court has jurisdiction over the parties and subject matter hereto and venue is proper.

### FACTS

6.     On February 25, 2007, Petitioner was a passenger in a motor vehicle being driven by her father when the vehicle was involved in a motor vehicle accident in Sebastian County, Arkansas.

7.     *At the time of the motor vehicle accident, Petitioner and the motor vehicle in which she was a passenger was insured by* Insurer, policy number 00417 42 45U 7105 3. A copy of the Declarations Page of said policy of insurance is attached hereto as Exhibit "A." A certified copy of the policy will be acquired in discovery and filed with the Court.

8.     Petitioner was injured in the motor vehicle accident on February 25, 2007, said injuries consisting of, but not limited to injuries to her left arm and shoulder, head injury

2

with a possible loss of consciousness, back injuries, and temporomandibular jaw dysfunction (TMJ) which is a permanent injury and will require continuing dental care and treatment for the remainder of Plaintiff's life. At the time of the motor vehicle accident, Plaintiff was 18 years of age.

9.      Plaintiff has incurred medical bills in excess of $5,000.00 and will continue to incur medical expenses for the remainder of her life. Over $5,000.00 in medical bills were submitted to the Insurer with a demand that it make payment under the medical expense coverage under the policy, which had limits of $5,000.00. The Insurer made payment of the $5,000.00.

10.     Petitioner settled her bodily injury claim against the driver who was responsible for causing the motor vehicle accident and his insurance carrier for the amount of $22,500.00. This settlement was a compromise agreement entered into as a result of a mediation session conducted by ADR Inc. in Fort Smith, Arkansas.

11.     Petitioner settled her claim for the $22,500.00 instead of taking her case to trial due to the uncertainties of litigation and the added expenses associated with jury trials.

12.     The Petitioner's settlement was reduced by $9,000.00 attorney's fee, legal expenses of $835.81, and payment to a medical care provider of $578.95. Petitioner owes her health insurance company for medical bills it has paid resulting from the injuries sustained in the accident in the approximate amount of $1,603.00. Insurer claims a lien or subrogation interest upon Petitioner's settlement proceeds.

3

13.     The injuries sustained by Petitioner in the motor vehicle accident were both temporary and permanent injuries; Petitioner has experienced pain and suffering in the past and will continue to experience pain and suffering in the future; she has incurred medical/dental expenses in the past and will continue to incur medical/dental expenses for the remainder of her life; all of which amounts to bodily injury damages sustained by Petitioner in the motor vehicle accident in an amount in excess of the amount for which Petitioner agreed to settle. Petitioner does not believe that the net settlement amount that she received adequately and fully compensates her for the damages she sustained and she therefore demanded that Insurer waive its lien/subrogation claim based upon its payment of the $5,000.00 medical payments. Insurer has refused to waive its lien/subrogation claim.

14.     As part of the settlement agreement, the driver's insurer wrote a check payable to Petitioner, Petitioner's attorneys, and USAA in the amount of $3,333.67 which represents the maximum amount of Insurer's subrogation claim as a result of its payment of the $5,000.00 medical payments. This amount represents the $5,000.00 less a one-third attorney's fee. This amount does not cover the Insurer's pro-rata portion of the expenses incurred.

## COUNT I.

### DECLARATORY RELIEF PERTAINING TO INSURER'S FAILURE TO ESTABLISH AN ENFORCEABLE LIEN OR CLAIM FOR SUBROGATION

15.     For purposes of Count I, Petitioner realleges, readopts and incorporates all allegations set forth in paragraphs 1 through 14 above as if set forth word for word herein.

16.     Petitioner seeks a declaration of this Court, pursuant to Rule 57 of the Arkansas Rules of Civil Procedure, Arkansas Code Annotated Sections 23-89-202, 207-208, the Arkansas case law explaining the above cited rule and statutes, and the case law pertaining to the "made whole" doctrine, that Insurer does not have valid lien or claim for subrogation. Insurer has failed to establish, at the time it asserted its lien or subrogation claim, or at any time thereafter, that Petitioner has been made whole, as is required by Arkansas case law.

17.     Petitioner is entitled to a declaration by the Court that Insurer has not established that Petitioner was made whole and a declaration the Petitioner in fact has not been "made whole" as a result of the acceptance of the settlement offer of the tortfeasor and his carrier. Therefore, the Insurer does not have a valid lien or claim for subrogation for the medical payments Insurer made under its insuring agreement. "Subrogation is recognized or denied upon equitable principles" and "an insured's right to subrogation takes precedent over that of an insurer, so the insured must be wholly compensated before an insurer's right to subrogation arises; therefore, the insurer's right to subrogation arises only in situations

5

where the recovery by the insured exceeds his or his total amount of damages incurred."

*Shelter Mut. Ins. co. v. Kennedy*, 347 Ark. 184, at 188-189, 60 S.W.3d 458 (2001), quoting

*Franklin v. Healthsource of Arkansas*, 328 Ark. 163, 942 S.W.2d 837 (1997).

## COUNT II.
## BREACH OF CONTRACT AND VIOLATION OF THE ARKANSAS UNFAIR TRADE PRACTICES ACT, A.C.A. §23-66-206

18.     For purposes of Count II, Petitioner hereby realleges, readopts, and incorporates all allegations set forth in paragraphs 1 through 17 of her Petition above as if set forth word for word herein.

19.     As part of its contractual relationship with Petitioner, Insured agreed, either expressly or by implication of law, that it would be bound by the laws of the State of Arkansas in regards to the interpretation of its policy and how claims for benefits under the policy would be handled.

20.     Insurer has engaged in unfair claims settlement practices by committing or performing with such frequency as to indicate a general business practice, the following acts:

     a.     Failed to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts of applicable law for denial of claims or for its offers of compromise settlement;

6

b.       Failed to promptly provide a reasonable basis in the insurance policy in relation to the facts of applicable law for denial of a claim or for the offer of a compromise settlement;

c.       Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by those insureds; and

d.       Not attempting in good faith to effectuate prompt, fair, and equitable settlement of claims in which liability has become reasonably clear.

21.      As a result of these breaches of contract and violations of the Arkansas Unfair Trade Practices Act, Petitioner has been damaged by Insurer's actions, including, but not limited to, Petitioner has been deprived of the full benefit of the settlement agreement she entered into with the tortfeasor due to Insurers' assertion of an invalid lien or claim for subrogation; Petitioner has been required to retain the services of legal counsel to enforce her legal and contractual rights and she and her counsel are incurring expenses to enforce these rights against the Insurer.

## COUNT III

## TORT OF "BAD FAITH" BY THE RESPONDENT

22.      For purposes of Count III, Petitioner hereby realleges, readopts and incorporates all allegations set forth in paragraphs 1 through 21 of her Petition as if set forth word for word herein.

23.     The Petitioner has sustained damages and continues to sustain damages due to Insurer's assertion of an invalid lien or claim for subrogation. These damages arise out of Petitioner's inability to make full collection of the settlement she entered into with the tortfeasor and his carrier as described above; she has been required to retain legal counsel to enforce her rights against the Insurer; and she and her attorney are incurring expenses in order to enforce her contractual and statutory rights as described above.

24.     Insurer is guilty of bad faith by intentionally, affirmatively, and maliciously attempting to avoid liability to Petitioner under its policy of insurance and the laws of the State of Arkansas by asserting a lien or claim for subrogation against Petitioner's settlement proceeds knowing that it was not entitled to assert such lien or claim for subrogation. Such actions on the part of Insurer has been done solely to coerce or force Petitioner to give to Insurer a part of Petitioner's third party settlement, knowing that it was not entitled to recover any portion of the settlement.

25     Insurer, by and through its agents and representatives, intentionally and affirmatively, with malice and ill will, refused to provide Petitioner an explanation of the basis in the insurance policy in relation to the facts of applicable law for its continuing assertion of its lien/subrogation claim, knowing the law requires it to provide an explanation.

26.     Insurer also intentionally and affirmatively, with malice and ill will, refused to provide Petitioner with an explanation of the facts upon which it based its decision that

8

Petitioner had not been made whole. This intentional conduct, done with malice, was in direct violation of its responsibility and duty to its insured. Insurer intentionally refused to provide such information to Petitioner on more than one occasion, although Petitioner demanded such an explanation.

27.     Insurer intentionally and with malice refused to provide Petitioner with the guidelines that are used by Insurer to determine if one of its insureds has been "made whole." These repeated denials were intentional and affirmative acts, done with malice, on the part of the Insurer and was done in bad faith towards Petitioner.

28.     Without providing Petitioner with the factual and legal basis for Insurer's continuing assertion of a lien or claim for subrogation against Petitioner's settlement proceeds, Insurer in effect has extorted money from the Petitioner and these actions prevent its insureds from having a basis to determine whether such decisions were made in good faith and based upon the law and facts. By intentionally refusing to provide this information, Insurer is intentionally and affirmatively, with malice, attempting to enforce illegal and invalid claims of a lien or claims for subrogation.

29.     Insurer, without adequate investigation of the validity of its asserted liens and claims for subrogation, asserts such liens and claims for the sole purpose of forcing its insureds to pay it money that it is not entitled, and if its insureds refused to be so coerced, it forces its insureds to file lawsuits in order to defeat these invalid liens and subrogation claims.

9

30.     All of the actions and conduct of Insurer, by and through its agents and

representatives, were done intentionally and with malice to force Petitioner, and others in

like situation, to give Insurer a portion of their third party settlements, knowing that Insurer

is not entitled to any portion of the settlement.

31.     Insurer intentionally and with malice refused to release its claim for subrogation or

its assertion of a lien on Petitioner's settlement proceeds, knowing it was not entitled to

asset such lien or claim for subrogation for the reasons set forth herein.


### DAMAGES

32.     As a direct and proximate result of the actions of the Insurer as set forth above,

Petitioner has not been able to receive full payment and benefit of the settlement that she

entered into with the third party tortfeasor and his insurer; she has been required to retain

the services of legal counsel  and incur expenses to enforce her rights against Insurer; all to

her harm and detriment in a sum and amount less than the Federal District Court

requirements for diversity of citizenship cases.

33.     Additionally, due to the actions of the Insurer as set forth above, Petitioner is

entitled to punitive damages against the Insurer, in an amount that will punish Insurer and

deter other insurance companies from engaging in the same or similar conduct.

        *WHEREFORE, premises considered,* Petitioner prays that the Court declare that

she was not "made whole" as a result of her acceptance of the settlement proceeds from the

10

third party tortfeasor and his carrier; declare Petitioner had not been "made whole" at the time Insurer asserted its lien or claim for subrogation; declare that Insurer failed to establish that Petitioner had been "made whole" at any time; direct that Insurer endorse the check of the third party so that it can be placed into an account until this Court's further orders; that Petitioner have judgment against Insurer for all compensatory damages she has sustained as set forth above; that Petitioner be awarded judgment for punitive damages against Insurer; for a jury trial on all issues that are not equitable in nature; for her costs and fees incurred for bringing and pursuing this action; for prejudgment and post judgment interest; for a 12% statutory penalty, costs and a reasonable attorneys fee pursuant to A.C.A. § 23-79-209; and for all other just, proper and legal relief to which Petitioner may show herself entitled.

Bennett S. Nolan ABA# 78120
NOLAN, CADDELL & REYNOLDS, P.A.
P.O. BOX 184
FORT SMITH, AR 72902
(479) 782-5297
FAX (479) 782-5184

PETITIONER DEMANDS TRIAL BY JURY