UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| JULIE SHEPPARD, § § § Plaintiff, § § v. § § GOOGLE INC. and YAHOO!, INC., § § Defendant. § § § | Civil Action No. 4:12-cv-04022-SOH |

## GOOGLE INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Google Inc. ("Google") submits this Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), requesting dismissal of the claims against Google set forth in the First Amended Complaint ("Amended Complaint") filed by Plaintiff Julie Sheppard, and respectfully states the following:

1. Plaintiff's claims against Google should be dismissed because they are preempted. The Electronic Communications Privacy Act ("ECPA") offers the "only judicial remedies and sanctions" available to Plaintiff. 18 U.S.C. §2518(10)(c); §2708. Because Congress has provided the exclusive remedies for conduct regulated by ECPA, Plaintiff's state law claims for declaratory relief, supplementary relief, and misappropriation are completely preempted and must be dismissed. Alternatively, Plaintiff's claims are expressly and impliedly preempted by ECPA and must be dismissed.

2. Plaintiff's claims against Google should be dismissed because Plaintiff lacks standing. Plaintiff's conclusory allegations of the interception and use of "data" resulting in unspecified harm are insufficient to allege a violation of Plaintiff's rights under Article III.

3.     Plaintiff fails to state a claim for supplementary relief for conversion.  The Amended Complaint fails to sufficiently identify the property to which she supposedly has a claim of title, and Plaintiff has failed to adequately plead the basis for her claim of title in any "data."  Plaintiff's claim against Google for supplementary relief for conversion should be dismissed.

4.     Plaintiff fails to state a claim for supplementary relief for computer trespass. ARK. CODE ANN. § 5-41-104.  The statute provides for a limited civil remedy only to those "person[s] whose property or person is injured by reason of" the computer trespass. § 5-41-106. The Amended Complaint fails to identify specific "property" that was allegedly trespassed. Moreover, absent from the Amended Complaint is any allegation that Plaintiff or any property has been "injured by reason of" Google's alleged acts or sustained damages, providing another, independent, reason to dismiss the claim.  Plaintiff's claim against Google for supplementary relief for computer trespass should be dismissed.

5.     Plaintiff fails to state a claim for supplementary relief for unlawful act regarding a computer.  ARK. CODE ANN. § 5-41-202.  Plaintiff cannot pursue a civil claim under this criminal statute because it does not provide a private right of action.  Alternatively, ARK. CODE ANN. § 16-118-107 does not apply to Plaintiff's claim because Plaintiff fails to allege facts sufficient to support her contention that Google's actions amount to a felony-level violation of Section 5-41-202.  Plaintiff fails to adequately identify the data about which she complains, which also means she has failed to adequately plead the basis for her claim of title in any data.  Plaintiff's claim against Google for supplementary relief for unlawful act regarding a computer should be dismissed.

6.     Plaintiff fails to state a claim for supplementary relief for theft of property.  ARK. CODE ANN. § 5-36-103.  Plaintiff's claim should be dismissed for the following, independent

reasons: (a) ARK. CODE ANN. § 16-118-107 does not apply to Plaintiff's claim because she does not adequately plead that the alleged acts constitute a felony, as is required to properly allege a civil cause of action under that statute; (b) because of her deficient explication of facts describing the "data" allegedly taken, and Plaintiff's claim of title in it; (c) the Amended Complaint lacks factual allegations demonstrating an essential element of a theft of property claim, namely, that Google "deprived" Plaintiff of property; and (d) Plaintiff has no claim under ARK. CODE ANN. § 5-36-103(a)(2) because Plaintiff does not identify any specific acts of "deception" or "threats" that have allegedly caused her to send email to Gmail users.

7. Plaintiff makes no effort to properly plead any claim for bailment. She does not properly plead what "data" she complains of, or how she claims title in the data. Plaintiff also fails to contend that a contractual relationship existed. Accordingly, Plaintiff's cause of action for breach of bailment or conversion by bailment should be dismissed.

8. Count I of Amended Complaint should be dismissed because it constitutes an abuse of the declaratory judgment process. Plaintiff attempts to turn recognized causes of action (for conversion and the like) into a declaratory judgment claim that results in piecemeal litigation and the improper shifting of the burden of proof to Google by making it respond to a requested show-cause order. The Declaratory Judgment Act, 28 U.S.C. § 2201, does not create a cause of action, yet Plaintiff impermissibly attempts to use a declaratory judgment as a substitute for ordinary causes of action.

9. Plaintiff fails to state a claim for appropriation of name and likeness under Arkansas law. She has failed to make a sufficient "showing" that she is "entitled to relief." Plaintiff has not pled a cognizable injury; has not alleged that the public was able to identify her in the alleged use of her name or likeness; and fails to sufficiently allege defendant "used" her "name, likeness, or identity." To the extent Plaintiff's appropriation claim is based upon the

Lanham Act it must be dismissed for failure to allege sufficient facts to support a claim. Plaintiff's suggestion here that she has such an interest merely because she is known to her own email message recipients does not rise to the level necessary to invoke the Lanham Act's protection for identities that are "akin to a trademark."

      10.    A memorandum of law in support of this motion is filed contemporaneous herewith.

      FOR ALL THESE REASONS, which are detailed in the supporting memorandum incorporated herein, Google prays that this motion be granted and that claims pled against Google in Plaintiff's First Amended Complaint be dismissed.

Respectfully submitted,

/s/ Charles L. Babcock
Charles L. "Chip" Babcock, Lead Attorney
Texas State Bar No. 01479500
David T. Moran
Texas State Bar No. 14419400
Carl C. Butzer
Texas State Bar No. 03545900
Shannon Zmud Teicher
Texas State Bar No. 24047169
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas  75202
(214) 953-6000
(214) 953-5822 - Fax
Email: cbabcock@jw.com

George L. McWilliams
Arkansas State Bar No. 68078
Law Office of George L. McWilliams, P.C.
Post Office Box 58
Texarkana, Texas-Arkansas 75504
(870) 772-2055
(870) 772-0513 – Fax
Email: glmlawoffice@gmail.com

ATTORNEYS FOR DEFENDANT
GOOGLE INC.

**CERTIFICATE OF CONFERENCE**

Counsel for Google Inc. complied with the meet and confer requirements of Local Rule 6.2.  The meet and confer took place on, May 21, 2012, between George McWilliams and Sean Rommel on behalf of Plaintiff Julie Sheppard.  Plaintiff's counsel is opposed to the relief sought in this Motion.  Accordingly, the Motion is submitted to the Court.

/s/ Charles L. Babcock
Charles L. Babcock

**CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2012, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Western District of Arkansas, using the electronic case files system of the court.  The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means.  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail today, May 21, 2012.

/s/ Charles L. Babcock
Charles L. Babcock