UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

|  |  |  |
|---|---|---|
| JULIE SHEPPARD, | § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 4:12-cv-04022-SOH |
| GOOGLE INC. and YAHOO!, INC., | | |
| Defendant. | | |

**GOOGLE INC.'S BRIEF IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Google Inc. ("Google") submits this Brief in Support of its Motion to Dismiss Plaintiff's First Amended Complaint and would show the Court as follows:

## I.    SUMMARY

This lawsuit marks the second baseless effort by Plaintiffs' counsel to attack Gmail, Google's free webmail.  The first was in a putative class action filed in Texarkana, <u>Keith Dunbar, Individually, and as Representative on Behalf of Similarly Situated Persons v. Google Inc.</u>, Cause No. 5:10-CV-00194-DF (E.D. Tex.) ("<u>Dunbar v. Google</u>").  In that case, pending since November, 2010, plaintiff Keith Dunbar claims that Google's Gmail service constitutes a violation of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §2511 <u>et seq.</u>[1] Unsatisfied by the course of events in <u>Dunbar v. Google</u>, Plaintiff's counsel filed the instant case in Arkansas state court.[2]  Seeking to perform an end run of ECPA, the First Amended Complaint ("FAC") here is based on the same facts alleged in <u>Dunbar v. Google</u>.  The only difference is that Plaintiff purports to bring the case pursuant to Arkansas law, namely as a declaratory judgment action, a request for supplementary relief, and a claim for misappropriation.[3]  Google urges the Court to see Plaintiff's claims for what they really are—causes of action that seek redress for alleged activities that are preempted by ECPA.

Plaintiff's claims against Google cannot survive a motion to dismiss for at least five

---

[1] On March 16, 2012, Judge Folsom in <u>Dunbar v. Google</u> entered an order denying Plaintiff's motion for class certification.  That order is under seal pursuant to an Agreed Protective Order.  The action was reassigned to Judge Michael H. Schneider on March 20, 2012.

[2] After filing this lawsuit, Plaintiffs' counsel filed another state court action, in Texas, in <u>Davis v. Google Inc. et al.</u>, Civil Case No. 12C0247-102.  That case was removed to the United States District Court for the Eastern District of Texas, Texarkana Division, <u>Davis v. Google</u>, Civil Action No. 5:12-cv-00026 ("<u>Davis v. Google</u>").  There, in response to the removal of <u>this</u> action, the plaintiff purported to disclaim any cause of action arising under ECPA, and contended that the "plaintiff's data" involved not the body of an email but only certain header information in plaintiff's email.  Like this case, however, the claims in <u>Davis v. Google</u> merely were a permutation of the same set of contentions at issue in <u>Dunbar v. Google</u>.  On April 6, 2012, the plaintiff in <u>Davis v. Google</u> abruptly filed a Notice of Dismissal.  Recently, Plaintiff's counsel suggested they may attempt to add Ms. Davis as a plaintiff in <u>Dunbar v. Google</u>.

[3] Plaintiff has also added Yahoo!, Inc. as a defendant in the FAC.  Defendant Yahoo!, Inc. has been served, but has not yet answered.  Contrary to Plaintiff's assertion that this Court lacks jurisdiction over this action, (FAC, 2-3), Plaintiff has invoked this Court's jurisdiction by joining Yahoo! as a defendant.

reasons:

First, Plaintiff's claims are preempted.  ECPA offers the "only judicial remedies and sanctions" available to Plaintiff.   18 U.S.C. §2518(10)(c); §2708.   Because Congress has provided the exclusive remedies for conduct regulated by ECPA, Muskovich v. Crowell, 1995 WL 905403, *1 (S.D. Iowa Mar. 21, 1995), Plaintiff's state law claims for declaratory relief, supplementary relief and misappropriation are completely preempted and must be dismissed. Alternatively, Plaintiff's claims are expressly and impliedly preempted by ECPA and must be dismissed.

Second, Plaintiff lacks Article III standing, as she is unable to specify what, if any, harm she suffered as a result of the alleged interception and use of the "data."  See Gaos v. Google Inc., 2011 WL 7295480, at *3 (N.D. Cal. Apr. 7, 2011) ("Plaintiff's conclusory allegations of disclosures of communications resulting in unspecified harm in violation of the ECPA, not supported by any facts, are insufficient to allege violation of Plaintiff's statutory rights"); LaCourt v. Specific Media, Inc., 2011 WL 1661532 (C.D. Cal. Apr. 28, 2011).

Third, Plaintiff fails to allege facts sufficient to make any claim under Arkansas law to support the declaration of "personal property interest" alleged in Count I.  Other than unspecified "data," Plaintiff has not identified the property about which she complains; nor has she articulated the nature of her claim of title in this unspecified data.  The balance of her claims in Count I of the FAC merely regurgitates some of the elements of causes of action under Arkansas law.  But, as the Eighth Circuit recently held, "[a] gallimaufry of labels, conclusions, formulaic recitations, naked assertions and the like will not pass muster." Christiansen v. West Branch Cmty. Sch. Dist., 674 F.3d 927, 934 (8th Cir. 2012) (citation omitted).  Accordingly, the claims pleaded in Count I must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Fourth, Count I of the FAC constitutes an abuse of the declaratory judgment process.

The Declaratory Judgment Act, 28 U.S.C. § 2201, does not create a cause of action, yet Plaintiff impermissibly attempts to use a declaratory judgment as a substitute for ordinary causes of action.  See Walker Process Equip., Inc. v. FMC Corp., 356 F.2d 449, 451 (7th Cir. 1966); see also Wilmans v. Sears, Roebuck and Co., 355 Ark. 668, 672, 144 S.W.3d 245, 247 (2004). If Plaintiff is allowed to proceed, this would create piecemeal litigation and the improper shifting of the burden of proof to Google by making it respond to a requested show-cause order.

Fifth, Plaintiff fails to state a claim for appropriation of name and likeness under Arkansas law.  Plaintiff has not pled a cognizable injury, has not alleged that the public was able to identify her in the alleged use of her name or likeness, and fails to sufficiently allege defendant "used" her "name, likeness, or identity."  Cohen v. Facebook, Inc., 798 F.Supp.2d 1090, 1097 (N.D. Cal. 2011) ("Cohen I"); Cohen v. Facebook, Inc., 2011 WL 5117164, at *3 (N.D. Cal. Oct. 27, 2011) ("Cohen II").  To the extent Plaintiff's appropriation claim is based upon the Lanham Act, 15 U.S.C. § 1125(a)(1), it must be dismissed for failure to allege sufficient facts to support a claim.  Plaintiff's suggestion here, that she has such an interest merely because she is known to her own email message recipients, does not rise to the level necessary to invoke the Lanham Act's protection for identities that are "akin to a trademark." Cohen I, 798 F.Supp.2d at 1097.

## II.     PLAINTIFF'S ALLEGATIONS

The FAC alleges that Google, in the operation of its Gmail webmail service[4], takes data from Plaintiff's email she has sent to Gmail recipients.  (FAC, ¶¶9, 11).  Plaintiff claims Google takes Plaintiff's data "to generate advertisements . . . for subsequent display to the Gmail users"

---

[4] Google's "Gmail" is one of the most feature-rich and popular email services in the world.  For example, Gmail blocks spam before it gets to a user's inbox; currently translates foreign language emails; allows for instant searching within Gmail to find the exact message a user is looking for; groups messages with the relevant responses, so that messages can be viewed in context; enables users to label messages; facilitates free phone calls in the U.S. and Canada; reads email to the blind; automatically separates out important email messages; scans emails for, among other things, spam filtering and virus detection; and supplies each user with several gigabytes of hard disk storage space for emails and photos.  See, e.g., http://mail.google.com/mail/help/about.html.

to whom she has sent an email, and which are displayed "when the Gmail user opens the email." (FAC, ¶15).  Contending that the "data" contained in unidentified email she sends to Gmail users "amounts to" her "personal property," (FAC, ¶27), Plaintiff seeks a declaration that "all data in Plaintiff's email, prior to the receipt and review of that email by a Gmail user . . ., is [her] sole personal property."  (FAC, ¶35).[5]

"[S]hould the Court find in favor of Plaintiff's requested declarations,"[6] (FAC, ¶38), Plaintiff seeks a show cause order requiring Google to demonstrate why its acts would not amount to tortious conduct and violations of various Arkansas statutes: Conversion, "Civil action by crime victim" (ARK. CODE ANN. § 16-118-107), "Theft of property" (ARK. CODE ANN. § 5-36-103), "Computer trespass" (ARK. CODE ANN. § 5-41-104), "Unlawful act regarding a computer" (ARK. CODE ANN. § 5-41-202), and "breach of bailment or conversion by bailment." (FAC, ¶¶38a.-e.).  In addition, Plaintiff claims her "name, likeness and identity are displayed each time the email is opened and re-opened thereafter" and this amounts to "use" that provides Google a "commercial benefit or some other advantage."  (FAC, ¶¶ 42, 44-46).

### III.   ARGUMENTS AND AUTHORITIES

#### A.   APPLICABLE STANDARD FOR DISMISSAL.

If a complaint does not establish standing under Article III of the U.S. Constitution, then a federal court does not have jurisdiction under Rule 12(b)(1).  FED. R. CIV. P. 12(b)(1); see generally Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  Moreover, to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[5] The FAC implies that email "data," whether typed by her or by others, is "owned" by her until a Gmail user "receives and reviews" the email.  (FAC, ¶31).

[6] Plaintiff asserts she is entitled to such declaratory relief based on common law, and the definitions of the term "property" in ARK. CODE ANN. §§ 4-59-201(10), 5-36-101(7), 5-41-102(10), 5-41-201(10) and 9-11-401.  (FAC, ¶35a.-f.).

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  In other words, a plaintiff's pleading obligation includes two requirements: fact-based pleading and plausibility.

First, Rule 8 requires more than a plaintiff's bare averment that she wants relief and is entitled to it.  Instead, the complaint must include allegations about the "circumstances, occurrences, and events in support of the claim."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3 (2007); accord Crest Const. II, Inc. v. Doe, 660 F.3d 346, 353 (8th Cir. 2011).  Conclusory allegations and legal conclusions will not prevent a motion to dismiss.  See Coffee.org, Inc. v. Green Mountain Coffee Roasters, Inc., 2012 WL 511485, at *5 (W.D. Ark. Feb. 15, 2012).  Second, the plaintiff must plead facts that "state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570; accord Crest Const. II, 660 F.3d at 353.  In particular, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  Iqbal, 129 S. Ct. at 1950.  These established principles mandate dismissal of Plaintiff's against Google in the FAC in their entirety, as set forth below.

### B.   PLAINTIFF'S CLAIMS AGAINST GOOGLE SHOULD BE DISMISSED BECAUSE THEY ARE PREEMPTED BY ECPA.

#### 1.   Complete Preemption.

Plaintiff's claims are completely preempted by the Electronic Communications Privacy Act ("ECPA").  Under the doctrine of complete preemption, "the preemptive force of a federal statute is so complete that it transforms complaints styled as ordinary common-law claims into ones stating a federal claim."  Peters v. Union Pac. R.R. Co., 80 F.3d 257, 260 (8th Cir. 1996).

A review of the FAC reveals that Plaintiff clearly alleges a claim under ECPA.  ECPA is comprised of the Wiretap Act and the Stored Communications Act ("SCA"), which play complementary roles in Congress' regulatory scheme.  18 U.S.C. §2511 et seq.; 18 U.S.C. §2701 et seq.  The Wiretap Act imposes liability on a person who (1) intentionally (2) intercepted (or

used knowing or having reason to know the information was obtained through interception) (3) the contents of (4) an electronic communication (5) using a device and (6) that no statutory exceptions, such as consent, apply.  18 U.S.C. §2511(1)(a), (d).  The FAC requests declaratory relief (FAC, ¶¶35-37), alleges interception and use of email content by Google (id. at ¶¶13, 15, 16, 17, 23, 32, 35, 41-46),[7] and alleges that any interception was without consent (id. at ¶¶23, 35, 37).  This alleged conduct is plainly within the contours of ECPA.  See 18 U.S.C. §2511(1)(a) (interception), (1)(d) (use of intercepted content); §2511(2)(d) (consent exception); §2520(b)(1) (declaratory relief); Muskovich v. Crowell, 1995 WL 905403, *1 (S.D. Iowa Mar. 21, 1995).[8]

To determine whether ECPA completely preempts a state law cause of action, a court must evaluate whether Congress intended the federal cause of action to be exclusive.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1 (2003).  The court must "examine the text and structure of a statute to determine if it is the 'clear and manifest purpose of Congress' to preempt an area of state law."  Peters, 80 F.3d at 261.  The Eighth Circuit instructs that "[i]f the statute contains an express preemption clause, then the statutory construction should center on its plain meaning as the best evidence of Congress's preemptive intent."  Id.

Congress' preemptive intent is plain from the statutory language of ECPA, which includes this express preemption clause under the Wiretap Act:

> The remedies and sanctions described in this chapter with respect to the interception of electronic communications are the only judicial remedies and sanctions for nonconstitutional violations of this chapter involving such communications.

---

[7] Plaintiff's newly alleged claim for "appropriation of name and likeness" relates to the alleged "use" of Plaintiff's name when a Gmail user opens or re-opens Plaintiff's email.  (FAC, ¶42).  Because Plaintiff claims her emails are intercepted, this alleged misappropriation is another "use" under 18 U.S.C. §2511(1)(d).

[8] Alternatively, Plaintiff's misappropriation claim relates to stored content under SCA.  SCA imposes liability on a person who (1) intentionally (2) accesses (3) without authorization or by exceeding an authorization (4) a facility through which an electronic communication service is provided and (5) thereby obtains, alters, or prevents authorized access to (6) an electronic communication (7) while it is in electronic storage and (8) no statutory exceptions apply.  18 U.S.C. §2701(a), (c).  Whether under the Wiretap Act or SCA, Plaintiff's misappropriation claim alleges conduct within ECPA.

18 U.S.C. §2518(10)(c) (emphasis added).  Nearly identical language is found in SCA, which likewise provides that the "remedies and sanctions described in this chapter are the only judicial remedies and sanctions for nonconstitutional violations of this chapter."  18 U.S.C. §2708.

Muskovich is helpful here.  There, the defendant removed the case to federal court on the basis that plaintiff's state law causes of action were completely preempted by SCA, 18 U.S.C. §2708.  The court examined SCA, 18 U.S.C. §2708, and found:

> When Congress adopts an express preemption provision, it is clear their intent is to oust state law.  In section 2708, Congress unequivocally expressed an intent to "occupy the field" and provide the exclusive remedies for conduct regulated by ECPA. Congress makes use of express preemption to achieve uniform application of federal law.

Muskovich, 1995 WL 905403, at *1 (internal citations omitted).[9]  The court found removal proper due to complete preemption, holding:

> Plaintiff contends defendant['s] conduct constitutes intentional infliction of emotional distress under Iowa tort law.  But that claim based on Iowa law concerns conduct regulated by ECPA and is therefore preempted.

Id. at *1-2.

So, here too, the FAC, requesting declaratory relief, alleging interception and use of email content by Google, and alleging that any interception was without consent, comes plainly within the contours of ECPA.  Thus, the remedy for the alleged conduct is not found under Arkansas law; rather, Congress provided "the exclusive remedies for conduct regulated by ECPA," Muskovich, 1995 WL 905403, at *1.  Accordingly, Plaintiff's state law claims against Google for declaratory relief, supplementary relief, and misappropriation are completely preempted and should be dismissed.

Alternatively, Plaintiff's claims are expressly and impliedly preempted by ECPA.  The

---

[9] See also Quon v. Arch Wireless Op. Co., 445 F. Supp. 2d 1116 (C.D. Cal. 2006), aff'd in part, rev'd in part on other grounds, 529 F.3d 892 (9th Cir. 2008), and rev'd and remanded, 130 S. Ct. 2619 (2010); Bunnell v. Motion Picture Ass'n of Am., 567 F. Supp. 2d 1148 (C.D. Cal. 2007).

Supremacy Clause provides Congress the authority to expressly preempt state law or impliedly do so where congressional intent to supersede state law may be inferred.  Pet Quarters, Inc. v. Depository Trust & Clearing Corp., 559 F.3d 772, 780 (8th Cir. 2009).  There are three recognized forms of preemption—express, field and conflict preemption.  Id.  Each is applicable.

### 2.    Express Preemption.

A state law claim is expressly preempted when a federal statute states the congressional intention to preempt state law by defining the scope of preemption.  Pet Quarters, Inc., 559 F.3d at 780.  In relation to express preemption, "the task of statutory construction must in the first instance focus on the plain wording of the clause, which necessarily contains the best evidence of Congress' preemptive intent."  CSX Transp. v. Easterwood, 507 U.S. 658, 664 (1993).

As discussed above, Congress' intent is plainly expressed in ECPA's exclusive remedies provision under the Wiretap Act, 18 U.S.C. §2518(10)(c).  Muskovich, 1995 WL 905403, at *1.  Other courts have similarly found state law claims to be expressly preempted by ECPA's exclusive remedies provisions.  Bunnell v. Motion Picture Ass'n of Am., 567 F. Supp. 2d 1148 (C.D. Cal. 2007) (granting summary judgment on invasion of privacy claim due to express preemption under Wiretap Act, 18 U.S.C. §2518(10)(c)); Quon, 445 F. Supp. 2d at 1138 (granting summary judgment on invasion of privacy and state constitutional claims due to express preemption under SCA, 18 U.S.C. §2708, and noting "Congress' command in enacting section 2708 is clear").

In Bunnell, the plaintiffs alleged the defendants' actions "in configuring the email software to copy and forward [p]laintiffs' incoming and outgoing emails" violated ECPA and California's Invasion of Privacy Act.  Bunnell, 567 F. Supp. 2d at 1151.  The court found that the conduct was expressly preempted by the Wiretap Act under 18 U.S.C. §2518(10)(c) due to the clear intent that the "'remedies and sanctions described in this chapter with respect to the

interception of electronic communications are the <u>only</u> judicial remedies and sanctions for nonconstitutional violations of this chapter[.]'" <u>Id.</u> (emphasis added).

Similarly, Plaintiff alleges here that "prior to the Gmail users ever receiving Plaintiff's email" Google "takes data from Plaintiff's email" and "use[s] Plaintiff's data" (FAC, ¶¶13, 15, 32), without her or the Gmail user's consent, (<u>id.</u> at ¶¶ 23, 31, 36, 37).  Such conduct is plainly covered by ECPA, <u>see</u> 18 U.S.C. §2511(1)(a), (1)(d), (2)(d), and is expressly preempted. <u>Bunnell</u>, 567 F. Supp. 2d at 1154-55.  Plaintiff's state law claims against Google must therefore be dismissed.

### 3.      Field Preemption.

Field preemption exists "where a federal statutory or regulatory scheme is so pervasive in scope that it occupies the field, leaving no room for state action."  <u>Pet Quarters, Inc.</u>, 559 F.3d at 780.  When Congress provides for a private right of action, the normal inference is that Congress intended to preclude all other remedies for the same substantive right.  <u>See generally</u> <u>City of Rancho Palos Verdes v. Abrams</u>, 544 U.S. 113, 121-22 (2005).

ECPA's comprehensive scheme and private right of action give rise to the reasonable inference that Congress intended to supplant all other remedies.  As the <u>Bunnell</u> court explained, "[t]he scheme of the ECPA is very comprehensive: it regulates private parties' conduct, law enforcement conduct, outlines a scheme covering both types of conduct and also includes a private right of action for violation of the statute."   <u>Bunnell</u>, 567 F. Supp. 2d at 1154. Accordingly, numerous courts have recognized that ECPA sets forth precisely the type of comprehensive statutory scheme that "'left no room'" for state regulation.  <u>Id.</u> at 1154-55 (finding plaintiff's California Invasion of Privacy claim was expressly preempted and field preempted by the Wiretap Act); <u>In re Google Inc. Street View Elec. Commc'ns Litig.</u>, 794 F. Supp.2d 1067, 1085 (N.D. Cal. 2011) (holding ECPA's "scheme leaves no room in which the

states may further regulate.").[10]   Therefore, Plaintiff's state law claims against Google are field

preempted and must be dismissed.  Bunnell, 567 F. Supp. 2d at 1155.

### 4.    Conflict Preemption.

Conflict preemption occurs "where state law has not been completely displaced but is

superseded to the extent that it conflicts with federal law."  Pet Quarters, Inc., 559 F.3d at 780.

Preemption has been found to exist when a party's compliance with both federal and state law

would be impossible or where state law would pose an obstacle to the accomplishment of

congressional objectives.  Id.

ECPA sets forth a comprehensive, free-standing liability scheme with a private right of

action and specific statutory exceptions.  For example, there is no violation of ECPA when the

interception occurs with the consent of just one of the parties to the communication, see 18

U.S.C. §2511(2)(d), if the alleged activities were conducted in the "ordinary course of business,"

see 18 U.S.C. §2510(5)(a)(ii), or if the alleged activities were a "necessary incident to the

rendition of [the] service," see 18 U.S.C. §2511(2)(a)(i).  Indeed, ECPA's legislative scheme

strikes a fragile balance of providing communications technologies bright line rules and safe

harbors on the one hand, while protecting certain aspects of an individual's electronic

communications on the other.  See In re Street View, 794 F. Supp.2d at 1085.

Plaintiff's state law claims for interception and use of electronic communications conflict

with ECPA's careful balance of rights, exceptions and exclusive remedies.  Thus, Plaintiff's state

law claims against Google likewise should be dismissed under conflict preemption.  See Cohen

v. Pelicano, 2:05-CV-01485, at *9 (Docket No. 19) (C.D. Cal. July 12, 2005) (rejecting Cal.

Civil Code §1714.10 required a pre-filing screening process before an ECPA claim could be

---

[10] See also Quon, 445 F. Supp. 2d at 1138 ("In light of the breadth of the SCA regulatory scheme and the clear command concerning the exclusivity of remedies (aside from federal constitutional claims) contained in section 2708 for conduct covered by the statute, it stands to reason 'that Congress 'left no room' for supplementary state regulation.'"); see generally Voicenet Commc'ns, Inc. v. Corbett, 2006 WL 2506318, at *6 (E.D. Pa. Aug. 30, 2006) (holding ECPA's "comprehensive civil remedies" preempt 42 U.S.C. §1983 remedies).

brought in federal court and noting it "would be preempted by federal law because it interferes with the exercise of a federal right.").

### C.   THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS AGAINST GOOGLE BECAUSE SHE LACKS STANDING TO BRING THEM.

Plaintiff has failed to plead facts sufficient to establish Article III standing.  Plaintiff alleges no harm and articulates no injury.  See Lujan, 504 U.S. at 560-61 (holding plaintiffs must allege that (1) they suffered an injury in fact, (2) there is a causal connection between the injury and the alleged conduct, and (3) the injury may be redressed by a favorable decision).  Here, Plaintiff does not claim any privacy right in the content at issue.  At best, Plaintiff complains Google generates "income from advertisers as a result of taking Plaintiff's data from Plaintiff's email." (FAC, ¶¶17).  Such conclusory allegations of the interception and use of "data" resulting in unspecified harm is insufficient to allege a violation of Plaintiff's rights.  See Gaos, 2011 WL 7295480, at *3 ("Plaintiff's conclusory allegations of disclosures of communications resulting in unspecified harm in violation of the ECPA, not supported by any facts, are insufficient to allege violation of Plaintiff's statutory rights").

The FAC adds the new allegation that the same type of data, when received from other "providers," is valuable to Google as "traffic acquisition costs."  (FAC, ¶32).  Plaintiff alleges she has been purportedly harmed as a result because she was not likewise compensated for her unspecified "data."  (Id.).  Numerous courts have rejected similar theories as insufficient for Article III standing.  See LaCourt, 2011 WL 1661532, at *3-6 (plaintiffs failed to allege injury in fact because they provided no facts showing plaintiffs "themselves ascribed an economic value to their unspecified personal information" and did not "explain how they were 'deprived' of the economic value of their personal information simply because their unspecified personal information was purportedly collected"); Low v. LinkedIn Corp., 2011 WL 5509848, *3-6 (N.D. Cal. Nov. 11, 2011) (plaintiff failed to allege "how he was foreclosed from capitalizing on the

value of his personal data" or economically harmed simply because "the data collection industry generally considers consumer information valuable, and that he relinquished his valuable personal information without the compensation he was due").[11]

Plaintiff has not established Article III standing, and the Court should dismiss her claims against Google.

### D. ALTERNATIVELY, THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS AGAINST GOOGLE FOR SUPPLEMENTARY RELIEF IN COUNT I BECAUSE SHE FAILS TO PROPERLY STATE THOSE CLAIMS.

#### 1. Plaintiff fails to state a claim for supplementary relief for conversion.

"A conversion in the sense of the law of trover, consists either in the appropriation of the thing to the party's own use and beneficial enjoyment, or in its destruction, or in exercising dominion over it, in exclusion or defiance of the plaintiff's rights, or in withholding the possession from the plaintiff, under a claim of title, inconsistent with his own." Ray v. Light, 34 Ark. 421, 427 (1879); In re Jackson, 203 B.R. 146, 148 (E.D. Ark. 1996); see also Auston v. Loyd, 533 F. Supp. 737, 740 (W.D. Ark. 1982), aff'd, ---Fed. Appx.---, 691 F.2d 503 (8th Cir. 1982). The FAC fails to sufficiently identify the "thing," or property, to which she supposedly has a claim of title. See Travelers Cas. & Surety Co. of Am., Inc. v. Bank of the Ozarks, 2011 WL 3444063, at *5 (E.D. Ark. Aug. 8, 2011) (failure to plead a cognizable right of title or property ownership is adequate grounds for dismissal). Plaintiff merely contends "Google takes data from Plaintiff's email." (FAC, ¶13) (emphasis added). Such a meager description of "property" alleged to have been taken cannot satisfy the pleading requirements enunciated in Iqbal and Twombly. Plaintiff's lack of specificity about the "data" at issue consequently also means she has failed to adequately plead the basis for her "claim of title" in any "data." This

---

[11] Other cases have generally held that collection of such data is not an economic loss. See, e.g., In re Doubleclick, Inc., Privacy Litig., 154 F. Supp. 2d 497, 525 (S.D.N.Y. 2001) (holding that unauthorized collection of personal information through "cookies" by a third party was not an economic loss); In re JetBlue Airways Corp., Privacy Litig., 379 F. Supp. 2d 299, 327 (E.D.N.Y. 2005) (holding disclosure of passenger data to third party had no compensable value).

deficiency is highlighted by Plaintiff's bare, conclusory assertion that "the data contained in Plaintiff's email <u>amounts to</u> Plaintiff's personal property."  (FAC, ¶27) (emphasis added).

### 2.    Plaintiff fails to state a claim for supplementary relief for computer trespass.

The Arkansas Computer Trespass statute, ARK. CODE ANN. § 5-41-104, <u>et seq.</u>, imposes criminal liability on a person who "intentionally and without authorization accesses, alters, deletes, damages, destroys, or disrupts any computer, computer system, computer network, computer program, or data."  <u>Id.</u> § 5-41-104(a).  The statute provides for a limited civil remedy only to those "person[s] whose property or person is injured by reason of" the computer trespass. <u>Id.</u> § 5-41-106.  The FAC fails to identify specific "property" that was allegedly trespassed.  (<u>See</u> <u>supra</u> D.1.).  Moreover, absent from the FAC is any allegation that Plaintiff or any property has been "injured by reason of" Google's alleged acts or sustained damage, providing another, independent, reason to dismiss the claim.  Indeed, Plaintiff's computer trespass claim fails because she merely recites the computer trespass statute, without providing specific factual allegations.  <u>Walker v. Barrett</u>, 650 F.3d 1198, 1209-10 (8th Cir. 2011); (<u>see</u> FAC, ¶38(c)).

### 3.    Plaintiff fails to state a claim for supplementary relief for unlawful act regarding a computer.

Plaintiff fares no better under her statutory claim for Unlawful Acts Regarding A Computer.  Plaintiff cannot pursue a civil claim under this criminal statute.  In contrast to the computer trespass law discussed above (<u>supra</u> D.2.), there is no corresponding private right of action under the "unlawful acts" statute.  The inclusion of an express private right of action in the Computer Trespass statute demonstrates that the Arkansas Legislature did not merely neglect to address the issue in the related "unlawful acts" statute and acted purposefully in omitting a civil claim for violations of Section 5-41-202.  <u>See, e.g.</u>, <u>Keene Corp. v. United States</u>, 508 U.S. 200, 208 (1993)  ("[W]here Congress includes particular language in one section of a statute but omits

it in another . . . , it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.") (quoting Russello v. United States, 464 U.S. 16, 23 (1983)).

In spite of this, Plaintiff invokes ARK. CODE ANN. § 16-118-107, which allows civil remedies for criminal violations in limited circumstances.  That provision states that "[a]ny person injured or damaged by reason of conduct of another person that would constitute a felony under Arkansas law may file a civil action to recover damages based on the conduct."  Id. Section 16-118-107 does not apply, and Plaintiff has no right of action, because Plaintiff fails to allege facts sufficient to support her contention that Google's actions amount to a felony-level violation of Section 5-41-202.  To do so, Plaintiff would be required to demonstrate that the unlawful act regarding a computer: "(A) Was committed to devise or execute a scheme to defraud or illegally obtain property; (B) Caused damage in excess of five hundred dollars ($500); or (C) Caused an interruption or impairment of a public service . . . ."  ARK. CODE ANN. § 5-41-202(b)(2).  Plaintiff's only reference to this statutory provision is the conclusory allegation that Google acted "to devise or execute a scheme to defraud or illegally obtain property."  (FAC, ¶38d).

Even ignoring the lack of any private right of action, Plaintiff's claim under the "unlawful acts" statute fails for additional reasons.  Under § 5-41-202, "[a] person commits an unlawful act regarding a computer if the person knowingly and without authorization . . . [m]odifies, damages, destroys, discloses, uses, transfers, conceals, takes, retains possession of, copies, obtains or attempts to obtain access to, permits access to or causes to be accessed, or enters data or a program that exists inside or outside a computer, system, or network."  ARK. CODE ANN. § 5-41-202(a)(1).  Other than stating, in conclusory terms, that "Google takes data from Plaintiff's email," (FAC, ¶13), Plaintiff does not allege facts showing how Google's alleged acts fit within the definitions and purposes of the statute.  ARK. CODE ANN. § 5-41-

201(3).   As with the Computer Trespass claim, the Court should not adopt a broad-brush approach that sweeps in all uses of "data" because such an interpretation would violate the fact pleading standards.   Accordingly, this claim against Google should be dismissed.   <u>See</u> <u>Christiansen</u>, 674 F.3d at 934 ("These 'naked assertion[s]' without 'factual enhancement' are insufficient to state a plausible claim for relief.") (citation omitted).

> **4.     Plaintiff fails to state a claim for supplementary relief for theft of property.**

Plaintiff's claim for theft of property must suffer the same fate.  The Arkansas "Theft of property" statute, ARK. CODE ANN. § 5-36-103 <u>et seq.</u>, imposes criminal liability on a person who "knowingly" (1) takes or exercises unauthorized control over or makes an unauthorized transfer of an interest in the property of another person with the purpose of depriving the owner of the property; or (2) obtains the property of another person by deception or by threat with the purpose of depriving the owner of the property.  <u>Id.</u> § 5-36-103 <u>et seq.</u>

As a threshold matter, Plaintiff has no private right of action for "Theft of property." Plaintiff attempts to fashion a civil claim by invoking ARK. CODE ANN. § 16-118-107 which, as explained <u>supra</u>, D.3., provides that "[a]ny person injured or damaged by reason of conduct of another person that would constitute a felony under Arkansas law may file a civil action to recover damages based on the conduct."  <u>Id.</u> (emphasis added).  Plaintiff does not adequately plead that the alleged acts constitute a felony, as is required to properly allege a civil cause of action under § 16-118-107(a)(1).  She merely alludes, conclusorily stating "Google's theft is at a minimum a Class 'D' felony," nothing more.  (FAC, ¶38(b)).  There is no allegation in the FAC concerning the "value of the property."

Moreover, the FAC falls woefully short of the Supreme Court's pleading requirements. Even if Plaintiff can show that § 16-118-107 is applicable here, her deficient explication of facts describing the "data" allegedly taken, and of her claim of title in "data," alone warrant dismissal

of this statutory claim.  Twombly, 550 U.S. at 555–57.  (See supra D.1.).  As for the specific

elements of a claim under § 5-36-103, Plaintiff merely parrots them.  (See FAC, ¶38(b)):

1.     The FAC wholly lacks factual allegations demonstrating an essential element of a

theft of property claim, namely, that Google "deprived" Plaintiff of property.  ARK. CODE ANN.

§§ 5-36-103(a)(1), (a)(2).  Under the statute "deprive" means to:

> (A) Withhold property or to cause it to be withheld either permanently or under
> circumstances such that a major portion of its economic value, use, or benefit is
> appropriated to the actor or lost to the owner;
>
> (B) Withhold property or to cause it to be withheld with the purpose to restore it
> only upon the payment of a reward or other compensation; or
>
> (C) Dispose of property or use it or transfer any interest in it under circumstances
> that make its restoration unlikely.

ARK. CODE ANN. § 5-36-101(4)(A)-(C).  Plaintiff fails to sufficiently allege that any data has

been withheld, caused to be withheld, disposed of, or transferred under the statute.  Tellingly,

absent from the FAC is any allegation that Google's actions have prevented her from accessing

data.

2.     Plaintiff also does not identify any specific acts of "deception" or "threats" (Id. §

5-36-103(a)(2)) that have allegedly enticed her to send and continue sending email to Gmail

users.  This case simply is not on par with theft by deception cases where a party was swindled

out of property by dishonest practices.  See, e.g., McEntire v. State, 363 Ark. 473, 215 S.W.3d

658 (Ark. 2005) (elderly woman suffering from dementia duped into permitting withdrawal of

funds from bank accounts and access to bonds); State v. Holmes, 66 S.W.3d 640 (Ark. 2002)

(party knowingly obtained payment for sale of houses without intent to convey title to homes);

Stanley v. State, 2009 WL 1017397 (Ark. Ct. App. April 15, 2009) (party knew he did not have

enough funds in his bank account to cover property removed by female companion from Wal-

Mart).[12]

Plaintiff's purported claim against Google for "Theft of Property" should be dismissed because a party cannot merely rely upon formulaic recitations of the elements of a cause of action.  Walker, 650 F.3d at 1209-10.

> 5.    **Plaintiff fails to state a claim for supplementary relief for breach of bailment or conversion by bailment.**

A bailment is defined as a "delivery of goods or personal property, by one person to another, in trust for the execution of a special object upon or in relation to such goods, beneficial either to the bailor or bailee or both, and upon a contract, express or implied, to perform the trust and carry out such object, and thereupon either to redeliver the goods to the bailor or otherwise dispose of the same in conformity with the purpose of the trust."  Bay Aviation Servs. Co. v. Southland Aviation, Inc., 211 F.Supp. 125, 135 (W.D. Ark. 1962).  In the FAC, Plaintiff makes no effort to properly plead any claim for bailment.  As argued, supra, Plaintiff does not properly plead what "data" she complains of, or how she claims title in the data.  Moreover, at the very least, Plaintiff utterly fails to contend that a contractual relationship existed.  Accordingly, this cause of action should be dismissed.

> E.    **THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM AGAINST GOOGLE FOR DECLARATORY JUDGMENT BECAUSE IT WILL NOT RESOLVE THE DISPUTE BETWEEN THE PARTIES, AND BECAUSE IT IS AN ABUSE OF PROCESS.**

The United States Supreme Court has long held that the operation of the Declaratory Judgment Act is procedural, not substantive.  See Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671, 70 S.Ct. 876, 878 (1950).[13]  The Declaratory Judgment Act does not create a

---

[12] Indeed, Google was unable to find any cases supporting Plaintiff's attempt to extend the criminal act of theft by deception to the unauthorized access to or use of a person's email communications.

[13] When, as here, a state declaratory judgment action has been removed to federal court, it is treated as though it had been filed under the federal Declaratory Judgment Act.  See Jones v. Sears Roebuck & Co., 301 Fed. Appx. 276, 281 n.12 (4th Cir. 2008).  After removal, then, this Court should apply the federal Declaratory Judgment Act, not Arkansas law.  See Camacho v. Texas Workforce Comm'n, 445 F.3d 407, 409-10 (5th Cir. 2006) (stating that in

cause of action, but rather simply provides a particular remedy.  See Walker Process Equip., Inc. v. FMC Corp., 356 F.2d 449, 451 (7th Cir.), cert. denied, 87 S.Ct. 56, 385 U.S. 824 (1966).[14] When, as here, the declaratory judgment remedy is used for an improper purpose or will not resolve the dispute between the parties, then declaratory relief should be denied.

Plaintiff's lawsuit is, on its face, simply the first phase in what she would have be prolonged litigation against Google for allegedly intercepting "data" in her email messages to others.  This lawsuit, then, is not really a declaratory judgment action which also seeks supplementary relief.  Rather, it is the prelude to additional litigation.  Here, Plaintiff is asking the Court to establish a right she either cannot articulate or will not state for fear that it will reveal the fatal flaw of its preemption by ECPA.  Where a Plaintiff can offer only "a hint of a cause of action [she] does not warrant declaratory relief" because the issue she poses is not "real and substantial," but is "merely academic or speculative."  Fair v. Dekle, 367 F.2d 377, 378 (5th Cir. 1966).  In Fair, the plaintiff's appeal was dismissed because he could not plead any present or imminent injury caused by the statute from which he sought declaratory relief.  See id.  Here, Plaintiff can only suggest that if the Court grants her declaratory relief, then she might have some claim against Google.  Moreover, the requested show-cause hearing would impermissibly invert the case, because instead of Plaintiff having to prove the elements of her causes of action against Google, Google would have to disprove them.  Such shifting of the burden of proof simply is not allowed.  Thus, Plaintiff's claims against Google in Count I constitute an abuse of the declaratory judgment remedy and must be dismissed.

Even assuming Plaintiff has pleaded a cognizable cause of action in Count I, the law is

---

Utica Lloyd's of Texas v. Mitchell, 138 F.3d 208 (5th Cir. 1998), the court "squarely held that the Declaratory Judgment Act is procedural for Erie purposes").

[14] The same is true of the state declaratory judgment act.  City of Fort Smith v. Didicom Towers, Inc., 362 Ark. 469, 474, 209 S.W.3d 344, 348 (2005) ("It is well settled that an action brought pursuant to [Arkansas'] Declaratory Judgment Act is intended to supplement, rather than supersede, ordinary causes of action.")

also clear that a declaratory judgment must be dismissed unless it can resolve the entire controversy between the parties.  See Shannon v. Sequeechi, 365 F.2d 827, 829 (10th Cir. 1966) (affirming summary judgment against plaintiff who "sought to make an improper use of the Declaratory Judgment Act" because "the relief prayed for would not terminate the controversy"); Lee v. Hunt, 431 F. Supp. 371, 379 (W.D. La. 1977) ("Failure to demonstrate that the judgment will settle the controversy thus mandates a denial of the form of relief.").  Here, Plaintiff is attempting to try matters piecemeal, by first establishing some inchoate "property right."  Then, depending on the nature and scope of that ruling, she seeks a show-cause order that would reverse the proper burden of proof.  Therefore, this Court should exercise its discretion by dismissing Count I of the FAC for the additional reason that the declaratory judgment would not resolve the entire controversy.

### F.  THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM AGAINST GOOGLE FOR APPROPRIATION OF NAME AND LIKENESS.

Plaintiff fails to state a claim for relief based upon invasion of privacy by appropriation under Arkansas law and under the Lanham Act, 15 U.S.C. § 1125(a)(1).[15]  She pleads she is entitled to relief because her "name, likeness, and identity are displayed each time the email is opened and re-opened. . ."  (FAC, ¶42).  She claims to have been "harmed by Google's . . . use of [her] name, likeness, and identity, to include but not limited to Plaintiff's economic injury when she is denied compensation for such use in the amount of the added value to the corresponding advertisements."  (FAC, ¶46).

Under Arkansas law, to prevail for a claim of damages based upon invasion of privacy by appropriation a plaintiff must plead and prove each of five essential elements: (1) that she sustained damages; (2) that the defendant used plaintiff's name or likeness; (3) that the public

---

[15] Plaintiff fails to allege the law under which she claims relief for the alleged display of her "name, likeness, and identity."

was able to identify plaintiff in defendant's use of the name or likeness; (4) that the defendant's use of plaintiff's name or likeness was for defendant's own purposes or benefit, commercial or otherwise; and (5) that defendant's actions were a proximate cause of plaintiff's damages. Arkansas Supreme Court Committee On Jury Instructions, AMI 421 (2011).  Plaintiff has failed to make a sufficient "showing" that she is "entitled to relief":

1.      Plaintiff has not pled a cognizable injury.  "Resulting injury is the sine qua non of a cause of action for misappropriation of name."  Cohen I, 798 F.Supp.2d at 1097 (dismissing claim, finding "Plaintiffs have not even alleged that they suffered 'injury to [their] feelings,' which  . . . is [the] 'gist' of a misappropriation claim.").  At issue in Cohen I was Facebook's "Friend Finder" service which a Facebook user can employ by giving the system access to email accounts the user may have on other services.  Id. at 1092.  The plaintiffs contended that Facebook used their names and profile pictures to promote the "Friend Finder" service without their knowledge or consent, and that Facebook thereby misappropriated both their names and likenesses for its own commercial purposes.  Id.  Cohen I dismissed the plaintiffs' common law and statutory misappropriation claims, concluding that the plaintiffs had not "shown how the mere disclosure to their Facebook friends that they have employed the Friend Finder service (even assuming some of them did not) causes them any cognizable harm, regardless of the extent to which that disclosure could also be seen as an implied endorsement by them of the service." Id. at 1097.  Following dismissal, the plaintiffs amended their complaint and "articulated in more detail the theory that their names and likenesses had an economic value to Facebook, as evidenced by the fact that Facebook chose to use them to promote its 'Friend Finder' service." Cohen II, 2011 WL 5117164, at *2.  The court dismissed the plaintiffs' amended complaint, holding: "[w]hile plaintiffs have more clearly articulated the basis for their claim, they still have failed to make a sufficient 'showing' that they are 'entitled to relief.'"  Id. at *3.  Likewise, here,

Plaintiff has not shown how the mere disclosure of her name to recipients of her email messages causes her any cognizable harm, regardless of the extent to which that disclosure could also be seen as an implied endorsement by them of a service.  See Cohen I, 798 F.Supp.2d at 1097.  This is not a situation where Google is alleged to have publicized Plaintiff's name or likeness to any audience or in any context where it did not already appear—rather, the names and likenesses were merely allegedly displayed with the email messages of Gmail users who are recipients of Plaintiff's email messages.  See Cohen II, 2011 WL 5117164, at *3.

2.     Plaintiff has not alleged that the public was able to identify her in the alleged use of her name or likeness.  She merely alleges that the person to whom she sent an email can identify her.  Plaintiff's appropriation claim against Google should be dismissed for Plaintiff's failure to allege this essential element of her cause of action.

The Lanham Act also provides no help to Plaintiff's attempted appropriation claim.[16] The Act is intended "to regulate commerce" and "to protect persons engaged in such commerce against unfair competition."  15 U.S.C. § 1127.  As such, plaintiffs pursuing a false association or false endorsement claim must be able to allege some "commercial interest" in their names and likenesses that was injured by the defendant's actions.  Cohen I, 798 F.Supp.2d at 1097-98. Absent such limitations tying actionable misconduct to the protection of commercial interests and competition, "the Lanham Act would become a federal statute creating the tort of misrepresentation."  Id. at 1098 (citation omitted).  Plaintiff suggests that she has a protectable economic interest in her identity merely because she is known to her own email message recipients, as did the plaintiff in Cohen I.  But such an interest does not rise to the level necessary to invoke the Lanham Act's protection for identities that are "akin to a trademark."  See id.

---

[16] The Lanham Act creates civil liability for the use in commerce of "any word, term, name ... or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive ... as to the origin, sponsorship, or approval of [one person's] goods, services, or commercial activities by another person."  15 U.S.C. § 1125(a)(1).

Accordingly, to the extent Plaintiff's appropriation claim against Google is based upon the Lanham Act it must be dismissed for failure to allege sufficient facts to support a claim.

## IV.     CONCLUSION

Plaintiff's FAC against Google should be dismissed.   However artfully pled, all of Plaintiff's claims are preempted, and Plaintiff also lacks standing because her conclusory allegations are insufficient to allege an Article III injury.   Count I should be dismissed because Plaintiff fails to allege facts sufficient to make any claim under Arkansas law, and her claim for declaratory relief, which will not resolve any dispute between the parties, constitutes an abuse of the declaratory judgment process.   Finally, Plaintiff fails to state a claim for appropriation, under Arkansas law and the Lanham Act.   For all these reasons, Plaintiff's claims against Google should be dismissed.

Respectfully submitted,

/s/ Charles L. Babcock
Charles L. "Chip" Babcock, Lead Attorney
Texas State Bar No. 01479500
David T. Moran
Texas State Bar No. 14419400
Carl C. Butzer
Texas State Bar No. 03545900
Shannon Zmud Teicher
Texas State Bar No. 24047169
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas  75202
(214) 953-6000
(214) 953-5822 - Fax
Email: cbabcock@jw.com

George L. McWilliams
Arkansas State Bar No. 68078
Law Office of George L. McWilliams, P.C.
Post Office Box 58
Texarkana, Texas-Arkansas 75504
(870) 772-2055
(870) 772-0513 – Fax
Email: glmlawoffice@gmail.com

ATTORNEYS FOR DEFENDANT
GOOGLE INC.

## CERTIFICATE OF CONFERENCE

Counsel for Google Inc. complied with the meet and confer requirements of Local Rule 6.2. The meet and confer took place on, May 21, 2012, between George McWilliams on behalf of Defendant Google Inc. and Sean Rommel on behalf of Plaintiff Julie Sheppard. Plaintiff's counsel is opposed to the relief sought in this Motion. Accordingly, the Motion is submitted to the Court.

/s/ Charles L. Babcock
Charles L. Babcock

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2012, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Western District of Arkansas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means. All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail today, May 21, 2012.

/s/ Charles L. Babcock
Charles L. Babcock