UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| JULIE SHEPPARD, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Civil Action No. 4:12-CV-04022-SOH |
| | § |
| | § |
| GOOGLE, INC. and YAHOO!, INC., | § |
| | § |
| Defendants. | § |

**GOOGLE INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Defendant Google Inc. ("Google" or "Defendant") files this Answer to First Amended Complaint for Declaratory Judgment (the "Amended Complaint") of Plaintiff Julie Sheppard ("Plaintiff"). Defendant Google denies all allegations made in the Amended Complaint, whether express or implied, that are not specifically admitted below.[1]

**PARTIES AND JURISDICTION**

1.      This matter is brought pursuant to Rule 57 of the Arkansas Rules of Civil Procedure and ARK. CODE ANN. §§ 16-111-101, *et seq*., to determine the rights and status of the parties with regard to Plaintiff's claim of proprietary ownership in all data of her electronic mail (hereinafter "email") prior to the receipt of the email by the recipients who are (1) Gmail account holders of the Defendant, Google, Inc. (hereinafter "Google") and/or (2) Yahoo! Mail account holders of the Defendant, Yahoo!, Inc. (hereinafter "Yahoo!"). Further, Plaintiff alleges a separate cause of action for appropriation of name and likeness.

---

[1] The following answers are numbered identically to the corresponding paragraphs of Plaintiff's First Amended Complaint for Declaratory Judgment.

**RESPONSE:**  Paragraph 1 states a legal conclusion to which no response is required.  To the extent that a response is required to such allegations, Defendant denies all allegations of this paragraph.

2. Pursuant to Rule 57, Plaintiff respectfully requests a "speedy hearing."

**RESPONSE:**  Paragraph 2 states a legal conclusion to which no response is required.  To the extent that a response is required to such allegations, Defendant denies all allegations of this paragraph.

3. Plaintiff is a resident of Little River County, State of Arkansas.

**RESPONSE:**  Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 3, and therefore denies the same.

4. Defendant, Google, Inc., is a Delaware corporation, whose principal place of business is at 1600 Amphitheatre Parkway, Mountain View, County of Santa Clara, State of California. Google is a party to this action.

**RESPONSE:**  Admitted.

5. Defendant, Yahoo!, Inc., is a Delaware corporation, whose principal place of business is at 701 First Avenue, Sunnyvale, California 94089.

**RESPONSE:**  Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 5, and therefore denies the same.

6. The Circuit Court of Little River County, Arkansas, has jurisdiction over this matter pursuant to ARK. CODE ANN. §§ 16-111-101, *et seq.*, specifically § 16-111-103 and § 16-111-104, in order to determine the property interests in personal property toward which Plaintiff asserts Google and Yahoo! have acted adversely. Should supplemental relief be sought pursuant to ARK. CODE ANN. § 16-111-110 and upon the filing of "the application" for

supplemental relief by "petition to a court having jurisdiction to grant relief" as required by § 16-111-110(b), additional subject matter jurisdiction exists in the Circuit Court of Little River County, Arkansas, for Plaintiff's contemplated supplemental causes of action for conversion; violations of ARK. CODE ANN. §§ 5-36-103, 5-41-104, and 5-41-202; and breach of bailment or conversion by bailment. In addition, the Circuit Court of Little River County, Arkansas, has jurisdiction over Plaintiff's claims for appropriation of name and likeness.

**RESPONSE:** Defendant admits that this Court has federal question jurisdiction over the claims Plaintiff asserts. Defendant denies that the Circuit Court of Little River County, Arkansas has jurisdiction over Plaintiff's claims. Defendant denies the remaining allegations of paragraph 6.

7. There is no basis for federal question jurisdiction. Plaintiff specifically excludes any cause of action that would create federal question jurisdiction and make this case removable on that basis. Pursuant to Ark. R. Civ. P. 8(a) and Arkansas Code Annotated § 16-63-221, Plaintiff states that the "amount in controversy" for Plaintiff is limited to less than $75,000 recovery individually, inclusive of interest, costs, attorneys' fees derived from any basis, and damages in whatever form whether requested or not. Further, the undersigned and identified Counsel of Record for Plaintiff, state that they do not and will not seek any award of attorneys' fees which would cause in any way the final judgment in this matter to exceed the sum of $75,000 recovery for Plaintiff. Plaintiff further stipulates that although she sets forth multiple legal theories of recovery and remedies, she does not seek a double or duplicative recovery.

**RESPONSE:** Defendant denies the allegations of paragraph 7.

8. Venue is proper in Little River County pursuant to ARK. CODE ANN. § 16-55-213(a)(1) and (a)(3), in that the proprietary interest was created in Little River County, Arkansas, and Plaintiff resides in Little River County, Arkansas.

**RESPONSE:**  Defendant denies the allegations of paragraph 8.

## FACTS

9. Google operates a webmail service known as "Gmail."

**RESPONSE:**  Admitted.

10. Yahoo! operates a webmail service known as "Yahoo! Mail."

**RESPONSE:**  Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 10, and therefore denies the same.

11. Plaintiff has sent email to Gmail recipients from a non-Gmail account.

**RESPONSE:**  Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 11, and therefore denies the same.

12. Plaintiff has sent email to Yahoo! Mail recipients from a non-Yahoo! Mail account.

**RESPONSE:**  Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 12, and therefore denies the same.

13. Prior to the Gmail users ever receiving Plaintiff's email, Google takes data from Plaintiff's email.

**RESPONSE:**  Denied.

14. Prior to the Yahoo! Mail users ever receiving Plaintiff's email, Yahoo! takes data from Plaintiff's email.

**RESPONSE:**  Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 14, and therefore denies the same.

15. Google takes Plaintiff's data in connection with various activities, one of which includes taking Plaintiff's data to generate advertisements ("corresponding advertisements") for subsequent display to the Gmail users when the Gmail user opens the email.

**RESPONSE:**  Defendant admits that Google scans the text of Gmail messages in order to filter spam and detect viruses, just as all major webmail services do. Google also uses this scanning technology to deliver targeted ads and other related information to Gmail account holders. The whole process is automated and involves no humans. Defendant denies the remaining allegations of paragraph 15.

16.    Yahoo! takes Plaintiff's data in connection with various activities, one of which includes taking Plaintiff's data to generate advertisements ("corresponding advertisements") for subsequent display to the Yahoo! Mail users when the Yahoo! Mail user opens the email.

**RESPONSE:**  Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 15, and therefore denies the same.

17.    Google and Yahoo! generate income from advertisers as a result of taking Plaintiff's data from Plaintiff's email.

**RESPONSE:**  Defendant denies the allegations of this paragraph as they relate to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 17, and therefore denies the same.

18.    In addition to deriving income from advertisers as a result of taking Plaintiff's data, Google and Yahoo! take Plaintiff's data for other purposes for which Google and Yahoo! obtain benefit.

**RESPONSE:**  Defendant denies the allegations of this paragraph as they relate to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 18, and therefore denies the same.

19.    Google disavows any ownership in the content of Plaintiff's email to Gmail users.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 19, and therefore denies the same.

20. Yahoo! disavows any ownership in the content of Plaintiff's email to Yahoo! Mail users.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 20, and therefore denies the same.

21. Google is not a recipient of or a party to Plaintiff's emails sent to Gmail users.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 21, and therefore denies the same.

22. Yahoo! is not a recipient of or a party to Plaintiff's emails sent to Yahoo! users.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 22, and therefore denies the same.

23. Google's exercise of control of Plaintiff's data occurs prior to the Gmail user's receipt and review of the Plaintiff's email. As such, no transfer of ownership or property rights from Plaintiff have occurred.

**RESPONSE:** Denied.

24. Yahoo!'s exercise of control of Plaintiff's data occurs prior to the Yahoo! Mail user's receipt and review of the Plaintiff's email. As such, no transfer of ownership or property rights from Plaintiff have occurred.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 24, and therefore denies the same.

25. Google has exercised control and will continue to exercise control over Plaintiff's data.

**RESPONSE:**  Denied.

27.     At the time Google exercises control of the data in Plaintiff's emails, the data contained in Plaintiff's email amounts to Plaintiff's personal property.

**RESPONSE:**  Denied.

28.     At the time Yahoo! exercises control of the data in Plaintiff's emails, the data contained in Plaintiff's emails amounts to Plaintiff's personal property.

**RESPONSE:**  Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 28, and therefore denies the same.

29.     Any value associated with Plaintiff's data is Plaintiff's personal property.

**RESPONSE:**  Denied.

30.     Plaintiff has not authorized Google or Yahoo! to in any way exercise control of Plaintiff's data for any purpose, but certainly not for the purpose of (1) taking data from Plaintiff's email or (2) generating revenue from the value Google and Yahoo! derives from taking Plaintiff's data.

**RESPONSE:**  Defendant denies the allegations of this paragraph as they relate to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 30, and therefore denies the same.


31. Prior to receiving and reviewing Plaintiff's emails, Gmail and Yahoo! Mail users are without authority to grant any person rights to, license to, use of, or any control over Plaintiff's property interest, Plaintiff's data, and the value of the data contained therein.

**RESPONSE:** Defendant denies the allegations of this paragraph as they relate to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 31, and therefore denies the same.

32. Neither Google nor Yahoo! have compensated Plaintiff for the exercise of control over Plaintiff's data; the use of any of Plaintiff's data; or the benefit of the value from Plaintiff's data. However, both Google and Yahoo! openly claim to investors the monetary value in obtaining data such as Plaintiff's, and each Defendant pays specific and particularized sums of money for the same type of data to these providers. Both Google and Yahoo! define the payment of monies to others for the same type of data as "traffic acquisition costs." To avoid paying these "traffic acquisition costs," both Google and Yahoo! exercise control over Plaintiff's data, use Plaintiff's data, and benefit from the value of Plaintiff's data—all without compensation to Plaintiff. Accordingly, Plaintiff has been economically harmed.

**RESPONSE:** Defendant denies the allegations of this paragraph as they relate to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 32, and therefore denies the same.

33. Google and Yahoo! have acted adversely to the property interests of Plaintiff.

**RESPONSE:** Defendant denies the allegations of this paragraph as they relate to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 33, and therefore denies the same.

## CAUSE(S) OF ACTION

### Count I: Declaration of Personal Property Interest

34. Pursuant to ARK. CODE ANN. § 16-111-101, Google and Yahoo! are a "person," in that Google and Yahoo! are corporations of any character whatsoever.

**RESPONSE:** Paragraph 34 states a legal conclusion to which no response is required. To the extent that a response is required to such allegations, Defendant denies the allegations of this paragraph as they relate to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 34, and therefore denies the same.

35. Pursuant to ARK. CODE ANN. § 16-111-103(a), Plaintiff seeks from this Court a declaration that all data in Plaintiff's email, prior to the receipt and review of that email by a Gmail user or a Yahoo! Mail user, is the sole personal property of Plaintiff, based in part, but not limited to:

    a.    Common law;

**RESPONSE:** Paragraph 35a states a legal conclusion to which no response is required. To the extent that a response is required to such allegations, Defendant denies the allegations of this paragraph.

    b.    Legislative intent pursuant to ARK. CODE ANN. § 4-59-201(10), "'Property' means anything that may be the subject of ownership;"

**RESPONSE:** Paragraph 35b states a legal conclusion to which no response is required. To the extent that a response is required to such allegations, Defendant denies the allegations of this paragraph.

    c.    Legislative intent pursuant to ARK. CODE ANN. § 5-36-101(7), "'Property' means severed real property or tangible or intangible personal property, including money or any paper or document that represents or embodies anything of value;"

**RESPONSE:**  Paragraph 35c states a legal conclusion to which no response is required.  To the extent that a response is required to such allegations, Defendant denies the allegations of this paragraph.

      d.    Legislative intent pursuant to ARK. CODE ANN. § 5-41-102(10), "'Property' includes, but is not limited to, a financial instrument, data, computer program, document associated with a computer or computer program, or a copy of a financial instrument, data, computer program, or document associated with a computer or computer program, whether tangible or intangible, including both human and computer readable data, and *data while in transit*." (Emphasis added to denote ownership even while in transit);

**RESPONSE:**  Paragraph 35d states a legal conclusion to which no response is required.  To the extent that a response is required to such allegations, Defendant denies the allegations of this paragraph.

      e.    Legislative intent pursuant to ARK. CODE ANN. § 5-41-201(10), "'Property' means anything of value and includes a financial instrument, information, electronically produced data, program, and any other tangible or intangible item of value;" and

**RESPONSE:**  Paragraph 35e states a legal conclusion to which no response is required.  To the extent that a response is required to such allegations, Defendant denies the allegations of this paragraph.

      f.    Legislative intent pursuant to ARK. CODE ANN. § 9-11-401, "'Property' means an interest, present or future, legal or equitable, vested or contingent, in real or personal property, including income and earnings."

**RESPONSE:**  Paragraph 35f states a legal conclusion to which no response is required.  To the extent that a response is required to such allegations, Defendant denies the allegations of this paragraph.

      36.    Plaintiff seeks from this Court a declaration that Google and Yahoo! have no ownership interest in or property rights in Plaintiff's data.

**RESPONSE:** Paragraph 36 states a legal conclusion to which no response is required. To the extent that a response is required to such allegations, Defendant denies the allegations of this paragraph.

37. Pursuant to ARK. CODE ANN. §§ 16-111-103(a) and 16-111-104, Plaintiff seeks from this Court a declaration that prior to receiving and reviewing Plaintiff's emails, Gmail users and Yahoo! Mail users are without authority to grant any person rights to, license to, use of, or any control over Plaintiff's property interest in Plaintiff's data.

**RESPONSE:** Paragraph 37 states a legal conclusion to which no response is required. To the extent that a response is required to such allegations, Defendant denies the allegations of this paragraph.

**Count I cont.: Supplementary Relief**

38. Pursuant to ARK. CODE ANN. § 16-111-110, should the Court find in favor of Plaintiff's requested declarations above and upon the "application therefor" [sic] made "by petition" pursuant to § 16-111-110(b), Plaintiff respectively asks the Court to order Google and Yahoo! to show cause why further relief should not be granted forthwith, to include a demonstration by Google and Yahoo! as to why Defendants' acts adverse to Plaintiff's property interests would not amount to:

    a.    conversion;

**RESPONSE:** Paragraph 38a states a legal conclusion to which no response is required. To the extent that a response is required to such allegations, Defendant denies the allegations of this paragraph.

    b.    violation of ARK. CODE ANN. § 5-36-103 Theft of Property, in that Google and Yahoo! (1) takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of Plaintiff, with the purpose of depriving the owner of the property; or (2) obtains the property of another person, by deception, with the purpose of depriving the owner of the property.

> Pursuant to § 5-36-103, Defendants' theft is at a minimum a Class "D" felony. Pursuant to ARK. CODE ANN. § 16-118-107, said conduct is actionable civilly.

**RESPONSE:** Paragraph 38b states a legal conclusion to which no response is required. To the extent that a response is required to such allegations, Defendant denies the allegations of this paragraph.

> c. violation of ARK. CODE ANN. § 5-41-104 Computer Trespass, in that Google and Yahoo! commit computer trespass with regard to Plaintiff's data, and pursuant to ARK. CODE ANN. §§ 5-41-106(a) & (b), Plaintiff can recover "any damages" and the Court can take action to "prevent possible reoccurrence of the same or similar act."

**RESPONSE:** Paragraph 38c states a legal conclusion to which no response is required. To the extent that a response is required to such allegations, Defendant denies the allegations of this paragraph.

> d. violation of ARK. CODE ANN. § 5-41-202(a) Unlawful Act Regarding A Computer, in that Google and Yahoo! commit an unlawful act regarding a computer, and pursuant to § 5-41-202(b)(2) Google and Yahoo! do so to devise or execute a scheme to defraud or illegally obtain property—all actionable pursuant to ARK. CODE ANN. § 16-118-107.

**RESPONSE:** Paragraph 38d states a legal conclusion to which no response is required. To the extent that a response is required to such allegations, Defendant denies the allegations of this paragraph.

> e. In the alternative, a breach of bailment or conversion by bailment in that Defendants' acts amount to a derogation of a possessory right if such a possessory right is found.

**RESPONSE:** Paragraph 38e states a legal conclusion to which no response is required. To the extent that a response is required to such allegations, Defendant denies the allegations of this paragraph.

## Count II: Appropriation of Name and Likeness

39.     As Google admits, "We can certainly make our advertising much more effective to the degree we have more information about *who your friends are*—and, again, with your permission, *we can tie that in*." Eric Schmidt, Google CEO, September 24, 2010, interview with Charlie Rose, PBS (emphasis added).

**RESPONSE:**  Defendant admits that on September 24, 2010, Eric Schmidt was interviewed by Charlie Rose on PBS.  Defendant respectfully refers the Court to Mr. Schmidt's interview located at http://www.charlierose.com/view/interview/11217 for the complete and accurate contents.  The remaining allegations of paragraph 39 are denied.

40.     As Yahoo! recognizes, "We recognize revenue from display advertising on Yahoo! Properties and Affiliates sites as 'impressions' are delivered. Impressions are delivered when an advertisement appears in pages viewed by users . . . .Traffic acquisition costs ('TAC') are payments made to third-party entities that have integrated our advertising offerings into their Websites or other offerings and payments made to the companies that *direct consumer and business traffic to Yahoo! Properties*." Yahoo, Inc., Form 10-K, filed February 29, 2012, page 38, Revenue Sources.

**RESPONSE:**  Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 40, and therefore denies the same.

41.     Plaintiff's email received by Gmail and Yahoo! Mail users display Plaintiff's name, likeness, and identity.

**RESPONSE:**  Defendant denies the allegations of this paragraph as they relate to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 41, and therefore denies the same.

42. Plaintiff's name, likeness, and identity are displayed each time the email is opened and re-opened thereafter. Accordingly, use of Plaintiff's name, likeness, and identity is not limited to the first opening of Plaintiff's email to the recipient.

**RESPONSE:** Defendant denies the allegations of this paragraph as they relate to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 42, and therefore denies the same.

43. Plaintiff's name, likeness, and identity include Plaintiff's actual name, Plaintiff's email address, and/or Plaintiff's ideas attributed to Plaintiff.

**RESPONSE:** Defendant denies the allegations of this paragraph as they relate to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 43, and therefore denies the same.

44. Google and Yahoo! use and continue to use Plaintiff's name, likeness, and identity without Plaintiff's permission each time Plaintiff's email is displayed to the recipient.

**RESPONSE:** Defendant denies the allegations of this paragraph as they relate to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 44, and therefore denies the same.

45. By using Plaintiff's name, likeness, and identity, Google and Yahoo! gained and continue to gain a commercial benefit or some other advantage, to include by [sic] not be limited to:

    a. Defendants' intent to associate or elicit an association with Plaintiff's name, likeness, and identity with a corresponding displayed advertisement;

**RESPONSE:** Defendant denies the allegations of this paragraph as they relate to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 45a, and therefore denies the same.

      b.      Defendants' use of Plaintiff's name, likeness, and identity to attract attention to a corresponding displayed advertisement;

**RESPONSE:** Defendant denies the allegations of this paragraph as they relate to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 45b, and therefore denies the same.

      c.      Defendants' use of Plaintiff's name, likeness, and identity to make more interesting a corresponding displayed advertisement;

**RESPONSE:** Defendant denies the allegations of this paragraph as they relate to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 45c, and therefore denies the same.

      d.      Defendants' use of Plaintiff's name, likeness, and identity in connection with a corresponding service rendered by Defendants; and/or

**RESPONSE:** Defendant denies the allegations of this paragraph as they relate to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 45d, and therefore denies the same.

      e.      Defendants' use of Plaintiff's name, likeness, and identity for a purpose or benefit to Defendants for which Defendants ought to pay.

**RESPONSE:** Defendant denies the allegations of this paragraph as they relate to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 45e, and therefore denies the same.

      46.      Plaintiff has been harmed by Google's and Yahoo!'s use of Plaintiff's name, likeness, and identity, to include but not limited to Plaintiff's economic injury when she is denied compensation for such use in the amount of the added value to the corresponding advertisements. Plaintiff asserts her name, likeness, and identity make the corresponding advertisements have a greater value. As such, Defendants profit from Plaintiff's name, likeness, and identity.

**RESPONSE:**  Defendant denies the allegations of this paragraph as they relate to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 46, and therefore denies the same.

47. As a direct result of the use of Plaintiff's name, likeness, and identity, Plaintiff seeks monetary damages for the benefit Defendant's derive from the use Plaintiff's name, likeness, an [sic] identity.

**RESPONSE:**  Defendant denies the allegations of this paragraph as they relate to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 47, and therefore denies the same.

## JURY DEMANDED

Google Inc. hereby demands a jury trial on all issues which can be heard by a jury.

## PRAYER FOR RELIEF

**RESPONSE:**  Defendant does not believe the Prayer for Relief requires a response. Defendant denies that Defendant is liable to Plaintiff on any of the claims alleged, and denies that Plaintiff is entitled to damages, statutory or punitive damages, equitable relief, injunctive relief, attorneys' fees, costs, pre-judgment or post-judgment interest or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without acknowledging that Google Inc. bears the burden of proof or burden of persuasion with respect thereto, Google Inc. asserts the following affirmative defenses to Plaintiff's Amended Complaint.

1. The Amended Complaint fails to state any claim upon which relief may be granted.

2. The claims made by Plaintiff are barred, in whole or in part, because Plaintiff lacks standing.

3. The claims made by Plaintiff are barred, in whole or in part, because they are preempted.

4. The claims made by Plaintiff are barred, in whole or in part, by applicable statutes of limitations.

5. The claims made by Plaintiff are barred, in whole or in part, by the doctrines of waiver, estoppel, and laches.

6. The claims made by Plaintiff are barred, in whole or in part, because of consent to, or authorization of, Defendant's alleged conduct.

7. The claims made by Plaintiff are barred, in whole or in part, because at all relevant times herein Defendant's actions were a necessary incident to the rendition of services.

8. Without admitting that the Amended Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendant in the Amended Complaint, and the relief prayed for in the Amended Complaint therefore cannot be granted.

9. The claims made in the Amended Complaint are barred, in whole or in part, because any damages alleged or suffered are not compensable under the law.

10. The claims made in the Amended Complaint are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

11. Defendant alleges that, to the extent they are sought by Plaintiff, no punitive or exemplary damages should be awarded arising out of the claims made in the Amended Complaint under the law of the United States and Arkansas because: (i) an award of punitive or

exemplary damages would be unconstitutional under the United States and Arkansas Constitutions; (ii) any recovery of punitive or exemplary damages arising out of the claims made in the Amended Complaint would constitute the imposition of a criminal fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by the Arkansas Constitution; (iii) the imposition of any punitive or exemplary damages in this lawsuit would constitute an excessive fine or penalty under the Arkansas Constitution; (iv) any such award is precluded or limited pursuant to Arkansas law or the United States Constitution and the due process clause; and (v) punitive damages would violate the United States and Arkansas Constitutions and common law because such an award is based from procedures that are vague, open-ended, unbound in discretion, arbitrary and without sufficient constraints or protection against arbitrary and excessive awards.

Respectfully submitted,

 /s/ Charles L. Babcock
Charles L. "Chip" Babcock, Lead Attorney
Texas State Bar No. 01479500
David T. Moran
Texas State Bar No. 14419400
Carl C. Butzer
Texas State Bar No. 03545900
Shannon Zmud Teicher
Texas State Bar No. 24047169
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas  75202
(214) 953-6000
(214) 953-5822 - Fax
Email: cbabcock@jw.com

George L. McWilliams
Arkansas Bar No. 68078
Law Office of George L. McWilliams, P.C.
406 Walnut St.
Texarkana, Arkansas 71854
Telephone:  (870) 772-2055
Facsimile:  (870) 772-0513
Email:  glmlawoffice@gmail.com

ATTORNEYS FOR DEFENDANT GOOGLE INC.

## CERTIFICATE OF SERVICE

  I hereby certify that on May 21, 2012, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Western District of Arkansas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means. All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail today, May 21, 2012.

                /s/ Charles L. Babcock
                Charles L. "Chip" Babcock