UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JULIE SHEPPARD, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:12-cv-04022-SOH |
| GOOGLE INC. and YAHOO!, INC., | § § | |
| Defendants. | § § § § | |

**GOOGLE INC.'S SUR-REPLY IN OPPOSITION TO
PLAINTIFF'S MOTION FOR REMAND**

Defendant Google Inc. ("Google") submits this Sur-Reply in Opposition to Plaintiff's Motion for Remand and would show the Court as follows:

**I.    INTRODUCTION**

As argued in Google's Response to the Motion for Remand, Plaintiff's Motion should be denied on a variety of grounds, including complete preemption, substantial federal question and diversity. In reaction to Google's Response, Plaintiff filed her Amended Complaint which, among other things, attempts to add a misappropriation claim against Google and joins a new party, Yahoo!, Inc. (which has only been sued in this federal forum). In an unusual procedural move, Plaintiff's Amended Complaint also clearly attempts to correct the numerous defects in the state court Complaint that made removal to this Court appropriate. For example, Plaintiff tries to:

- disclaim any federal cause of action (Am. Compl. ¶7);

- amend the amount in controversy "disclaimer" to now include attorneys' fees and all damages (Id.);

- delete the Freudian slip reference to Google "<u>using</u> Plaintiff's data" – as it clearly referenced an ECPA claim (<u>Compare</u> Compl. ¶12 <u>with</u> Am. Compl. ¶17);

- delete supplementary relief allegations relating to "any other basis to support a finding of future payments" to try to limit damages that must be counted towards the amount in controversy (<u>Compare</u> Compl. ¶28 b, e <u>with</u> Am. Compl. ¶38 b, e); and

- limit the broad prayer for relief – again to try to limit damages that must be counted towards the amount in controversy (<u>Compare</u> Compl. Prayer <u>with</u> Am. Compl. Prayer).

Of course, as Plaintiff readily admits, the determination of remand is made on the basis of the record <u>at the time of removal</u>, namely, the pleading that was filed in the state court proceeding (i.e. not the Amended Complaint) (Pl. Reply at 1 n.1 (citing <u>Keene Corp. v. United States</u>, 508 U.S. 200 (1993)). As a result, Plaintiff's Amended Complaint is utterly irrelevant in the analysis of the propriety of removal and is ineffective to correct each of the deficiencies catalogued above. To the contrary, the Amended Complaint validates the merit of Google's arguments that removal is appropriate and remand must be denied here.

## II.   PLAINTIFF'S CLAIMS ARE PREEMPTED

Eighth Circuit law dictates complete preemption here. Complete preemption applies "when it is clear Congress meant for the federal statute to 'provide the <u>exclusive</u> cause of action.'" <u>Thomas v. US Bank Nat'l Ass'n</u>, 575 F.3d 794, 799 (8th Cir. 2009), <u>cert. denied</u>, 130 S.Ct. 3504 (2010) (emphasis in original). Moreover, when a statute contains an express preemption clause, the court should focus on the text's "plain meaning as the best evidence of Congress's preemptive intent." <u>Peters v. Union Pac. R.R. Co.</u>, 80 F.3d 257, 261 (8th Cir. 1996); <u>see</u> <u>also</u> <u>Beneficial Nat'l Bank v. Anderson</u>, 539 U.S. 1, 9 (2003). Here, ECPA provides an express exclusive remedy provision for the interception of electronic communications. See 18 U.S.C. §2518(10)(c) (the Wiretap Act's exclusive remedies provision, which provides that the "remedies and sanctions described in this chapter with respect to the interception of electronic

communications are the only judicial remedies and sanctions for nonconstitutional violations of this chapter involving such communications"); see also 18 U.S.C. §2708 (the Stored Communications Act's exclusive remedies provision, which provides that the "remedies and sanctions described in this chapter are the only judicial remedies and sanctions for nonconstitutional violations of this chapter").  Based on this clear text, Plaintiff's artfully pled state law claims relating to the interception and use of electronic communications are completely preempted.  Muskovich v. Crowell, 1995 WL 905403, *1-2 (S.D. Iowa Mar. 21, 1995) (finding complete preemption, explaining "[w]hen Congress adopts an express preemption provision, it is clear their intent is to oust state law.").[1]

Plaintiff has no answer to the clear text of the statute.  Instead, she claims Muskovich and its progeny are incorrect because they "failed to analyze the [ECPA's] legislative history." (Pl. Reply at 1 & 7 n.4).[2]  Google previously addressed Plaintiff's incorrect interpretation of ECPA's legislative history in its Response Brief.  (See Google's Resp. at 5-6).  In addition, Plaintiff's new references to legislative history which state "there is no attempt to preempt State law" do not relate to the relevant exclusive remedies provisions under 18 U.S.C. §2518(10)(c) or §2708 added by the 1986 ECPA amendments.  Rather, these references are all found in the legislative history from 1968, before the relevant exclusive remedy provisions that are dispositive here were enacted. (Pl. Reply at 2 (citing 1968 U.S.C.C.A.N. at 2181, 2183, 2196)).

Here, ECPA's text is clear, and the Eighth Circuit directs that the language of the statute is "the starting and ending point of our [complete preemption] analysis."  Thomas, 575 F.3d at 800; see also Peters, 80 F.3d at 261; Beneficial Nat'l Bank, 539 U.S. at 9.  More to the point: "when 'the plain language of the statute controls  . . . we need not consider the parties' varying

---

[1] Even Plaintiff's cited case, Ideal v. Aerosmith, Inc. v. Acutronic USA, Inc., 2008 WL 1859811, *4 (W.D. Pa. 2008), likewise recognizes that ECPA "seems facially to contain an express preemption[.]"

[2] Plaintiff admits that all of her cases rely on legislative history. (Pl. Reply at 2-3).

interpretations of legislative history.'" Thomas, 575 F.3d at 800 (quoting Integrity Floorcovering, Inc. v. Broan–Nutone, LLC, 521 F.3d 914, 918 (8th Cir. 2008)). On this ground alone, remand must be denied.

### III. PLAINTIFF'S CLAIMS RAISE A SUBSTANTIAL FEDERAL QUESTION

Alternatively, as set forth in Google's Response Brief and Notice of Removal, Plaintiff's Complaint raises a substantial federal question because her state law claims implicate "significant federal issues." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). Plaintiff continues to err in arguing that there are no federal issues because her state law claims only relate to property law or the Penal Code. (Pl. Reply at 13). This, of course, ignores that Plaintiff's actual allegations relate to the interception of email content by Google, use of intercepted content, and that any interception was without consent – all of which are essential elements of an ECPA claim. (Compl. at ¶¶10-12, 16, 17, 20, 21, 25-27).[3] Moreover, Plaintiff's analysis of its newly added claim for "appropriation of name and likeness" is wholly irrelevant because it was not alleged at the time of removal. (Pl. Reply at 1 n.1 (citing Keene Corp. v. United States, 508 U.S. 200 (1993)). Accordingly, remand must be denied.

### IV. THIS COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION

As already established, the Complaint is the controlling pleading for the purpose of deciding the pending Motion. And, as was the case in Gilmer v. Walt Disney Co., 915 F. Supp. 1001, 1007 (W.D. Ark. 1996), the Court need look no further than the Complaint for "evidence" that the amount in controversy exceeds $75,000. (See Google's Resp. at 15-17). The validity of the arguments set out in Google's Response are strongly reinforced by the Amended Complaint,

---

[3] Plaintiff continues to argue, somewhat strangely, that Meredith v. Gavin, 446 F.2d 794 (8th Cir. 1971), informs the Court on ECPA's consent element. As pointed out in Google's Response, Meredith was explicitly limited to interpreting a portion of the statute that has since been deleted. (Google's Resp. at 11-12). It is no answer that other courts might have incorrectly relied on Meredith's language without realizing the limited nature of the holding.

which constitutes Plaintiff's admission that it is "'facially apparent that the claims [pleaded in the Complaint] are likely above'" $75,000. Id. (quoting Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)).[4] Among the allegations Plaintiff purports to delete through her Amended Complaint is her open-ended prayer for relief, which is similar to that in Gilmer v. Walt Disney Co., where the trial court held that the plaintiff's claims satisfied the amount in controversy requirement for diversity of citizenship jurisdiction. Gilmer v. Walt Disney Co., 915 F. Supp. at 1011 ("plaintiff prays for 'all damages that are recoverable at law'"). Even Plaintiff concedes, though, that the Amended Complaint cannot put the genie back into the bottle. (See Pl. Motion at 19) ("the Court may only look to the initial pleadings contained in the record 'as of the instant of removal' . . .").

Plaintiff also attempts to rewrite her Complaint, arguing: "The fact is that Plaintiff expressly 'limited' all of her recovery to less than $75,000." (Pl. Reply at 19). However, the Complaint contains no such limitation; Plaintiff merely makes an assertion as to the "value" of the equitable relief she seeks. (Compl. at ¶5).[5] "If [P]laintiff had, in fact, intended to restrict her claims as [she] now argues, [she] was certainly capable of saying that in the complaint in plain and unmistakable terms." Gilmer v. Walt Disney Co., 915 F. Supp. at 1011[6] ("It appears that

---

[4] Plaintiff's Reply Brief does not even address Google's treatment of Gilmer v. Walt Disney Co. and Allen v. R & H Oil & Gas Co. (See Google Resp. at 14-15) (citing to the holding in Gilmer v. Walt Disney Co., 915 F. Supp. at 1007, that the removing defendant's jurisdictional "burden can be met if it is 'facially apparent that the claims are likely above [$75,000]'").

[5] Plaintiff misstates Google's arguments about her alleged "stipulation." Google's position is that Plaintiff's attempted limitation on the amount in controversy is ineffective, regardless of whether it is in the Complaint or in a separate stipulation. In her Motion for Remand, Plaintiff likens her attempted limitation to those in Rolwing v. Nestle Holdings, Inc., 666 F.3d 1069 (8th Cir. 2012), and Tuberville v. New Balance Athletic Shoe, Inc., 2011 WL 1527716 (W.D. Ark. 2011) (See Pl. Motion at 17-19). Google's point is that the substance of Plaintiff's "stipulation" is a far cry from those in Rolwing and Tuberville.

[6] It is noteworthy that the Amended Complaint adds the following language, which is not present in the Complaint: "Plaintiff states that the 'amount in controversy' for Plaintiff is limited to less than $75,000 recovery individually, inclusive of interest, costs, attorneys' fees derived from any basis, and damages in whatever form whether requested or not. Further, the undersigned and identified Counsel of Record for Plaintiff, state that they do not and will not seek any award of attorneys' fees which would cause in any way the final judgment in this matter to exceed the sum

plaintiff has attempted to 'have her cake and eat it too.'  She argues in this court that she is only entitled to crumbs, but has carefully preserved her right to insist that she is entitled to the whole cake when she gets back to state court.").

## V. CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's Motion for Remand and exercise its federal jurisdiction over this case.

Respectfully submitted,

/s/ Charles L. Babcock
Charles L. "Chip" Babcock, Lead Attorney
Texas State Bar No. 01479500
David T. Moran
Texas State Bar No. 14419400
Carl C. Butzer
Texas State Bar No. 03545900
Shannon Zmud Teicher
Texas State Bar No. 24047169
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas  75202
(214) 953-6000
(214) 953-5822 - Fax
Email: cbabcock@jw.com

George L. McWilliams
Arkansas State Bar No. 68078
Law Office of George L. McWilliams, P.C.
406 Walnut St.
Texarkana, Arkansas 71854
(870) 772-2055
(870) 772-0513 – Fax
Email: glmlawoffice@gmail.com

ATTORNEYS FOR DEFENDANT
GOOGLE INC.

---

of $75,000 recovery for Plaintiff.  Plaintiff further stipulates that although she sets forth multiple legal theories of recovery and remedies, she does not seek a double or duplicative recovery."  (Am. Compl. ¶7).

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2012, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Western District of Arkansas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means. All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail today, May 22, 2012.

/s/ Charles L. Babcock
Charles L. Babcock