IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JULIE SHEPPARD                                                                                    PLAINTIFF

v.                                    Case No. 4:12-cv-04022-SOH

GOOGLE, INC. and YAHOO!, INC.                                                         DEFENDANTS

## MOTION OF *AMICUS CURIAE* FOR
## LEAVE TO FILE AN AMICUS BRIEF

COMES NOW *amicus curiae* by and through counsel, Arkansas Attorney General Dustin McDaniel and Assistant Attorney General Colin R. Jorgensen, seeking permission to file an *amicus* brief in this matter. In support of its request, proposed *amicus curiae* states as follows:

1.     Proposed *amicus curiae* is the State of Arkansas.

2.     On February 1, 2012, Julie Sheppard ("Sheppard"), an Arkansas resident, filed a civil complaint for declaratory relief against Google, Inc. ("Google"), in the Circuit Court of Little River County, Arkansas (Case No. CV 2012-11-12). On March 9, 2012, Google filed a Notice of Removal, removing the lawsuit to this Court. *See* Doc. 1. Google also filed a Motion to Dismiss the Complaint. *See* Docs. 19 & 20. Google asserts that Sheppard's claim arises under the Electronic Communication Privacy Act ("ECPA"), 18 U.S.C. § 2511 *et seq.*, and that the ECPA completely preempts Ark. Code Ann. §§ 5-36-103 (Theft of Property), 5-41-104 (Computer Trespass), and 5-41-202(a) (Unlawful Act Regarding a Computer). On April 7, 2012, Sheppard filed a Motion to Remand. *See* Docs. 17 & 18. On April 25, 2012, Sheppard filed an Amended Complaint in which she added Yahoo!, Inc. as a Defendant. *See* Doc. 22. The parties

have engaged in extensive briefing on Sheppard's Motion to Remand and the question whether the ECPA completely preempts certain Arkansas statutes, among other issues.

3. Ark. Code Ann. § 16-111-106 provides that, in any proceeding where an Arkansas statute is alleged to be unconstitutional, the Attorney General shall "be entitled to be heard." *Id*. Similarly, Ark. R. Civ. P. 24(c) provides that, "[w]hen the constitutionality of a statute of this state affecting the public interest is drawn into question in any action, the court may require that the Attorney General of this state be notified of such question."

4. Rule 29 of the Federal Rules of Appellate Procedure provides that "a state may file an amicus-curiae brief without the consent of the parties or leave of the court[.]"

5. Federal district courts have often allowed state attorneys general offices to submit *amicus* briefs in cases where state interests have been implicated. *See*, *e.g.*, *Drgac v. Treon*, Civ.A. H-07-4283, 2008 WL 4746984 (S.D. Tex. Oct. 27, 2008) (granting *amicus curiae* motion to dismiss filed by state attorney general's office); *M.S. Wholesale Plumbing, Inc. v. Univ. Sports Pub. Co.*, No. 4:07CV00730, 2008 WL 90022 at *7 (E.D. Ark. Jan. 7, 2008) ("IT IS FURTHER ORDERED that the Arkansas Attorney General's motion seeking leave to file an amicus brief (docket entry #22) is GRANTED."); *Mayo v. Dean Witter Reynolds, Inc.*, 260 F.Supp.2d 979 (N.D. Cal. 2003) ("The Court also received an amicus brief from the California Attorney General that is neutral with respect to Plaintiff's individual argument but which urges the Court not to find preemption."); *Counts v. Cedarville Sch. Dist.*, 295 F.Supp.2d 996, 998 (W.D. Ark. 2003) ("While rare, the Court notes that *amicus* briefs have been received in cases pending before United States District Courts.") (citing *Mich. Nat'l Bank v. State of Mich.*, 365 U.S. 467 (1961) and *I.C.C. v. Allen E. Kroblin, Inc.*, 212 F.2d 555 (8th Cir. 1954)); *Nat'l Home Equity Mortg. Ass'n v. Office of Thrift Supervision*, 271 F.Supp.2d 264, 267 (D.D.C. 2003), *aff'd*, 373 F.3d

1355 (D.C. Cir. 2004) ("[T]he Court granted the Motion of Amici Curiae the State Attorneys General to file an Amicus Brief."); *U.S. v. State of La.*, 751 F.Supp. 608 (E.D. La. 1990) (permitting state attorney general's office to remain in action arising from civil rights violations in public education as *amicus curiae* following determination that Governor was proper party to represent State's interest in action).

6. Proposed *amicus curiae* respectfully submits that an *amicus* brief is necessary because the State has an interest in ensuring that the statutes passed by the Arkansas General Assembly are upheld and enforced. The Court's decision on the preemption issue presented by the parties, and specifically the validity of certain Arkansas criminal statutes, could impact hundreds or thousands of pending and future criminal prosecutions in Arkansas. The uniformity of interpretation and application of Arkansas criminal statutes is critically important to Arkansas criminal law enforcement. Proposed *amicus curiae* respectfully requests permission to appear in this action to argue that Arkansas criminal statutes are not completely preempted, and are not invalidated in any event, by federal law in this case. Proposed *amicus curiae* seeks to appear solely to defend the validity and enforceability of Ark. Code Ann. §§ 5-36-103 (Theft of Property), 5-41-104 (Computer Trespass), and 5-41-202(a) (Unlawful Act Regarding a Computer).

7. Proposed *amicus curiae* does not seek to enlarge the issues beyond those raised by the pleadings and issues before the Court.

8. Proposed *amicus curiae* is filing its *Amicus* Brief contemporaneously with the filing of this Motion.

WHEREFORE, proposed *amicus curiae*, the State of Arkansas, respectfully requests that this Court grant its Motion for Leave to File an *Amicus* Brief, and prays for all other just and appropriate relief.

        Respectfully Submitted,

        DUSTIN McDANIEL
        Attorney General

By:   /s/ Colin R. Jorgensen
       Colin R. Jorgensen, Ark. Bar # 2004078
       Assistant Attorney General
       Arkansas Attorney General's Office
       323 Center Street, Suite 200
       Little Rock, Arkansas 72201
       (501) 682-3997
       colin.jorgensen@arkansasag.gov

*Attorneys for the State of Arkansas.*

## CERTIFICATE OF SERVICE

I, Colin R. Jorgensen, Assistant Attorney General, do hereby certify that on this 9th day of July, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will provide electronic notification to CM/ECF participants.

       /s/ Colin R. Jorgensen
       Colin R. Jorgensen, Ark. Bar # 2004078
       Assistant Attorney General
       Arkansas Attorney General's Office
       323 Center Street, Suite 200
       Little Rock, Arkansas 72201
       (501) 682-3997
       colin.jorgensen@arkansasag.gov