IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


JULIE SHEPPARD                                                                    PLAINTIFF


v.                              Case No. 4:12-cv-04022-SOH


GOOGLE, INC. and YAHOO!, INC.                                    DEFENDANTS

BRIEF OF *AMICUS CURIAE* THE STATE OF ARKANSAS

COMES NOW *amicus curiae*, the State of Arkansas, by and through counsel, Arkansas Attorney General Dustin McDaniel and Assistant Attorney General Colin R. Jorgensen, and offers the following *amicus* brief in defense of the validity and enforceability of Ark. Code Ann. §§ 5-36-103, 5-41-104, and 5-41-202.

## I.        INTRODUCTION

On February 1, 2012, Julie Sheppard ("Sheppard"), an Arkansas resident, filed a civil complaint for declaratory relief against Google, Inc. ("Google"), in the Circuit Court of Little River County, Arkansas (Case No. CV 2012-11-12).  On March 9, 2012, Google filed a Notice of Removal, removing the lawsuit to this Court.  *See* Doc. 1.  Google also filed a Motion to Dismiss the Complaint.  *See* Docs. 19 & 20.  Google asserts that Sheppard's claim arises under the Electronic Communication Privacy Act ("ECPA"), 18 U.S.C. § 2511 *et seq*., and that the ECPA completely preempts Ark. Code Ann. §§ 5-36-103 (Theft of Property), 5-41-104 (Computer Trespass), and 5-41-202(a) (Unlawful Act Regarding a Computer).  On April 7, 2012, Sheppard filed a Motion to Remand.  *See* Docs. 17 & 18.  On April 25, 2012, Sheppard filed an Amended Complaint in which she added Yahoo!, Inc. ("Yahoo!") as a Defendant.  *See* Doc. 22. The parties have engaged in extensive briefing on Sheppard's Motion to Remand and the

question whether the ECPA completely preempts certain Arkansas statutes, among other issues. *Amicus Curiae* the State of Arkansas submits this *amicus* brief in defense of the validity and enforceability of Ark. Code Ann. §§ 5-36-103, 5-41-104, and 5-41-202.

## II.   PREEMPTION ARGUMENTS OF SHEPPARD, GOOGLE, AND YAHOO!, INC.

In its Notice of Removal (Doc. 1), Google argues that federal question jurisdiction exists pursuant to the doctrine of complete preemption, under which "the preemptive force of a federal statute is so complete that it transforms complaints styled as ordinary common-law claims into ones stating a federal claim." *Id*. at 3 (citing *Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996)).  Google asserts that although Sheppard "artfully" pleads claims under various Arkansas statutes, her complaint actually sets forth a claim under the federal ECPA. *Id*. at 4-6. Google relies heavily upon *Muskovich v. Crowell*, 1995 WL 905403, *1 (S.D. Iowa 1995) (unreported), in which a plaintiff's state law claims of intentional infliction of emotional distress and breach of duty to protect confidentiality were found to be based on "conduct regulated by ECPA" and therefore preempted by the ECPA.  Doc. 1 at 6.  Google further asserts that "ECPA completely preempts Plaintiff's state law claims and presents a federal question for purposes of removal[,]" (*id*. at 6, 7) based upon the following provision of the ECPA:

> The remedies and sanctions described in this chapter with respect to the interception of electronic communications are the only judicial remedies and sanctions for nonconstitutional violations of this chapter involving such communications.

18 U.S.C. § 2518(10)(c) (cited by Google at Doc. 1, 6-7).  Google also relies upon *Bunnell v. Motion Picture Assoc. of Am.*, 567 F. Supp. 2d 1148 (C.D. Cal. 2007), in which a district court granted summary judgment on a state-law invasion of privacy claim due to a finding of express preemption under the ECPA.  *Id*.  In its Brief in support of its Motion to Dismiss (Doc. 20),

2

Google makes the same argument for complete preemption, relying upon the same authorities. *Id*. at 6-9.  Google also incorporates arguments for field preemption (*id*. at 9-10), and conflict preemption (*id*. at 10-11).

In her Brief in support of her Motion to Remand (Doc. 18), Sheppard asserts that Google's preemption argument "would eviscerate the application of Arkansas state law on matters traditionally found to be in the sole province of the states:  Property rights and state criminal laws."  *Id*. at 1.  Specifically, Sheppard argues that Google's removal seeks to "entirely dispose of the State of Arkansas' legislatively enacted penal provisions against cyber-crimes and involving 'theft of property' (§ 5-36-103), 'computer trespass' (§ 5-41-104), and 'unlawful act regarding a computer' (§ 5-41-202(a))[.]"  *Id*.  According to Sheppard, "[u]nder Google's complete preemption argument, Arkansas' penal code provisions are nullified if *any* aspect of the ECPA or SCA arguably come into play, the result being that Arkansas prosecutors would have no remedy against alleged perpetrators of cyber crimes."  *Id*. at 2.  Sheppard generally argues that the ECPA does not preempt her claims under Arkansas law because she has not raised any federal claim, and Google's asserted defense of one-party consent pursuant to the ECPA does not apply to the analysis of Sheppard's state-law claims, and is not sufficient to provide a basis for removal.  *Id*. at 10-12.  Sheppard asserts that no court has ever held that the ECPA completely preempts state-law claims, and many district courts have either declined to exercise supplemental jurisdiction over state-law claims when considering ECPA claims, dismissing the state-law claims without prejudice so that they may be properly pursued in state court, or considered the merits of both the ECPA and state-law claims.  *Id*. at 12-15.

In its Response in Opposition to Plaintiff's Motion to Remand (Doc. 21), Google again relies upon *Muskovich*, *supra*, in which a district court determined that a plaintiff's state-law claims related to conduct regulated by the ECPA and were therefore preempted. *Id*. at 2. Google avoids Sheppard's discussion of the effect of ECPA preemption on Arkansas statutes, arguing instead that the effect of preemption is simply to bar Sheppard's state-law claims in this case. *Id*. at 2-8. Google offers no response to Sheppard's assertion that the effect of Google's preemption argument is to invalidate Ark. Code Ann. §§ 5-36-103 (Theft of Property), 5-41-104 (Computer Trespass), and 5-41-202(a) (Unlawful Act Regarding a Computer). Google also argues alternatively that the district court has federal question jurisdiction (Doc. 21 at 13-14) and diversity jurisdiction (*id*. at 14-20).

In her Reply to Google's Response to her Motion to Remand, Sheppard argues that the legislative history of the original Wiretap Act (prior to the 1986 amendment adding 18 U.S.C. § 2518(10)(c)) expressly notes, repeatedly, that Congress did not intend to preempt state law. *See* Doc. 23 at 1-2. The fact that the Wiretap Act did not preempt state law and did not preclude more restrictive state standards was noted by courts analyzing the Act, which "has been consistently held to allow parallel and more rigorous state-law causes of action." *Id*. at 5. Sheppard notes further that following the 1986 amendment, a host of courts have analyzed the legislative history of the ECPA and concluded that the 1986 amendment did not alter congressional intent with regard to preemption. *Id*. at 2-3. Sheppard asserts, with citation to authority, that every court that has analyzed the legislative history in conjunction with § 2518(10)(c) has ruled that § 2518(10)(c) is limited in application to matters involving suppression of evidence, and does not expressly preempt state law. *Id*. at 7-9.

4

In its Sur-Reply in Opposition to Plaintiff's Motion to Remand (Doc. 32), Google addresses Sheppard's Amended Complaint (Doc. 22), and again argues that the Court should find complete preemption because § 2518(10)(c) of the ECPA "provides an express exclusive remedy provision for the interception of electronic communications." Doc. 32 at 2. Google argues that the legislative history is irrelevant and should not be considered where the language of the statute indicates complete preemption. Google again avoids any discussion of the effect of preemption on the validity and enforceability of Arkansas statutes.

On June 27, 2012, Yahoo! filed its Response to Plaintiff's Motion for Remand. *See* Doc. 40. Yahoo! argues that Congress intended the ECPA "to be the single authority covering claims such as Plaintiff's here[,]" and the ECPA "both expressly preempts Plaintiff's claims and occupies the field to the preclusion of her state-law allegations." *Id.* at 1. Yahoo! adopts Google's arguments regarding complete preemption (*id.* at 4), and argues that the ECPA also has field preemption over Sheppard's state-law claims, because "Congress intended that ECPA would occupy the entire field regarding the interception, disclosure, and use of electronic communications, at least for electronic service providers[.]" *Id.* at 4. Like Google, Yahoo! does *not* argue that Ark. Code Ann. §§ 5-36-103, 5-41-104, and 5-41-202 should be invalidated in this case; rather, Yahoo! simply argues that Sheppard's claims under those statutes fail in this case because they are preempted by the ECPA. As of the date of this filing, neither Google nor Yahoo! has asserted that a preemption finding, or a finding of federal jurisdiction on any ground, has any effect on the validity of Ark. Code Ann. §§ 5-36-103, 5-41-104, and 5-41-202.

## III.   ARGUMENT

*Amicus curiae*, the State of Arkansas, has a compelling interest in the validity and enforcement of Ark. Code Ann. §§ 5-36-103, 5-41-104, and 5-41-202 (along with the entire

Arkansas criminal code).  The State does not take a position on the merits of Sheppard's claims against Google and Yahoo!, nor on the jurisdictional issue presented by Sheppard's Motion to Remand and the responsive pleadings submitted by Google and Yahoo!.  However, because Google and Yahoo! have argued that Sheppard's claims under these Arkansas statutes are completely preempted by the ECPA, the State submits this *amicus* brief in defense of the validity of the Arkansas statutes, and in furtherance of the State's compelling interest in the continued enforcement of the Arkansas statutes.  The State's position in this case is two-fold:  first, the ECPA does not completely preempt Ark. Code Ann. §§ 5-36-103, 5-41-104, and 5-41-202 in this case or any conceivable case, nor does the ECPA occupy a field of law or conflict with Arkansas law in a way requiring the invalidation of any Arkansas statutes; second, even if the Court determines that the ECPA preempts Sheppard's state-law claims under the specific circumstances of this case, the Court should hold that Ark. Code Ann. §§ 5-36-103, 5-41-104, and 5-41-202 remain fully valid and enforceable in Arkansas courts.

> **A.    The ECPA does not preempt or invalidate Ark. Code Ann. §§ 5-36-103, 5-41-104, and 5-41-202.**

Unless a federal statute expressly preempts state law, there is a strong presumption against preemption by federal statute or regulation.  *See N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645 (1995); *Midatlantic Nat'l Bank v. N.J. Dep't of Envtl. Protection*, 474 U.S. 494 (1986) (refusing to find preemption even in a case where strict compliance with federal law could result in a violation of state law).  Additionally, a state law is presumed valid if enacted in the exercise of a state's legitimate police powers.  *See, e.g.*, *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218 (1947); *Kelly v. Wash.*, 302 U.S. 1 (1937).  Thus, preemption of the states' police powers by federal statute must not be assumed, but exists only if "that was the clear and manifest intent of Congress[,]" *Ray v. Atlantic Richfield Co.*, 435

U.S. 151, 157 (1978) (quoting *Rice v. Santa Fe Elevator Corp.*, *supra*), or if there is a direct conflict between federal and state law that cannot be reconciled. *Kelly v. Wash.*, *supra*, 302 U.S. at 10. Courts are not to seek out conflicts where none necessarily exist, *Huron Portland Cement Co. v. City of Detroit*, 362 U.S. 440, 446 (1960), and even when federal law is found to be preemptive, state law is invalid only to the extent that it has clearly been preempted. *See Pac. Legal Found. v. State Energy Res. Conservation & Dev. Comm'n*, 659 F.2d 903, 919 (9th Cir. 1981). When faced with two equally plausible readings of statutory text, courts "have a duty to accept the reading that disfavors preemption." *Bates v. Dow Agrosciences*, 544 U.S. 431, 449 (2005).

As a threshold matter, as noted by Sheppard in her remand briefing,[1] the legislative history of the original Wiretap Act expressly provides, repeatedly, that the Act does not preempt state law, and a bevy of courts have analyzed this legislative history and concluded that neither the original Wiretap Act nor the ECPA preempt state law. Rather, Congress' intent was to establish minimum standards and invite more restrictive state standards such as those set forth in Ark. Code Ann. §§ 5-36-103, 5-41-104, and 5-41-202. Google contends that the 1986 amendment adding 18 U.S.C. § 2518(10)(c) to the ECPA altered Congressional intent to provide for preemption. As noted by Sheppard, however, at least seven courts have addressed this very issue *after* the 1986 amendment and determined that the ECPA does *not* preempt state-law claims in the field of electronic communications or elsewhere. *See Leong v. Carrier IQ, Inc.*, 2012 WL 1463313, *3-5 (C.D. Cal. April 27, 2012) (holding that the ECPA did not preempt California's Invasion of Privacy Act; noting that "the cases finding complete preemption are not

---

[1] Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, *Amicus Curiae* the State of Arkansas adopts by reference the preemption arguments set forth in Sheppard's Motion to Remand and Brief (Docs. 17 & 18), Reply to Google's Response to Motion to Remand (Doc. 23), and Supplement to Reply to Google's Response to Motion to Remand (Doc. 24).

persuasive[;]" and noting that preemption "is belied by [the ECPA's] legislative history, and the actual practice of the States during the past four decades since the statute's enactment."); *In re Google, Inc. St. View Elec. Communications Litig.*, 794 F. Supp. 2d 1067, 1085-1086 (N.D. Cal. 2011) (holding that the ECPA did not preempt state unfair competition law); *In re  Valentine v. Nebuad, Inc.*, 804 F. Supp. 2d 1022, 1029 (N.D. Cal. 2011) (holding that the ECPA did not preempt the California Invasion of Privacy Act or the California Computer Crime Law); *Lane v. CBS Broad., Inc.*, 612 F. Supp. 2d 623, 637-638 (E.D. Pa. 2009) (remanding to state court, holding that the ECPA did not preempt the plaintiff's state-law claims, and noting that Congress expressly authorized states to legislate in the field of electronic communications); *Ideal Aerosmith, Inc. v. Acutronic USA, Inc.*, 87 U.S.P.Q.2d 1756, 1759-1760 (W.D. Pa. April 23, 2008) (holding that the ECPA did not preempt state-law claims for trade secret violations, unfair competition and civil conspiracy); *Bansal v. Russ*, 513 F.Supp.2d 264, 282 (E.D. Pa. 2007) (denying motion to dismiss claims under the ECPA and state Wiretapping and Electronic Surveillance Control Act; holding that the ECPA did not expressly preempt state law; explaining that "the purpose of [the ECPA] is not to expressly preempt state law . . ."); *In re Nat'l Sec. Agency Telecomm. Records Litig.*, 483 F.Supp.2d 934, 939 (N.D. Cal. 2007) (holding that the ECPA "does not completely preempt suits under state law.").

Although the seven cases proffered by Sheppard are sufficiently persuasive to resolve the preemption question in this case, it should be noted that other courts have also determined that the ECPA does not preempt state-law claims.  *See, e.g.*, *Whitaker v. Garcetti*, 291 F.Supp.2d 1132, 1142 (C.D. Cal. 2003) (the ECPA "was not an attempt to occupy the field, but merely an attempt to establish minimum standards."); *Roberts v. Americable Intern., Inc.*, 883 F.Supp. 499, 503 (E.D. Cal. 1995) ("Clearly, Congress must have had in mind when enacting the 'one party

consent' exception here that pertinent state law regarding tape recording of conversations might be more strict than federal law"); *Kearney v. Salomon Smith Barney, Inc.*, 137 P.3d 914, 921-922 (Cal. 2006) (holding that the ECPA did not preempt "the more stringent provisions embodied in California's invasion-of-privacy law"); *Bishop v. State*, 526 S.E.2d 917, 920 (Ga. 1999) ("While the construction of [the ECPA] would make the evidence in this case admissible, there has been no federal preemption."); *Hoskins v. Howard*, 971 P.2d 1135, 1138-1139 (Idaho 1998) (holding that the ECPA did not preempt the Idaho Communications Security Act; "Federal statutes on the subject matter of electronic surveillance do not preempt all state regulation.   They merely establish a minimum level of protection, and states are free to provide more.").   This Court should similarly hold that the ECPA does not preempt Ark. Code Ann. §§ 5-36-103, 5-41-104, and 5-41-202.

In many cases where plaintiffs have raised both ECPA claims and state-law claims under the same facts, federal courts have declined to hold that the ECPA preempts the state-law claims, and have typically either considered the merits of both the ECPA claims and the parallel state-law claims, or dismissed the state-law claims without prejudice so that they may be pursued in state court.   *See, e.g.*, *McCready v. eBay, Inc.*, 453 F.3d 882, 890 (7th Cir. 2006) (declining to exercise supplemental jurisdiction over state-law claims for consumer fraud, deceptive business practices, invasion of privacy, and conversion); *In re Pharmatrak, Inc.*, 329 F.3d 9, 16 (1st Cir. 2003) (declining to exercise supplemental jurisdiction and dismissing without prejudice state-law claims for invasion of privacy, trespass, conversion, and unjust enrichment); *Fraser v. Nationwide Mut. Ins.*, 352 F.3d 107, 116-117 (3rd Cir. 2003) (noting that the plaintiff could assert his state-law claims for conversion and invasion of privacy, based upon the same facts as the plaintiff's federal ECPA claims, in state court); *Larson v. Liberty Mut. Fire Ins. Co.*, 2012

WL 93181, Civil No. 11-00272 SOM/BMK (D. Haw. Jan. 10, 2012) (declining to exercise supplemental jurisdiction over state-law claims for invasion of privacy and IIED); *Frederick v. Oldham County Fiscal Court*, 2010 WL 2572815, Civil Action No. 3:08-CV-401-H (W.D. Ky. June 23, 2010) (analyzing ECPA claims and parallel state-law claims for conversion, outrage, and invasion of privacy); *Global Policy Partners, LLC v. Yessin*, 686 F.Supp.2d 631 (E.D. Va. 2009) (analyzing ECPA claims and parallel state-law claims for conversion and unlawful access to a computer network).  These cases indicate that the ECPA does not completely preempt state-law claims even in the same subject area, and certainly does not invalidate state laws that may cover the same subject.

Moreover, the ECPA explicitly recognizes the validity of state criminal and civil laws regulating similar matters because the ECPA provides that the consent of a single party to an intercepted electronic communication is not a defense to an ECPA violation if "such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or law of the United States **or any State**."  18 U.S.C. § 2511(2)(d) (emphasis added).  When § 2511(2)(d) is read in conjunction with § 2518(10)(c) (upon which Google and Yahoo! rely for their express preemption argument), it is clear that § 2518(10)(c) does not completely preempt state-law claims.  *See In re Google, Inc. St. View Electronic Comm. Litig.*, *supra*, 794 F. Supp. 2d at 1085 (FN 12) ("[Google's] interpretation of Section 2518(10)(c) as an express preemption clause misinterprets the provision.  The legislative history supports the proposition that the provision was appended to the ECPA solely to address suppression of evidence by criminal defendants."); *In re Nat'l Sec. Agency Telecomm. Records Litig.*, *supra*, 483 F. Supp. 2d at 939 (holding that § 2518(10)(c) was drafted with the limited intent to prevent "criminal defendants from suppressing evidence based on electronic communications or

10

customer records obtained in violation of ECPA's provisions."). Given the fact that **the ECPA expressly recognizes the validity of state criminal and civil laws**, and the fact that courts have interpreted § 2518(10)(c) to have the limited effect of preventing criminal defendants from suppressing evidence (and not preempting state laws), a finding that the ECPA completely preempts Arkansas laws proscribing theft, computer trespass, and unlawful acts regarding a computer is unwarranted and contrary to the express language of the ECPA.

Finally, *Burford* abstention also militates against a finding of complete preemption and the invalidation of Arkansas laws in the instant case. *See Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); *see also Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25 (1959). *Burford* abstention is appropriate where, irrespective of the presence of a federal question, substantial and important matters of state policy are implicated and federal court adjudication of the matter might disrupt the state's efforts at structuring or maintaining a coherent program in the area. *Id*. Because a ruling invalidating the Arkansas statutes would eradicate the State of Arkansas's attempt to regulate and proscribe cyber-crime (and theft of property in general), and because the ECPA does not purport to occupy the field of cyber-crime as a whole (or theft of property as a whole), the Court should refrain from questioning the validity of the State's effort to maintain and enforce statutes designed to address such a broad swath of criminal activity.

The Arkansas statutes involved in this case cover a sweeping arena of criminal activity, from all misdemeanor and felony levels of theft of property (Ark. Code Ann. § 5-36-103), to misdemeanor and felony computer trespass, including the unauthorized access, alteration, deletion, damage, destruction, or disruption of "any computer, computer system, computer network, computer program, or data" (Ark. Code Ann. § 5-41-104), to misdemeanor and felony unlawful acts regarding computers, including unauthorized access, damage, disclosure,

destruction, and use of a computer, system, network, equipment, or supplies, and the introduction of a virus into a computer, system or network (Ark. Code Ann. § 5-41-202).  The ECPA addresses only a limited aspect of the unlawful interception of electronic communications; the ECPA does not regulate the entire field governing the disclosure of electronically stored communications.  Certainly then, the ECPA does not occupy the entire fields of criminal theft of property, computer trespass, and criminal acts regarding computers, networks, and systems. Even if the Court determines that the ECPA exclusively occupies a narrow field of law that is partially addressed (and enhanced) by the Arkansas statutes in this case, or that the Arkansas statutes are partially in conflict with the ECPA, an order invalidating the Arkansas statutes as a result would be excessive, overreaching, unnecessary, and devastating to the State's effort to enforce criminal law.  The Court should rule that the ECPA does not preempt Ark. Code Ann. §§ 5-36-103, 5-41-104, and 5-41-202.

      **B.**      **If the Court finds that the ECPA preempts Ark. Code Ann. §§ 5-36-103, 5-41-104, and 5-41-202, the Court should not invalidate Ark. Code Ann. §§ 5-36-103, 5-41-104, and 5-41-202.**

As a threshold matter, it is important to again note that although Google and Yahoo! argue in favor of complete preemption in this case, neither Google nor Yahoo! has directly challenged Ark. Code Ann. §§ 5-36-103, 5-41-104, and 5-41-202, and neither Google nor Yahoo! has argued that these state laws are invalid.  Rather, Google and Yahoo! have argued that to the extent Sheppard has raised any claims under Arkansas law, her claims fail because the ECPA preempts any state-law claims Sheppard could bring under the facts of her case.  A finding by this Court in favor of Google and Yahoo! on their preemption argument does not require a finding that any Arkansas law is invalid.  Indeed, only Sheppard has argued that a preemption finding in this case requires the invalidation of Arkansas law.  However, relevant

authority, including authority relied upon by Sheppard, Google, *and* Yahoo! in the course of their preemption arguments, indicates that a preemption finding would not invalidate Arkansas laws proscribing theft, computer trespass, and unlawful acts regarding computers, *supra*.

In the relatively few cases where federal courts have held that the ECPA preempted state law under specific facts, the federal courts did not find it necessary to declare that the ECPA *invalidated* any state law.  No party to this case has cited a single judicial decision in which a court declared a state law invalid or unenforceable because of preemption by the ECPA.  Rather, the preemptive effect of the ECPA in the minority of cases where courts have found preemption merely provided a basis for federal jurisdiction and resulted in the dismissal of the plaintiffs' state-law claims.  *See Bunnell*, *supra*, (granting defendant's summary judgment motion and denying plaintiffs' summary judgment motion where plaintiffs asserted claims under both the ECPA and the California Invasion of Privacy Act; finding that the ECPA preempted the parallel state wiretap claim); *Quon v. Arch Wireless Operating Co., Inc.*, 445 F.Supp.2d 1116, 1138 (C.D. Cal. 2006) (holding that the remedies afforded by the ECPA are the exclusive remedies that a party may pursue in court for conduct covered by the ECPA); *Muskovich*, *supra* (denying plaintiff's motion to remand where plaintiff asserted claims of IIED and breach of duty to protect confidentiality under state law because of finding that the ECPA expressly preempted the state-law claims; denying defendant's motion to dismiss without prejudice and allowing plaintiff to amend to assert any claim under the ECPA or federal law).  There is no indication in any of these cases that the preemption finding prohibited ongoing and future application of the state statutes or state common law in other cases that do not involve subject matter expressly covered by the ECPA.  There is no indication in any of these cases that the preemption finding prohibited the State from enforcing its valid laws, even in other cases that *do* involve subject matter expressly

covered by the ECPA.  If the Court holds that the ECPA preempts Sheppard's state-law claims in this case, the Court should also find that the ruling does not affect the validity of Ark. Code Ann. §§ 5-36-103, 5-41-104, and 5-41-202 in any other case.

WHEREFORE, proposed *amicus curiae* respectfully requests that this Court hold that no Arkansas statutes are completely preempted in this case, or alternatively, that Ark. Code Ann. §§ 5-36-103, 5-41-104, and 5-41-202 remain fully valid and enforceable despite any preemption by the ECPA in this case, and prays for all other just and appropriate relief.

Respectfully Submitted,

DUSTIN McDANIEL
Attorney General


By:       /s/ Colin R. Jorgensen
          Colin R. Jorgensen**,** Ark. Bar # 2004078
          Assistant Attorney General
          Arkansas Attorney General's Office
          323 Center Street, Suite 200
          Little Rock, Arkansas 72201
          (501) 682-3997
          colin.jorgensen@arkansasag.gov

          *Attorneys for the State of Arkansas.*

<u>**CERTIFICATE OF SERVICE**</u>

      I, Colin R. Jorgensen, Assistant Attorney General, do hereby certify that on this 9th day of July, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will provide electronic notification to CM/ECF participants.

<u>/s/ Colin R. Jorgensen</u>
Colin R. Jorgensen**,** Ark. Bar # 2004078
Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, Arkansas 72201
(501) 682-3997
colin.jorgensen@arkansasag.gov