UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JULIE SHEPPARD, | § § § | |
| Plaintiff | § § | |
| v. | § § | Civil Action 4:12-cv-04022-SOH |
| GOOGLE, INC., and YAHOO!, INC. | § § § | |
| Defendants | § § § § | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR REMAND AS TO DEFENDANT YAHOO!'S RESPONSE**

Plaintiff, Julie Sheppard, by and through her undersigned counsel, submits her Reply Brief in Support of the Motion for Remand as to the Response filed by Defendant Yahoo! and would respectfully show as follows:

**THERE IS NO PREEMPTION AND NO SUBSTANTIAL FEDERAL QUESTION**

**There is no cause of action asserted upon which preemption or a federal question can be analyzed.**

Google, and now Yahoo!, have both wholly failed to address or rebut the over-arching threshold for any analysis of a federal question or preemption: what was the cause of action at the time of removal? The only cause of action alleged at the time of removal was a single declaratory judgment action brought pursuant to ARK. CODE ANN. § 16-111-103(a) asking three questions:

1) Does Plaintiff have a personal property interest in the data of her email *prior to the receipt and review of that* email by users of Google's, and now Yahoo!'s, webmail service?

2) Does Google, and now Yahoo!, have any ownership interest in or property rights in Plaintiff's data? and

    3) *Prior to receiving and reviewing* Plaintiff's emails, do Gmail users (and now Yahoo! users) have any authority to grant any person rights to, license to, use of, or any control over Plaintiff's property interest in Plaintiff's data?

By statute, the matters upon which Plaintiff asked the Circuit Court to have Google, and now Yahoo!, show cause "should the Court find in favor of Plaintiff's requested declarations above," are not presently alleged causes of action because the requirements of ARK. CODE ANN. § 16-111-110 (namely Plaintiff prevails on the declaratory relief, Plaintiff files the required application, and the Court deems it appropriate to issue a "show cause") have yet to come to fruition. This is a procedural nuance of Arkansas declaratory judgment law that understandably Defendants have wholly failed to address. Accordingly, an examination of only the three questions posed in the current declaratory judgment action is appropriate.

Yahoo!'s Motion to Dismiss and Memorandum in support [Doc. 37 and 38] actually highlights why no federal question or issue of preemption arises when looking at the first question posed in Plaintiff's request for declaratory relief. In looking at whether Plaintiff retains a personal property interest in email after pushing send but *prior to receipt* of that email in the inbox of the intended recipient, the matter is purely a question of Arkansas property law. No federal statute, no federal law, and no issue of preemption exists or arises when looking at the issue of Plaintiff's retention of property rights following the pushing of "send" and prior to the recipient's receipt. Indeed, while Yahoo! focuses exclusively on the law of letters *after* a person has received the mail in their mailbox, Plaintiff asserts the property law of mail, and in this case email, is wholly different while such mail is being delivered. As Plaintiff has alleged that Google, and now Yahoo!, interfere with Plaintiff's property while it is being delivered, no federal question or issues arises. If such a law existed, Plaintiff asserts the Court would have seen it in both Defendants' briefs in their motions to dismiss. As neither Defendant has asserted

that ECPA applies to relieve Plaintiff of any *proprietary interest* in Plaintiff's email, no colorable assertion as to ECPA's application to the first question can be made.

Yahoo! also highlights why no federal question or preemption exists as to Plaintiff's second request for declaratory relief: does Google, and now Yahoo!, have any ownership interest in or property rights to Plaintiff's data in her email prior to receipt of that email by the recipient? In its motion to dismiss and brief in support, Yahoo! clearly illustrates why no application of federal law is necessary. Yahoo! claims in its motion to dismiss that it is an actual receiving agent for every user at the time *Yahoo! obtains* an email.[1] While Yahoo!'s agency theory presumably includes Yahoo!'s immediate possessory interest of all illegal materials sent to users and put thousands of users in jeopardy of losing protection against government subpoena authority, Yahoo! makes it abundantly clear that the proprietary interest Plaintiff seeks to have determined "is determined solely by [Yahoo!'s] contract with Yahoo! users—not with random senders of email." Yahoo!'s Brief in Support of Motion to Dismiss, Doc. 38, page 7. Indeed, the purported issue of "consent" will be based solely upon the agreements between the email provider and the user. This is so because ECPA doesn't create consent, and no court needs to examine the statutory language of ECPA regarding the interpretation of Yahoo!'s user agreements. As such, consent is not measured by ECPA but by the actions between the parties. In addition, neither Defendant has raised any colorable argument that any federal statute (to include ECPA) grants Defendants a property right or interest in the disputed email—*prior to its receipt by the recipient*. Before a federal question or preemption issue can even be analyzed, one

---

[1] In fact, Yahoo! likens itself to an agent for service of process. Brief in Support of Motion to Dismiss, page 7.

of the Defendants must demonstrate how any federal statute would grant that Defendant a property interest in the disputed property. Neither has done that.[2]

As to the third question, does the intended recipient have any property rights in Plaintiff's email *prior to receiving* the email, Yahoo!'s motion to dismiss re-enforces Plaintiff's remand position with its arguments: (1) Plaintiff relinquish her proprietary rights, (2) Yahoo! has authorization from its users that effectuate property rights prior to the receipt by the receipt, and (3) the intended recipient has rights prior to receipt. None of these issues involve the application of any federal statute—to include ECPA—as is wholly omitted from the arguments in support of these points for dismissal. No court needs to examine ECPA to determine whether the intended recipient has proprietary rights in email prior to the receipt of that email. Again, before a federal question or preemption issue can even be analyzed, one of the Defendants must demonstrate how a federal statute would grant the intended recipient a property interest in the disputed property. Neither has done that.

Finally, Plaintiff's case is about property rights. There is no applicable federal statute or law cited as a basis for removal that involves the property rights upon which Plaintiff complains. Accordingly, Arkansas law is the only law applicable in this action.

As there exists no cause of action upon which a federal statute or law applies, no federal question or issue of preemption should be found.

**Neither Yahoo! or Google address the clear congressional directive that there is no preemption.**

---

[2] Neither Defendant has come out and told this Court that ECPA gives either Defendant a proprietary interest in Plaintiff's email data prior to receipt by the recipient. Until either one takes that position, the general assertion of ECPA or even its consent provision without application to the case at hand is unsupported. Before ECPA should even be considered, Defendants should be required to tell this Court whether they assert ECPA conveys a proprietary interest in matters they acquire through their own admitted interception.

Neither Yahoo! or Google addresses the full congressional history surrounding ECPA in their assertions to this Court. In 1968 and in 1985, the legislators that actually passed the original Wiretap Act and ECPA clearly stated that no preemption of parallel state law was meant to occur. *See* S. Rep. 90-1097, S. Rep. No. 1097, 90th Con., 2nd Sess. 1968, 1968 U.S.C.C.A.N. 2112 (Exhibit A); and Senate Hearing 99-1006, November 18, 1985, page 38 ("Mr. KASTENMEIER. Mr. Chairman, if I may respond, I would say it would have no detrimental impact on State laws.") (Exhibit C). Neither Defendant addresses this legislative history.

Instead, Yahoo! cites to a purported litany of provisions within ECPA to essentially argue that the sheer number of different matters ECPA governs preempts the causes of action in this case even when the causes of action have no relation to those provisions. With the exception of §§ 2517, 2518, and 2522, the remaining citations to ECPA simply reassert § 2511 as the preemptive force of ECPA. Interestingly, Yahoo! relies upon *In re Google Inc. Street View Elec. Commc'ns Litig*, which first held that "ECPA contains no express preemptive statement on the part of Congress." 794 F. Supp. 2d at 1084. Second, as with the assertion of Cal. Bus. & Prof. Code §§ 17200 as a cause of action in *In re Google Inc. Street View,* Plaintiff's assertion of property interests in the present case does not fall within the "same field as the federal Wiretap Act." 794 F. Supp. 2d at 1085. Indeed, *In re Google Inc. Street View* makes it clear that ECPA does not preempt all state law that may be asserted due to harms inflicted by these Defendants because "the Federal Wiretap Act provides no additional protection or particular civil right of action for interceptions that result" in the wrongful interference of personal property rights. 794 F. Supp. 2d at 1085. Further, protecting property rights do not conflict with "the stated purposes of the ECPA." *Id.*

More importantly, the analysis provided in *Leong v. Carrier IQ, Inc.*, 2012 U.S. Dist. LEXIS 59480, *12-13 (C.D. Ca. April 27, 2012), clearly demonstrates why field preemption does not exist as to ECPA. Further, the pages of the legislative history referenced by the court in *In re Google Inc. St. View* (S. Rep. 99-541 at 4-6) do not support a finding of field preemption when compared to or coupled with the expressed statements against such an interpretation found in the contemporaneous legislative history of Senate Hearing 99-1006, November 18, 1985, page 38 (Exhibit C). As Plaintiff's cause of action seeks protection against the interference of her property rights, such matters either do not fall within ECPA or can easily be said to be more restrictive than the protections afforded by ECPA. Under either analysis, preemption does not exist.

As Plaintiff's claims are not preempted, either by expression of Congress or based upon ECPA's presence in the field of electronic communications, remand is appropriate.

## NO EVIDENCE IS BEFORE THE COURT TO SUPPORT DIVERSITY OF CITIZENSHIP JURISDICTION

Like Google, Yahoo! makes global and general assertions about Plaintiff's pleadings in an attempt to create an amount in controversy in excess of $75,000, but it too fails to offer a single piece of evidence or fact to support any contention as to the dollar value of Plaintiff's case. Like Google, Yahoo! must also "show," not just allege, "by a preponderance of the evidence that the amount in controversy exceeds the federal court's minimum threshold for jurisdiction." *Tuberville v. New Balance Ath. Shoe, Inc.*, No. 1:11-cv-0101, 2011 U.S. Dist. LEXIS 45894, *5 (W.D. Ark. 2011). As Judge Barnes wrote in *Wylie v. Insurance Co. of North America*, 2011 U.S. Dist. LEXIS 120839, *2 n.1 (W.D. Ark. 2011), "When the plaintiff has failed to specify a total damage amount in the complaint, it is the removing defendant's burden to prove by a preponderance of the evidence that the amount in controversy is greater than

$75,000." However, unlike virtually every case relied upon by both Defendants, neither Defendant offers a dollar amount, a method of calculating a dollar amount, or a basis for any determination of a dollar amount to satisfy their burden of demonstrating that the amount in controversy exceeds $75,000. They present nothing.

Further, Judge Barnes stated, "When it is not facially apparent from the complaint that the amount in controversy exceeds $75,000, the federal courts may look to other sources to make this determination, including deposition testimony, answers to interrogatories, statements by counsel, stipulations, settlement offers and other correspondence between the parties." *Wylie*, 2011 U.S. Dist. LEXIS at *2. Here, no "other sources" are offered by the Defendants. However, in the event the Court believes the examination of "other sources" is necessary, Plaintiff respectfully asks that she be allowed to conduct discovery as to both Defendants in regard to their assertion of the amount in controversy in this case. Barring that, Defendants have failed to meet their initial burden as to the amount in controversy.

As this Court has already stated, only "If a defendant meets its burden" must the plaintiff demonstrate to a legal certainty that the amount in controversy is less than the statute requires. *Oliver v. Mona Vie, Inc.*, 2012 U.S. Dist. LEXIS 75249, *3 (W.D. Ark. May 31, 2012). Before the issue of a binding stipulation is analyzed, the Defendants must demonstrate through evidence that there exists a need for a binding stipulation for amounts above $75,000. Such is not the case in the Notice of Removal or the responses from the Defendants.

As already argued by Plaintiff in prior briefing, *Bell* does not require a separately filed stipulation from the complaint when a State's laws give effect to the actual pleadings. While Yahoo! asserts there is a purported "split on the analysis" in this District, the longstanding opinions rendered from the majority of judges in the Western District for the last few years tell

otherwise. Notably, Yahoo! does cite to this very Court's analysis that a binding stipulation is not required outside of the pleadings. *Oliver v. Mona Vie, Inc.*, 2012 U.S. Dist. LEXIS 75249 (W.D. Ark. May 31, 2012). Plaintiff asserts that is the controlling and current state of the law.

As such the sole question remains as to whether Plaintiff's "single" statement "limiting" her declaratory relief and any potential supplemental relief thereafter is *as binding* as a disclaimer that is repeated numerous times throughout the same pleading. Yahoo! apparently takes issue with the fact that Plaintiff only asserted her limitation once as opposed to "nine separate statements" in *Oliver* and "seventeen separate statements" in *McLendon*. From the below-signed counsel's reading of this Court's remand order in *Oliver*, it does not appear that this Court placed any importance on the number of times the disclaimer was made or required of parties in the future to make multiple assertions of the same jurisdictional allegations in the complaint.

Next, Yahoo! contends that Plaintiff's use of the word "limit" as to the amount in controversy cannot act as a disclaimer. Plaintiff alleged at ¶ 5 of her Complaint, "Plaintiff *expressly limits* the value of her declaratory relief and any supplement relief thereafter sought to less than $75,000." (Emphasis added). The primary definitions of the word "limit" include:

1    a: something that bounds, restrains, or confines;

      b: the *utmost extent*.

5.    a prescribed *maximum* or minimum amount, quantity, or number.

Merrim-Webster's Online Dictionary (10th Ed.), http://www.merriam-webster.com/dictionary/limit (emphasis added). Plaintiff "bound" her recovery to less than $75,000. Plaintiff "restrained" her recovery. Plaintiff expressly set the "utmost extent" of her recovery to less than $75,000. Plaintiff set a "prescribed maximum" for her recovery at less than

$75,000. What Yahoo! asserts Plaintiff must do in the negative, Plaintiff did in the affirmative. Further, Plaintiff fails to see the substantive difference between the language in *Oliver* wherein the plaintiff "expressly stipulates to seek less than $75,000 total recovery" versus Plaintiff's language of "expressly limits" the total value.

Finally, Yahoo! contends that Plaintiff did not limit the damages for "all relief in controversy." Plaintiff is left to wonder what other forms of relief are alleged in the Complaint that have not been limited by the expressed limitation of "the value" (an all encompassing phrase) of not only the declaratory relief but also the potential supplemental relief. Yahoo! can cite to none, as all forms of relief have already been limited. Indeed, Plaintiff's assertion of "the value" includes the exact same amounts as "total recovery" or "total aggregate award" as upheld sufficient in *McClendon* and relied upon by Yahoo!. Moreover, statutory attorneys fees are not authorized for declaratory judgment actions in Arkansas, even if an underlying claim therein would allow for them. *See Terry Hanners v. Giant Oil Company of Arkansas, Inc.*, 373 Ark. 418, 426, 284 S.W.3d 468, 475 (2008). Further, Plaintiff has not alleged punitive damages, her general request for relief does not include punitive damages, and as Judge Dawson wrote, "this Court is unaware of any precedent that dictates that punitive damages are assumed pled unless specifically disclaimed." *Tuberville v. New Balance, et al.*, 2011 U.S. Dist. LEXIS 45894, * 15 (W.D. Ark. 2011). Finally, the Eighth Circuit does not "endorse the rule followed by other circuits that the amount in controversy can sometimes be measured by the defendant's costs, rather than the potential benefit the plaintiff stands to gain in winning." *Id.* at *14.

Accordingly, no diversity jurisdiction exists.

WHEREFORE, Plaintiff prays that this Court remand Plaintiff's Complaint for Declaratory Judgment to the Circuit Court of Little River County, Arkansas, and for all just and

equitable relief to which Plaintiff may be entitled, included, but not limited to, Plaintiff's costs, expenses, and attorneys' fees incurred in connection with responding to Google's Notice of Removal.

                                                  Respectfully submitted,

/s/ Sean F. Rommel_____
Sean F. Rommel
Arkansas Bar No. 94158
srommel@wylyrommel.com
James C. Wyly
Arkansas Bar No. 90158
jwyly@wylyrommel.com
**WYLY~ROMMEL, PLLC**
4004 Texas Boulevard
Texarkana, Texas 75503
(903) 334-8646 (Telephone)
(903) 334-8645 (Facsimile)

M. Chad Trammell
Arkansas Bar No. 95125
chad@thetrammellfirm.com
**THE TRAMMELL LAW FIRM, PLLC**
418 North State Line Avenue
Texarkana, AR 71854
(870) 779-1860 (Telephone)
(870) 779-1861 (Facsimile)

Eric T. Bishop
Arkansas Bar No. 89174
**BISHOP & BISHOP**
P.O. Box 609
Ashdown, Arkansas 71822
(870) 898-5058 (Telephone)
(870) 898-8110 (Facsimile)

Bryan Chesshir
Arkansas Bar No. 91054
122 W. Bishop Street
Nashville, Arkansas 71852
(501) 845-5030 (Telephone)
(501) 845-0268 (Facsimile)

George Matteson
Arkansas Bar No. 2000096
Jeff Harrelson
Arkansas Bar No. 96118
**HARRRELSON & MATTESON, P.A.**
300 North State Line Avenue
Texarkana, Arkansas 71854
(870) 772-0300 (Telephone)
(870) 772-0302 (Facsimile)

Chris Travis
Arkansas Bar No. 97093
Travis@gill-law.com
Drake Mann
Arkansas Bar No. 87108
mann@gill-law.com
**GILL ELROD RAGON OWEN
& SHERMAN, P.A.**
425 West Capitol Avenue, Suite 3801
Little Rock, Arkansas 72201
(501) 376-3800 (Telephone)
(501) 372-3359 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2012, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Western District of Arkansas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means. All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail today.

/s/ Sean F. Rommel
Sean F. Rommel