UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| JULIE SHEPPARD, § | |
| § | |
| Plaintiff § | |
| § | |
| v. § | CIVIL ACTION NO. 4:12-cv-4022-SOH |
| § | |
| GOOGLE, INC. and YAHOO! INC., § | |
| § | |
| Defendants. § | |

## YAHOO!, INC.'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

Plaintiff's own Amended Complaint[1] belies her strained attempts to sidestep the meaning of her alleged claims. Indeed, she continues to disguise the claims asserted. When unveiled, they are preempted by ECPA and, therefore, properly removed pursuant to federal question jurisdiction. In addition, complete diversity jurisdiction exists as Plaintiff failed to deny that she would limit all damages to less than the jurisdictional requirements. Finally, this Court cannot remand claims that Plaintiff chose to bring for the first time in federal court – as she has done against Yahoo! here. For all these reasons, Plaintiff's motion should be denied.

### INTRODUCTION

With respect to preemption, even a cursory review of her Amended Complaint reveals that Plaintiff disguises claims that are based on Yahoo!'s "taking data" "prior to receipt and review" by Yahoo! Mail users, as merely a cause of action to declare that Plaintiff has a property right in emails after she sends them. (Amended Complaint, ¶¶ 15-16, 23-24). This is just not so.

---

[1] Plaintiff's First Amended Complaint for Declaratory Judgment (Dkt. No. 22) is referred to herein as Amended Complaint. Plaintiff's Complaint for Declaratory Judgment (Dkt. No. 3) is referred to herein as Plaintiff's Complaint.

**YAHOO!'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND – Page 1**

The Amended Complaint clarifies that any concern of violation of "property interests" is merely feigned as Plaintiff is actually challenging Yahoo!'s practice of displaying relevant advertisements to users based on emails they receive. To that end, Plaintiff's Amended Complaint seeks relief for "tak[ing] data" "prior to the Yahoo! Mail users' receipt and review of the Plaintiff's email" in order to display those advertisements. (*Id.* at ¶ 24).

An email provider's right to access email "data" during or after transmission while stored on or passing through Yahoo!'s servers is governed by the Electronic Communications Privacy Act ("ECPA"), which sets forth a series of comprehensive laws that preempts any causes of action such as those based on "property rights" theories that are plainly inconsistent with its scheme. Indeed, if Plaintiff's arguments were accepted and ECPA did not preempt causes of action based on expansive and novel readings of state property rights, numerous exceptions contained in ECPA, most of which are designed to protect the safety of electronic communications recipients and promote the use of email (which was an emerging technology when ECPA was passed), would be invalid. This would not only stifle, but get rid of "innovative" communications services—a result ECPA was specifically intended to avoid. S. REP. 99-541 at 5 (1986) (a true and correct excerpt of which is attached as Exhibit A). By attempting to disguise her ECPA-based claims as "property claims," Plaintiff has ignored the "necessary federal question" element of her actual claims and, thus, cannot defeat removal. *Gore v. TWA*, 210 F.3d 944, 950 (8th Cir. 2000) (citing *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998)). As this Court is well aware, ignoring the federal question does not make it go away. *See Daley v. Marriott Int'l, Inc.*, 415 F.3d 889, 894 (8th Cir. 2005); *Hall v. USAble Life*, Case No. 4:08-cv-4214 BSM, 2009 U.S. Dist. LEXIS 66101, *3 (E.D. Ark. Jul. 22, 2009) (all state

court claims initiated in state court within the scope of ERISA are preempted and can be removed).

To avoid preemption, Plaintiff turns to legislative history addressing parallel state wiretapping laws which place additional restrictions on access to communications. But violations of the Arkansas wiretapping statute are not alleged here. Nor is there any such parallel, more restrictive wiretapping statute at issue in this case. To be clear—this case does not involve the question of whether a state, like Arkansas, can layer protections on top of the federal scheme in ECPA. That issue was presented in the *Marquis* case recently cited by plaintiffs. *Marquis v. Google, Inc.*, No. 11-2808-BLSI (Mass. Super. Ct. Jan. 17, 2012). This case involves an effort to use traditional property rights to overcome both the federal government's and the Arkansas state legislature's view on how wiretapping laws should apply to email.[2] But no court has ever held that ECPA yields to state property laws. Plaintiff's "property" based claims, which do nothing to resolve the litigation, are thus an attempt to hide the fact that her complaint is nothing more than an ECPA claim in disguise. As such, this Court should retain jurisdiction and deny Plaintiff's motion to remand.

With respect to diversity jurisdiction, Plaintiff overstates the importance and effect one word has on an amendable pleading, and misdirects the Court with unnecessary citation to Merriam-Webster's dictionary. If Plaintiff had truly meant to avoid federal court by limiting the amount in controversy, she was free to do so by unilaterally and unequivocally representing that she was limiting all available recovery. This, she did not do. Again, her own Amended Complaint points out the fallacy. There, Plaintiff makes changes to her "disclaimers" which actually highlight the deficiencies of her original attempt to limit the amount in controversy. As

---

[2] Indeed, Arkansas has not chosen to add any additional protections on top of the federal scheme for the protection of emails; where it has passed wiretapping laws applicable to other forms of communications, it has expressed its preference for one-party consent. *See* ARK. CODE ANN. § 5-60-120.

**YAHOO!'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND – Page 3**

this Court can only consider the record at the time of removal, that attempt is insufficient to defeat diversity jurisdiction by itself.

Finally, Yahoo! was never a party to the state court action. Instead, Plaintiff asserted all claims against Yahoo! for the first time in this federal court. And, notably, Plaintiff never moved to remand her claims against Yahoo! – her motion to remand is only directed to Google. She did not because she cannot. A plaintiff cannot remand claims that she originally brought in federal court. For this reason alone, Plaintiffs' claims against Yahoo! should not be remanded.

## ARGUMENT

### I.  Plaintiff's Property Right Claims Are Thinly-Disguised ECPA Claims and Are Preempted

Plaintiff's remand brief as to Yahoo! only serves to strengthen the case against remand. As Plaintiff herself states the issue, "Plaintiff has alleged that Google, and now Yahoo!, interfere with Plaintiff's property while it is being delivered…" (Plaintiff's Reply Brief ("Reply"), Dkt. No. 45 at 2). Likewise, her supplemental claims are based on access to email either while in transit or stored on Yahoo!'s servers.[3] Even if Arkansas property law is relevant to determining whether Plaintiff has a property interest in email while it is in transit or stored on Yahoo!'s servers, which Yahoo! disputes in its motion to dismiss, ECPA still provides a comprehensive scheme detailing when, and for what reasons, Yahoo! may access email while it is in transit or stored on its own servers. That is a core purpose of ECPA.

---

[3] Plaintiff's attempt to avoid consideration of her supplemental claims fails. To determine the cause of action alleged on a motion to remand, Arkansas courts look to the facts alleged in the complaint to ascertain the area of law in which they sound. *Martin v. Equitable Life Assurance Society of the United States*, 344 Ark. 177, 40 S.W.3d 733 (2001). Here, Plaintiff attempts to use the declaratory judgment vehicle as a cause of action, in and of itself, by seeking a declaration of property rights that is nothing more than a precursor to future litigation based on facts governed by ECPA. This is simply another form of "artful pleading" and should be ignored.

Plaintiff's assertions that she is interested only in access by Yahoo! in the moments between her "sending" the email and its receipt by the intended recipient make the true nature of her claim as an ECPA violation even clearer. Plaintiff's real claims, taken in the light in which they are truly intended, are plainly accusations that Yahoo! violated ECPA, not Arkansas property rights, and are thus preempted. 18 U.S.C. § 2708; *Quon v. Arch Wireless Operating Co., Inc.*, 445 F. Supp. 2d 1116, 1138 (C.D. Cal. 2006), *aff'd in part, rev'd in part on other grounds,* 529 F.3d 892 (9th Cir. 2008), *rev'd and remanded sub nom. on other grounds, City of Ontario, Cal. v. Quon*, 130 S. Ct. 2619 (2010); *Muskovich v. Crowell,* 1995 WL 905403, at *1 (S.D. Iowa Mar. 21, 1995) ("In section 2708, Congress unequivocally expressed an intent to 'occupy the field' and provide the exclusive remedies for conduct regulated by ECPA.").

Plaintiff may be correct that if ECPA did not exist, Yahoo!'s claim that it has authorization from its users to access mail might put "users in jeopardy of losing protection against government subpoena authority." (Reply at 3). But ECPA does exist, and Congress enacted it to provide a comprehensive answer to the question with regard to stored communications and electronic communications in transit. These answers are contained in sections 2702 and 2703 which set forth the rules for governmental access to stored communications, like email. 18 U.S.C. §§ 2702, 2703; *see also* Orin Kerr, *The Case for the Third-Party Doctrine,* 107 Mich. L. Rev. 561, 597 (2009) (noting that the SCA provides protection for email account records in the hands of third parties). It is precisely for this reason that ECPA preempts Plaintiff's claims here, which if allowed to proceed without regard to

ECPA, could upset the carefully crafted protections Congress granted to communications in the possession of third parties. [4]

Plaintiff says that "[n]o federal statute, no federal law, and no issue of preemption exists or arises when looking at the issue of Plaintiff's retention of property rights following the pushing of 'send' and prior to the recipient's receipt. Indeed, while Yahoo!'s motion to dismiss focuses exclusively on the law of letters *after* a person has received the mail in their mailbox, Plaintiff asserts the property law of mail, and in this case email, is wholly different while such mail is being delivered." (Reply at 2) (emphasis in original). This is entirely inaccurate and misleading. Specific provisions in ECPA govern exactly this situation, the protection of electronic mail that is in "electronic storage" with a service provider. ECPA defines "electronic storage" as "any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof," which has been interpreted as "messages not yet delivered to the recipient." 18 U.S.C. § 2510(17); *Theofel v. Farey-Jones,* 359 F.3d 1066, 1075 (9th Cir. 2004).

With regard to such materials, 18 U.S.C. § 2701 makes it a federal offense for anyone to "intentionally access[] without authorization a facility through which an electronic communication service is provided; or intentionally exceed[] an authorization to access that facility; and thereby obtain[], alter[], or prevent[] authorized access to a wire or electronic communication." This statute was specifically designed to protect electronic mail in

---

[4] Plaintiff's argument, not Yahoo!'s, would be more damaging to email recipients' Fourth Amendment rights because if the recipients of email do not have their own rights in the email prior to receipt, they would arguably have no standing to object to warrantless seizures of those emails under the Fourth Amendment. *Rakas v. Illinois*, 439 U.S. 128, 138-44 (1978) ("[A] person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed."); *see also United States v. Green*, 275 F.3d 694, 698 (8th Cir. 2001) (citing *Rakas*). No court has ever held that this is the case. In fact, courts have found that recipients have constitutional standing to assert such challenges. See *United States v. Warshak*, 631 F.3d 266, 283-85 (6th Cir. 2010).

**YAHOO!'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND** – Page 6

transmission.  *See* Exhibit A, S. REP. 99-541 at 35.  It creates an important exception, however, that every service provider relies on in searching emails for spyware, malicious code, spam, and in this case, topics for relevant advertising.  That exception states that the law does not apply with respect to conduct authorized "by the person or entity providing a wire or electronic communications service;" or "by a user of that service with respect to a communication of or intended for that user."  18 U.S.C. § 2701(c)(1)-(2).  This is the federal statutory provision that authorizes service providers, like Yahoo!, to access the email when it has not yet been delivered to the recipient, and authorizes recipients of email to convey authority to third-parties.  This is also the specific provision of ECPA that is in direct conflict with Plaintiff's attempt to use Arkansas property law to forbid service providers from accessing email in the process of transmission.  This exception would be entirely meaningless if plaintiffs from any single state could assert property rights in mail to prevent service providers from accessing it.  As email does not have a geographically-specific return address, the consequence of plaintiff's argument would be that no email provider could ever look at any emails sent to its users for any reason, even with recipient authorization, without risking a violation of the state property laws in one or more of the fifty states.  This would entirely disrupt the federal scheme laid out in ECPA, which protects electronic mail from access by third parties but allows access by the email service provider and provides recipients with authority to grant access to others.

## II. Plaintiff Overreaches in Her Readings of Legislative History and Precedent Holding that ECPA Does Not Preempt State Law

Setting aside that ECPA on its face intends to preempt state law either expressly, through field preemption, or through conflict preemption thereby making resort to legislative history unnecessary, Plaintiff argues that Congress did not intend to preempt state law when it passed ECPA in 1986 (or the Wiretap Act in 1968)—but ignores the fact that Congress was referring to

state criminal laws specifically governing interception of communications.  None of those statutes are at issue in this case.  *See* S. REP. 90-1097, at 93 (1968), *reprinted in* 1968 U.S.C.C.A.N. 2112, 2181 (referring to non-preemption of state law regarding use of unlawfully obtained communications); 2183 (referring to state law regarding the sale or possession of devices for interception); and 2196 (does not "preempt *parallel* State law") (true and correct excerpts of the referenced sections are attached as Exhibit B) (emphasis added).  Likewise, the quote cited in Plaintiff's reply came from the Senate's discussion on state wiretapping laws and was prompted in response to a question which asked whether the bill would "have any detrimental impact on State laws that are *designed to enhance communications privacy*", not the general property laws Plaintiff claims are at issue here.  S. HRG. 99-1006 at 38 (a true and correct excerpt of which is attached as Exhibit C) (emphasis added).[5]

Plaintiff's complaint completely ignores Arkansas' own parallel wiretapping law governing the interception of communications, ARK. CODE ANN. § 5-60-120.  Plaintiff's omission is not surprising, because Arkansas is not in conflict with ECPA.  In fact, the Arkansas law appears to avoid addressing electronic communications like email, instead leaving the issue entirely to ECPA.  ARK. CODE ANN. § 5-60-120 ("It is unlawful for a person to intercept a wire, landline, oral, telephonic communication, or wireless communication, and to record or possess a recording of the communication unless the person is a party to the communication or one (1) of

---

[5] Congress's intent to limit the laws not subject to preemption is also evident from statutory language in ECPA specifically allowing states to access information obtained under ECPA, language unnecessary if ECPA did not preempt the field:
> Congress' intent to preempt the field of electronic surveillance as expanded by the ECPA is evident in the statutory language permitting states to access the information that is the subject of the legislation. *See* 18 U.S.C. § 3122(a)(2) (allowing a state 'investigative or law enforcement officer' to make application for a pen register order to a 'court of competent jurisdiction of such State,' '[u]nless prohibited by state law'); 18 U.S.C. §§ 2703(c), 2711(4) (allowing a 'governmental entity' to obtain information from an electronic communication service and defining 'governmental entity' as including 'any State or political subdivision therof.').

*Tracey v. State*, 69 So.3d 992, 998 (Fla. Dist. Ct. App. 2011), *reh'g denied* (Oct. 14, 2011).

**YAHOO!'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND** – Page 8

the parties to the communication has given prior consent to the interception and recording."). No court has held that ECPA must yield to state laws outside the context of parallel state wiretapping statutes. Indeed, in cases like *Leong* on which Plaintiff relies, courts finding no preemption specifically addressed "state wiretapping laws" like ARK. CODE ANN. § 5-60-120 and CAL. PENAL CODE § 630, not general "theft of property" statutes. *See Leong v. Carrier IQ Inc.*, CV 12-01562 GAF MRWx, 2012 WL 1463313 (C.D. Cal. Apr. 27, 2012) (applying § 630, the California Wiretapping Act); *Marquis*, No. 11-2808-BLS1 (applying Massachusetts wiretapping law not property law).

Plaintiff misleadingly quotes *In re Google Inc. St. View Elec. Communs. Litig.*, 794 F. Supp. 2d 1067, 1084 (N.D. Cal. 2011), stating the court found that "ECPA contains no express preemptive statement on the part of Congress." Plaintiff omits that the Court went on to state that "the ECPA was intended to comprehensively regulate the interception of electronic communications such that the scheme leaves no room in which the states may further regulate." *Id.* at 1084-85. That is precisely what Yahoo! has argued here. Similarly, Plaintiff again selectively quotes *Street View*, stating that the Wiretap Act "'provides no additional protection . . . for interceptions that result' in the wrongful interference of personal property rights." (Reply at 5) (citing *Street View*, 794 F. Supp. 2d at 1085). But *Street View* actually addressed only "anticompetitive conduct or harm to the market" as being outside ECPA's reach and the Court observed that these statutes were not an attempt to "regulate the same field as the federal Wiretap Act." 794 F. Supp. 2d at 1085. But as Plaintiff's complaint and reply make clear, the harms alleged in this case—access to the contents of communications while stored on behalf of a user—is the same field as the Wiretap Act. *See* Exhibit A, S. REP. 99-541 at 5 (noting that

ECPA was intended to fill gaps in the law that had resulted "in legal uncertainty" that could "unnecessarily discourage" the development and use of innovative communications systems).

## III. Plaintiff's Initial Damages Claim is Insufficient to Limit the Amount in Controversy

In deciding a motion to remand, the Court is limited only to review the record of the case at the time of removal. *Keene Corp. v. United States*, 508 U.S. 200, 207-208 (1993); *Tuberville v. New Balance Ath. Shoe, Inc.*, 2011 U.S. Dist. LEXIS 45894, *7-8 (W.D. Ark. Apr. 21, 2011). Upon the record as it stood at the moment of removal, however, Plaintiff did not properly or effectively made the type of statement necessary to limit the amount in controversy. Yahoo! acknowledges that plaintiffs have the right and power to draft their pleadings as they will, including limiting possible recovery in an effort to avoid federal jurisdiction of their claims. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 806 n.2, 809 n.6 (1986) (describing master of complaint rule). Here, Plaintiff did not do so in her original complaint and now the time for her to correct has passed. In fact, Plaintiff's Amended Complaint further evidences Plaintiff's knowledge of her shortcomings in the original Complaint and her attempts to rectify them. Specifically, her Amended Complaint disclaims attorneys' fees and supplemental damages "whether requested or not", deletes supplementary relief supporting "a finding of future payments", and limits the prayer for relief to restate her newly claimed limitations. *Compare* (Complaint, ¶¶ 5, 28, & Prayer) *with* (Amended Complaint ¶¶ 7, 38, & Prayer). These efforts highlight how vague her original assertion really was, as far as it can be considered an effort to avoid federal diversity jurisdiction. Vague, incomplete limitations have been continuously rejected by federal courts on this exact issue. *Toller v. Sagamore Ins. Co.*, 558 F. Supp. 2d 924, 930-931 (E.D. Ark. 2008) (damages disclaimers undercut by request for declarative and injunctive relief); *see also Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir.

2006) (disclaimer not binding where plaintiff would not admit or stipulate under oath to a limit on damages, raising inference that claim could be worth more). As such, this Court has proper diversity jurisdiction.

## IV. Yahoo! Was Sued for the First Time in Federal Court and Cannot Be Remanded to State Court

Finally, this Court should not remand claims originally brought in federal court. Even a cursory review of the record reveals that Yahoo! was not added as a party until April 25, 2012, nearly two months after Google removed this case. As such, Plaintiff is attempting to remand her claims against Yahoo! originally made in federal court – when these claims were never made in state court. This, of course, is not allowed. "A case initiated in federal court cannot be remanded to state court." *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 458 (6th Cir. 2002); *Kearns v. KBR Rural Pub. Power Dist.*, 2012 U.S. Dist. LEXIS 81655, *2 (D. Neb. June 13, 2012); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941) (applying precursor to § 1441). The claims against Yahoo! were first brought in this federal forum, and Plaintiff has to try them here or be dismissed. Remand is not an option.

Moreover, when a party takes affirmative action in federal court post-removal, such as by amending the complaint, it acquiesces in the federal court's jurisdiction and waives objection to the removal. *See In re Moore*, 209 U.S. 490, 496 (1908) ("the mere filing of an amended petition was an appeal to that court for trial upon the facts averred by him as they might be controverted by the defendant").

Plaintiff's claims against Yahoo! should remain in this Court regardless of whether her claims against Google are remanded;[6] furthermore, Plaintiff has acquiesced to this Court's jurisdiction by adding Yahoo! as a defendant in her post-removal Amended Complaint. Finally,

---

[6] Yahoo! moves to sever its claims pursuant to FED. R. CIV. P. 21 to the extent it is necessary to have its claims remain in federal court.

Plaintiff never re-asserted her remand motion, which is solely addressed to Google, to include Yahoo!. For these reasons alone, Plaintiff's motion should be denied.

## CONCLUSION

For all these reasons, Yahoo! respectfully requests that this Court exercise its jurisdiction over this case and deny Plaintiff's Motion for Remand.

Respectfully submitted,

/s/ *Jennifer H. Doan*
Jennifer H. Doan
AR Bar No. 96063
Darby V. Doan
AR Bar No. 96064
Stephen W. Creekmore, IV
AR Bar No. 2011156
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: 903.255.1000
Facsimile: 903.255.0800
Email: jdoan@haltomdoan.com
Email: ddoan@haltomdoan.com
Email: screekmore@haltomdoan.com

Marc J. Zwillinger
Jacob (Jake) Sommer
ZwillGen PLLC
1705 N. Street, NW
Washington, DC 20036
Telephone: 202-706-5205
Facsimile: 202-706-5298

**ATTORNEYS FOR DEFENDANT YAHOO! INC.**

## CERTIFICATE OF SERVICE

  I hereby certify that on July 24, 2012, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Western District of Arkansas, using the electronic case files system of the court. All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail today, July 24, 2012.

                /s/ *Jennifer H. Doan*
                Jennifer H. Doan