UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JULIE SHEPPARD, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 4:12-cv-04022-SOH |
| GOOGLE INC. and YAHOO!, INC., | § § § | |
| Defendants. | § § § § | |

# GOOGLE INC.'S RESPONSE TO
# BRIEF OF *AMICUS CURIAE* THE STATE OF ARKANSAS

Defendant Google Inc. ("Google") submits this Response to Brief of *Amicus Curiae* the State of Arkansas ("Amicus Br.") and would show the Court as follows:

## I.   INTRODUCTION

The Arkansas AG, on behalf of the State of Arkansas, filed an *amicus* brief due to his concern over whether a finding of complete preemption in this case would have the effect of invalidating Arkansas state law. Only Plaintiff has made this broad assertion of invalidation – and has done so without a shred of legal authority in support. As correctly noted by the Arkansas AG (Amicus Br. at 5), Google has never taken the position that state laws should be broadly invalidated here; rather, Google argues that Plaintiff pleaded an ECPA claim in this particular case by alleging that her email has been intercepted and used by Google, an electronic communication service provider. Therefore, Google joins that portion of the Arkansas AG's *amicus* brief to the extent it argues against Plaintiff's position that a finding of complete preemption would necessarily have the effect of

invalidating Arkansas state law. However, Google strongly disagrees with the Arkansas AG to the extent he joins Plaintiff in arguing that complete preemption is improper.[1] To the contrary, Congress provided "the exclusive remedies for conduct regulated by ECPA" and, as a result, Plaintiff's claims here are completely preempted. Muskovich v. Crowell, 1995 WL 905403, *1 (S.D. Iowa 1995).

## II.     STANDARD FOR COMPLETE PREEMPTION

The Eighth Circuit finds complete preemption "when it is clear Congress meant for the federal statute to 'provide the <u>exclusive</u> cause of action.'" Thomas v. US Bank Nat'l Ass'n, 575 F.3d 794, 799 (8th Cir. 2009) (emphasis in original). Furthermore, when the statutory text is clear, "we need not consider the parties' varying interpretations of legislative history." Id. at 800 (internal quotes omitted). And here the text is alone dispositive.

Google briefly reiterates the standard for complete preemption because the Arkansas AG relies upon ordinary preemption cases at the outset of his brief. (Amicus Br. at 6-7). As this Court recently wrote, "the distinction between complete preemption and ordinary preemption is important." Rawls v. Union Pac. R.R. Co., 2012 WL 2803764, No. 1:09-CV-01037, at *3 (W.D. Ark. July 10, 2012) (Hickey, J.). Complete preemption exists when the claim is in reality based on federal law, and thus, the "action may be removed to federal court." Id. at *2.

Complete preemption differs from ordinary preemption in that the former requires looking at the federal statute rather than a particular state-law claim. Id. at *4. In Rawls,

---

[1] To the extent there is any argument regarding ordinary or defensive preemption, Google argues that express, field and conflict preemption likewise apply given Plaintiff's particular allegations in this case. See Google's Brief in Support of Motion to Dismiss Plaintiff's First Amended Complaint, pp. 9-12 (Doc. 30).

this Court determined that the exclusive remedies provision of the statute at issue, the ICCTA, provided for complete preemption of state <u>economic</u> regulation.  <u>Id.</u> at *4-5 (noting "The exclusive-remedies provision is the relevant part . . . for determining the scope of the ICCTA's preemption of state law.") (quoting <u>Elam v. K.C.S. Ry. Co.</u>, 635 F.3d 796, 805 (5th Cir. 2011)).  After analyzing the plaintiffs' <u>safety</u> regulation claims, this Court determined there was no complete preemption in that case because the claims were not economic regulation within the scope of ICCTA's exclusive remedies provision.  <u>Id.</u> at *7.  As discussed below, here, Plaintiff's claims are squarely within ECPA's exclusive remedies provision and are thus completely preempted.

### III.  PLAINTIFF'S CLAIMS ARE COMPLETELY PREEMPTED

Plaintiff's entire theory of liability is based upon allegations that there has been interception and use of her email communications.[2]  Such claims are entirely grounded on conduct regulated by ECPA, and therefore, are completely preempted and properly before this Court.  ECPA provides an exclusive remedy provision for the interception of electronic communications:

> The remedies and sanctions described in this chapter with respect to the interception of electronic communications are the only judicial remedies and sanctions for nonconstitutional violations of this chapter involving such communications.

18 U.S.C. §2518(10)(c).[3]  Under Eighth Circuit law, Plaintiff's artfully pled state law

---

[2] For example, Plaintiff's Complaint claims there is an interception when "[p]rior to the Gmail users ever receiving Plaintiff's email, Google takes data from Plaintiff's email, some of which Google identifies as 'keywords.'" (Compl. at ¶10) (emphasis added).  Plaintiff also alleges there is use of Plaintiff's email, stating "[p]rior to the Gmail user ever receiving Plaintiff's email, Google uses Plaintiff's data in connection with various activities, one of which includes using Plaintiff's data to generate advertisements for subsequent display to the Gmail users when the Gmail user opens the email." (Id. at ¶11) (emphasis added).

[3] Nearly identical language is found in SCA, which likewise provides that the "remedies and sanctions described in this chapter are the only judicial remedies and sanctions for nonconstitutional violations of this chapter." 18 U.S.C. §2708.

claims relating to the interception and use of electronic communications are completely preempted. See Thomas, 575 F.3d at 799-800; Rawls, 2012 WL 2803764, at *4-5. As the Arkansas AG points out, Google relies primarily on Muskovich, a decision from a district court within the Eighth Circuit. Unlike the cases cited by Plaintiff, Muskovich is a complete preemption case that correctly relies upon the clear text of ECPA. Muskovich, 1995 WL 905403, at *1-2 (finding complete preemption under an ECPA exclusive remedies provision).

Rather than focusing on the clear text of ECPA, the Arkansas AG relies on cases examining the provision's legislative history. The Arkansas AG joins Plaintiff in pointing to various cases that ignore the plain text of ECPA, and instead, completely rely upon a faulty reading of legislative history. (Amicus Br. at 7-8).[4] The Arkansas AG also relies on inapposite ordinary preemption cases in relation to certain state wiretapping laws. (Amicus Br. at 8-9).[5] But Google submits, and the Eighth Circuit instructs that, as here, when the statutory text is clear, there is no need to delve into legislative history. Thomas, 575 F.3d at 800.[6]

The Arkansas AG also argues that the so-called "unless clause" under ECPA's consent exception expressly recognizes the validity of state laws and, therefore, indicates there is no complete preemption. (Amicus Br. at 10-11). This proposition is wholly

---

[4] Google previously distinguished these cases and addressed this incorrect interpretation of ECPA's legislative history. (See Google's Resp. at 5-6; Google's Sur-Reply at 3-4).

[5] Plaintiff recently filed a Notice of Decision relating to Marquis v. Google, Inc., No. 11-2808-BLSI (Mass. Super. Ct. Jan. 17, 2012). Marquis is a Commonwealth of Massachusetts state court decision regarding ordinary preemption relating to a state wiretapping law. Marquis held: "The ECPA does not contain language expressly, or by implication, preempting state law." Id. at 6. To the contrary, there is express preemption language under 18 U.S.C. §2518(10)(c).

[6] The Arkansas AG also joins Plaintiff in citing to several cases in which a plaintiff raised both ECPA claims and state-law claims, and the courts either considered the merits or dismissed the state-law claims. (AG Amicus Br. at 9-10). None of the authorities cited even mention preemption, nor do they indicate that the courts were ever asked to consider the issue. Thus, they are irrelevant here.

without merit and the two cases cited in support, In re Street View and In re NSA Telecomm. Records Litig., do not discuss or even mention ECPA's consent exception. Moreover, as the Arkansas AG repeatedly points out in his own briefing, the validity of state laws and a finding of complete preemption are not mutually exclusive concepts. (Amicus Br. at 13). In any event, Plaintiff's claims do not come within the unless clause. ECPA provides that it is not unlawful to intercept an electronic communication when a person is a party to the communication or has been given prior consent for the interception, "unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State." 18 U.S.C. §2511(2)(d). Courts construe the unless clause narrowly. Under the unless clause, "the focus is not upon whether the interception itself violated another law; it is upon whether the purpose for interception – its intended use – was criminal or tortious. . ." Sussman v. ABC, 186 F.3d 1200, 1202 (9th Cir. 1999). Here, Plaintiff has not alleged any tortious or criminal purpose. See, e.g., In re DoubleClick Inc., 154 F. Supp. 2d 497, 515, 518 (S.D.N.Y. 2001) (dismissing complaint; finding that a "highly-publicized market-financed business model in pursuit of commercial gain" is not a tortious purpose under § 2511(2)(d)).

Finally, the Arkansas AG argues Burford abstention militates against a finding of complete preemption and the invalidation of Arkansas law. The cases cited, Burford v. Sun Oil Co. and Louisiana Power & Light, provide no support for that proposition. As explained by the Eighth Circuit, Burford abstention only applies "when a state has established a complex regulatory scheme supervised by state courts and serving important state interests, and when resolution of the case demands specialized knowledge and the

application of complicated state laws." Casey v. Federal Deposit Ins. Corp., 583 F.3d 586, 592 (8th Cir. 2009) (affirming denial of remand and confirming Burford abstention improper). Here, there is no complex state regulatory scheme at issue and the law to be applied is federal, thus, Burford abstention does not apply. Id. Moreover, Burford abstention "is appropriate only with respect to equitable claims." Id. Here, Plaintiff's Complaint prays for monetary relief only. (Compl. at ¶28). Therefore, Plaintiff's claims are completely preempted and Burford has no application.

### IV. CONCLUSION

Given the Arkansas AG's concern regarding the invalidity of state law, Google argues only that Plaintiff pleaded an ECPA claim here by alleging that her email has been intercepted and used by Google. Such a claim comes squarely within ECPA and is completely preempted because the remedies and sanctions in ECPA "with respect to the interception of electronic communications are the only judicial remedies and sanctions for nonconstitutional violations of this chapter involving such communications." 18 U.S.C. §2518(10)(c) (emphasis added). Therefore, for the foregoing reasons and all those identified in Google's prior briefing, the Court should deny Plaintiff's Motion for Remand, find Plaintiff's claims completely preempted and exercise federal jurisdiction over this case.

Respectfully submitted,

/s/ Charles L. Babcock
Charles L. "Chip" Babcock, Lead Attorney
Texas State Bar No. 01479500
David T. Moran
Texas State Bar No. 14419400
Carl C. Butzer
Texas State Bar No. 03545900
Shannon Zmud Teicher
Texas State Bar No. 24047169
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas  75202
(214) 953-6000
(214) 953-5822 - Fax
Email: cbabcock@jw.com

George L. McWilliams
Arkansas State Bar No. 68078
Law Office of George L. McWilliams, P.C.
406 Walnut St.
Texarkana, Arkansas 71854
(870) 772-2055
(870) 772-0513 – Fax
Email: glmlawoffice@gmail.com

ATTORNEYS FOR DEFENDANT
GOOGLE INC.

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2012, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Western District of Arkansas, using the electronic case files system of the court.  The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means.  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail today, July 26, 2012.

/s/ Charles L. Babcock
Charles L. Babcock
