IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JULIE SHEPPARD                                                              PLAINTIFF

VS.                           CASE NO. 4:12-CV-04022

GOOGLE, INC.                                                               DEFENDANT

## ORDER

Before the Court is Plaintiff's Motion to Remand. (ECF No. 17). Google has responded (ECF No. 21), Plaintiff has replied (ECF Nos. 23 & 45), and Google has sur-replied. (ECF No. 32). The Court has also considered the *amicus* brief filed by the State of Arkansas. (ECF No. 43). The matter is ripe for the Court's consideration. For the following reasons, the motion will be granted.[1]

## BACKGROUND

Plaintiff filed this suit in Little River County Circuit Court on February 1, 2012. Her case concerns Google's free email service, Gmail. Plaintiff is not a gmail user, but she alleges that when she emails someone who *is* a Gmail user, Google "takes data from" her email and uses it to target ads to the email recipient based on the content of her email. (ECF No. 3, at 2). This, she argues, violates her property interest in her email content. She further contends that Google's practice is not excused by any consent from the intended recipient because, until the intended

---

[1] At Plaintiff's request, her claims against Yahoo! have been dismissed. (ECF No. 62). Even if they had not been dismissed, Plaintiff's claims against Yahoo! would be irrelevant to removal jurisdiction, because jurisdiction is measured at the time of removal. *See Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 789 (8th Cir. 2012) (internal quotations omitted) (jurisdiction is measured at the time of removal). Therefore, although the Court has considered Yahoo!'s responses to Plaintiff's remand motion (ECF Nos. 40 & 50), Plaintiff's claims against Yahoo! are not determinative of whether removal jurisdiction exists.

recipient receives the email, the recipient lacks authority to consent to Google taking the email's content.

Plaintiff sued for a declaratory judgment proclaiming the content of her emails to be her property, at least until the email is opened by the recipient. She asks for further relief conditioned on that proclamation, specifically for "the Court to order Google to show cause why further relief should not be granted forthwith, to include a demonstration by Google as to why future acts adverse to Plaintiff's property interests would not amount to" conversion, theft, and other violations of Arkansas computer laws. (ECF No. 3, at 5). Regardless of what relief she seeks, Plaintiff "expressly limits the value of her declaratory relief and any supplemental relief thereafter sought to less than $75,000." (ECF No. 3, at 2).

Google removed the case to this Court on March 9, 2012. Google makes three arguments for federal-court jurisdiction over this otherwise state-court case: 1) Plaintiff's claims implicate the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511 *et seq.* (2006), and are therefore completely preempted; 2) Plaintiff's claims implicate the ECPA and therefore raise substantial federal-law questions; and 3) Plaintiff's claims are worth more than $75,000 and she is diverse from Google and therefore the Court has diversity jurisdiction.

Plaintiff now moves the Court to remand this case to Little River County Circuit Court because none of Google's jurisdiction arguments are availing.

## DISCUSSION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A party must successfully allege specific criteria before a federal court may retain jurisdiction over a case. *See generally* 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3522 (2d ed. 1984 & Supp.

2008). A defendant may remove a case from state court to federal court only if the defendant shows that the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a).

Original federal-court jurisdiction exists when the case involves a federal question or when the parties are diverse and a certain amount is at stake in the case. 28 U.S.C. §§ 1331; 1332. The party removing a case to federal court bears the burden of proving that federal jurisdiction exists. *Carson v. Dunham*, 121 U.S. 421, 426 (1887); *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). Federal jurisdiction is determined by plaintiff's pleadings at the time of removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *Colorado Life Co. v. Steele*, 95 F.2d 535, 537 (8th Cir. 1938); *Wang v. Pacific Cycle, Inc.*, 530 F. Supp. 2d 1048, 1050 (S.D. Iowa 2008). Once a case is removed to federal court, a plaintiff may move to remand the case to state court if there is a defect in the removal process or if the federal court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c). The court's removal jurisdiction is strictly construed, and all doubts are resolved in favor of remand. *Dahl v. R.J. Reynolds Tobacco Co.,* 478 F.3d 965, 968 (8th Cir. 2007).

Google argues that the Court has federal-question jurisdiction over this case because Plaintiff's claims are completely preempted and because the claims present a substantial question of federal law. Google also argues that the Court has diversity jurisdiction over this case because the parties are diverse and Plaintiff's promise not to seek more than the jurisdictional minimum is unavailing. The Court will address each of Google's arguments in turn.

### I.   Federal-question jurisdiction

Google's primary argument is that the Court has federal-question jurisdiction over this case. Google argues that Plaintiff's suit is essentially federal because the suit implicates the ECPA, a federal statute. That implication, Google argues, gives rise to complete preemption and to a substantial federal question, both of which create federal-question jurisdiction.

### a.     The ECPA

Congress passed the Electronic Communications Privacy Act in 1986 to protect the privacy of electronic communications. Electronic Communications Privacy Act of 1986, Pub. L. No. 99–508, § 1, 100 Stat. 1848 (1986); *Quon v. Arch Wireless Operating Co.*, 309 F. Supp. 2d 1204, 1207 (C.D. Cal. 2004). Title I of the ECPA amended the Wiretap Act and Title II created the Stored Communications Act ("SCA").[2] *United States v. Steiger*, 318 F.3d 1039, 1046–47 (11th Cir. 2003). The ECPA is a criminal statute that allows civil enforcement. 18 U.S.C. § 2520(a) (Wiretap Act); 18 U.S.C. § 2707(a) (Stored Communications Act).

The elements one must prove to establish a violation of Title I of the ECPA show why Plaintiff's complaint seems to implicate the ECPA. Proving a violation of Title I requires showing that a defendant: "(1) intentionally (2) intercepted, endeavored to intercept or procured another person to intercept or endeavor to intercept (3) the contents of (4) an electronic communication (5) using a device." *In re Pharmatrak, Inc.*, 329 F.3d 9, 18 (1st Cir. 2003).

Google argues that Plaintiff's claims are so similar to a claim under the ECPA that the Act is implicated by Plaintiff's complaint even if Plaintiff claims that it is not. The Court agrees. However, that implication does not alone answer the question whether federal-question jurisdiction exists in this case. Neither complete preemption nor a substantial federal question is at issue in this case, and therefore federal-question jurisdiction does not exist.

### b.     Complete preemption

Complete preemption provides federal-question jurisdiction even where a complaint, such as Plaintiff's, does not state an explicit federal claim. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). An examination of the doctrine and how it applies to the ECPA reveals that complete preemption does not apply in this case.

---

[2] Google does not seem to argue that Plaintiff's claims fit Title II.

### 1. Complete-preemption background

Complete preemption exists where "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim…." *Id.* (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). Such preemptive force "wholly displaces the state-law cause of action.…" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quoting *Anderson*, 539 U.S. at 8). A state-law action falling under a completely preemptive federal statute "is in reality based on federal law." *Id.* Being based on federal law, the state-law action may be removed to federal court.

Ordinary preemption—including express preemption, implied field preemption, and implied conflict preemption[3]—however, does not create federal jurisdiction. *Caterpillar Inc.*, 482 U.S. at 393. Ordinary preemption is usually "merely a defense to a plaintiff's state-law claim…." *Chapman v. Lab One*, 390 F.3d 620, 625 (8th Cir. 2004). Defenses, even if federal in nature, do not provide federal jurisdiction. *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28 (1974). "Thus, it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* (emphasis original).

"Complete preemption, as opposed to ordinary or conflict preemption, is rare.…" *Thomas v. U.S. Bank Nat'l Ass'n ND*, 575 F.3d 794, 797 (8th Cir. 2009). Courts are reluctant to find it. *Bates*, 548 F.3d at 636 (quoting *Gaming Corp. of America. v. Dorsey & Whitney*, 88 F.3d 536,

---

[3] The subparts of ordinary preemption have, thus far, dodged firm categorization. *Compare Soo Line R.R. Co. v. City of Minneapolis*, 38 F. Supp. 2d 1096, 1098 (D. Minn. 1998) ("The three categories of preemption are well-settled….") *with Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372 n.6 (2000) ("We recognize, of course, that the categories of preemption are not 'rigidly distinct.'"); *see also Kinley Corp. v. Iowa Util. Bd.*, 999 F.2d 354, 358 n.3 (8th Cir. 1993) ("Preemption traditionally comes in four 'flavors'…."); Richard A. Epstein, *The Case for Field Preemption of State Laws in Drug Cases*, 103 Nw. U. L. Rev. 463, 464 (2009) (noting two broad categories of preemption: express and implied, with implied composing actual-conflict, frustration-conflict, and field preemption).

543 (8th Cir. 1996)). Complete preemption is more difficult to prove than ordinary preemption. *Pace v. CSX Transp., Inc.*, 613 F.3d 1066, 1070 n.1 (11th Cir. 2010) ("Complete preemption, as a narrow exception to the well-pleaded complaint rule, carries a higher burden than proving a defense based on preemption."); *see also Fayard v. N.E. Vehicle Servs., LLC*, 533 F.3d 42, 49 (1st Cir. 2008); *Lontz v. Tharp*, 413 F.3d 435, 441 (4th Cir. 2005).

"[T]he intent of Congress is what controls" the existence of preemption. *Gaming Corp. of Am. v. Dorsey & Whitney*, 88 F.3d 536, 547 (8th Cir. 1996) (citing *Pilot Life Ins. Co. v. Dedeaux*, 484 U.S. 41, 45 (1987)). "Complete preemption analysis thus depends on the existence of palpable evidence that Congress intended to displace completely a particular category of state-law causes of action, as manifested by the federal statute's language, overall structure, and legislative history." *Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik*, 510 F.3d 77, 99 (1st Cir. 2007).

### 2. Google's arguments

Google argues that the ECPA's express-preemption provision is the source from which to glean Congress's preemptive intent for the statute.[4] That provision states that "[t]he remedies and sanctions described in this chapter with respect to the interception of electronic communications are the only judicial remedies and sanctions for nonconstitutional violations of this chapter involving such communications." 18 U.S.C. § 2518(10)(c). The SCA has a similar provision: "The remedies and sanctions described in this chapter are the only judicial remedies and sanctions for nonconstitutional violations of this chapter." 18 U.S.C. § 2708. Google argues that

---

[4] Google at times seems to conflate express preemption and complete preemption. Google refers, for example, to its "argument that ECPA expressly preempts state law claims." (ECF No. 21, at 7 n.6). Express preemption, however, is a form of ordinary preemption, which cannot alone create federal jurisdiction. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *see supra*, note 4.

6

those provisions amount to an "exclusive remedy" statement intended to completely preempt state law.

The preemptive nature of the ECPA and SCA is slippery territory. *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 874 (9th Cir. 2002). The statutes' kinship in origin and in language, however, makes cases discussing either provision useful in determining whether one or the other is completely preemptive.

The only cases discussing the relationship between complete preemption and the ECPA have failed to find complete preemption.[5] *Lane v. CBS Broadcasting, Inc.*, 612 F. Supp. 2d 623, 636 (E.D. Penn. 2009)[6]; *In re Nat'l Sec. Agency Telecomm. Records Litig.*, 483 F. Supp. 2d 934, 939 (N.D. Cal. 2007); *Shively v. Carrier IQ, Inc.*, No. C-12-0290 EMC, 2012 WL 3026553, at *2–10 (N.D. Cal. July 24, 2012)[7]; *Leong v. Carrier IQ, Inc.*, No. CV 12-01562 GAF(MRWx), 2012 WL 1463313, at *3 (C.D. Cal. Apr. 27, 2012).

These cases find complete preemption lacking in ECPA cases for two main reasons. The first is that the much-touted exclusive-remedy provisions were intended, not to take jurisdiction over *civil* communications cases away from the states, but rather to make clear that in *criminal* cases—recall that the ECPA is a criminal statute—evidence suppression is not a remedy for an

---

[5] Google strenuously urges the Court to follow the only case in this circuit it can find that allegedly discusses this issue: *Muskovich v. Crowell*, No. 3-95-CV-80007, 1995 WL 905403 (S.D. Iowa Mar. 21, 1995). *Muskovich* clearly found the plaintiff's claims preempted and thus hearable in federal court. *Id.* at *2. Whether the court in *Muskovich* found *complete* preemption is another question, and a much murkier one. *Muskovich* uses the term "complete preemption" only once, in referring to the "case law explaining the doctrine." *Id.* at *1. Proceeding to discuss that case law, however, the court discusses only ordinary express preemption—an entirely different jurisdictional creature from complete preemption. *Id.*

Given *Muskovich's* stated reliance on express preemption and its singular and vague reference to complete preemption, the Court finds that the better reading of *Muskovich* is that it mistakenly relied on ordinary preemption to find federal jurisdiction, in contravention of Supreme Court guidance. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

[6] *Lane* falsely conflates field preemption–which is a form of ordinary preemption–with complete preemption, which gives federal jurisdiction. *Lane*, 612 F. Supp. 2d at 636.

[7] *Shively* too appears to have confused complete preemption with ordinary preemption. The court discusses "express complete preemption" and "implied complete preemption," but complete preemption is not divided thus. It is, in a sense, always implied; if it were express, it would merely be providing a plainly federal cause of action on the face of the statute. *Shively*, 2012 WL 3026553, at *2; *5.

7

ECPA violation without an underlying Fourth Amendment violation. *See, e.g.*, *In re Nat'l Sec. Agency*, 483 F. Supp. 2d at 639 (noting that both § 2708 and § 2518(10)(c) were passed "for a limited purpose"). In short, unless there is a constitutional violation behind a violation of the ECPA, suppression is not a valid remedy. That narrow meaning does not indicate sufficient congressional intent for complete preemption, especially in civil communications cases such as this one.

The other reason is that the broader chapter of the ECPA containing the exclusive-remedy provisions, chapter 119, plainly welcomes state regulation in the same field, so long as the state regulation is "at least as restrictive" as the federal regulation. *Lane*, 612 F. Supp. 2d at 636 (citing S. Rep. No. 99-541, at 35 (1986), *reprinted in* 1986 U.S.C.C.A.N. 3555, 3589). Congress plainly left the door open to states that want to regulate electronic communications, and that means Congress cannot have intended the federal cause of action to be exclusive. *See Moriconi v. AT&T Wireless PCS, LLC*, 280 F. Supp. 2d 867, 872–73 (E.D. Ark. 2003) (asking whether Congress intended a federal cause of action to be exclusive).

The Court follows the above cases in finding that the ECPA does not completely preempt Plaintiff's state-law communications claims.

    c.    **Substantial issue of federal law**

Though Google trains the bulk of its federal-jurisdiction arguments on complete preemption, it also argues that Plaintiff's complaint implicates substantial federal-law issues, which is another basis for federal-question jurisdiction.

Indeed, the language in which a plaintiff dresses her claims "is not dispositive of whether federal question jurisdiction exists." *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (quoting *Peters v. Union Pac. R.R. Co.*, 80

F.3d 257, 260 (8th Cir. 1996)). The Court must look through Plaintiff's claims to the substance beneath, asking whether the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005).

There is a "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1987). "[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantage thought to be inherent in a federal forum." *Grable*, 545 U.S. at 313. "The [Supreme] Court's teachings instruct lower courts to apply the substantial federal question doctrine with caution." *Moriconi v. AT&T Wireless PCS, LLC*, 280 F. Supp. 2d 867, 877 (E.D. Ark. 2003).

Here, "[n]o reference to federal law is required to determine the state law questions presented by Plaintiff[]." *Id.* at 878. Plaintiff asks for a declaration that her emails are her property, and that, before the recipient reads the emails, they belong only to her and not to Google. (ECF No. 3, at 4). She asks the Court to apply only state law definitions and legislative intent in making that declaration. Her conditional relief too seeks to impose on Google consequences based only on state law, e.g., conversion and computer trespass. The law she uses might look like ECPA law on occasion, but her case does not need ECPA law in order to be successful. Broadly resembling an ECPA claim is not the same as "arising under" the ECPA.

Moreover, determining that there are substantial federal issues in this case would upset the state–federal balance expressly encouraged by the ECPA. Arkansas is free to regulate electronic communications if it does so at least as strictly as federal law does. Google has not

argued that Arkansas offers less protection for its electronically communicating citizens than the ECPA offers those citizens.

The Court therefore does not find in this case a substantial issue of federal law.

## II. Diversity jurisdiction

Google last relies on diversity jurisdiction to keep this case in federal court. Federal courts may properly hear cases arising between citizens of different states in which more than $75,000 is at stake. 28 U.S.C. § 1332(a)(1). There is no dispute that for citizenship purposes Google resides in Delaware and California, and Plaintiff resides in Arkansas. The only issue, then, is whether more than $75,000 is in controversy.

Google, as the party invoking federal jurisdiction, must show by a preponderance of the evidence that Plaintiff's claims exceed the minimum federal amount in controversy. 28 U.S.C. § 1446(c)(2); *see also James Neff Kramper Family Farm Partnership v. IPB, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005). If Google meets its burden, then Plaintiff "can defeat jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 282, 289 (1938)). The legal-certainty standard is not met if even a possibility exists of recovering more than the statutory minimum. *Back Doctors Ltd. v. Metropolitan Property & Casualty Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011). The Court need not decide whether Google has met its preponderance burden because it appears to a legal certainty that Plaintiff's claim is for less than $75,000.

Removal is defeated by adding to the complaint a binding stipulation promising not to seek greater damages than the jurisdictional minimum. *Bell v. Hershey Co.*, 557 F.3d 953, 958 (8th Cir. 2009). In her complaint, "Plaintiff expressly limits the value of her declaratory relief

and any supplemental relief thereafter sought to less than $75,000." (ECF No. 3, at 2). Google finds that limitation insufficient because it does not specifically mention punitive damages and attorney's fees.

Plaintiff's amount-in-controversy limitation is comprehensive. She plainly limited the value of her declaratory relief and any relief conditioned on that declaration. That broad declaration binds Plaintiff to an amount below $75,000, and no jurisdictional tricks are available to avoid it. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) ("If [plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."); *Rolwing v. Nestle Holdings, Inc.*, 666 F.3d 1069, 1072 (8th Cir. 2012) (finding plaintiff's stipulations binding by judicial estoppel). The Court thus finds that Plaintiff has shown to a legal certainty that less than $75,000 is in controversy in this case.

## CONCLUSION

For the above reasons, the Court lacks federal-question and diversity jurisdiction over this case. Accordingly, Plaintiff's Motion to Remand (ECF No. 17) should be and hereby is **GRANTED**. This case is hereby remanded to Little River County Circuit Court for further proceedings.

IT IS SO ORDERED, this 6th day of December, 2012.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge